**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY KLAYMAN,**<br>a Natural Person and<br>Resident of Florida, on<br>behalf of himself and all<br>U.S. police officers, Jews,<br>and Caucasians,<br>Plaintiffs,<br><br>v.<br><br>**BARACK HUSSEIN OBAMA,**<br>Acting as President of the United<br>States of America<br>1600 Pennsylvania Avenue<br>Washington, D.C. 20500<br><br>and<br><br>**HONORABLE MINISTER FARRAKHAN, et al**<br>A Natural Person, and Minister and Leader of<br>Nation of Islam<br>7351 South Stoney Island Avenue<br>Chicago, Illinois 60649 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>3-16-CV-02010-L |

**THE HONORABLE MINISTER FARRAKHAN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)(2)(3)(4)(5) and 12(h)(3)**

---

COMES NOW, the Honorable Minister Louis Farrakhan (Minister Farrakhan), a named Defendant in this cause, by and through his attorneys, and files this Motion to Dismiss for:

1. Lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure because the plaintiff does not have standing;

2. Lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because there are no grounds for exercising personal jurisdiction over Minister Farrakhan;

3. Insufficient service of process pursuant to Rule 12(b)(4)&(5) of the Federal Rules of Civil Procedure as Minister Farrakhan has not been properly served; and

4. Improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because there is no basis for venue in this District over Minister Farrakhan.

A Brief in Support of Minister Farrakhan's Motion to Dismiss and a form of Order accompany this Motion.

WHEREFORE, Minister Farrakhan respectfully requests that this Court enter an ORDER DISMISSING plaintiff's complaint against him Pursuant to Federal Rule of Civil Procedure 12(b)(1)(2)(3)(4)(5) and 12(h)(3).

Respectfully submitted,

By:/s/ *Abdul Arif Muhammad*
Abdul Arif Muhammad, Esq.
Pennsylvania Bar No. 47898
(Pro Hac Vice Application to be filed)
7351 South Stony Island Avenue
Chicago, Illinois 60649
(215) 313-0738 Phone
arifmuhammadgc@aol.com

By:/s/ *Michael K. Muhammad*
Michael K. Muhammad
Muhammad Law Firm
State Bar No. 00787157
325 North Saint Paul Street
Suite 2475
Dallas, Texas 75201
(214) 432-6285 Phone
Michael@muhammadlawfirm.com

**ATTORNEYS FOR THE HONORABLE MINISTER FARRAKHAN**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**LARRY KLAYMAN,**
a Natural Person and
Resident of Florida, on
behalf of himself and all
U.S. police officers, Jews,
and Caucasians,
Plaintiffs,

v.

**BARACK HUSSEIN OBAMA,**
Acting as President of the United
States of America
1600 Pennsylvania Avenue
Washington, D.C. 20500

and

**HONORABLE MINISTER FARRAKHAN,**
A Natural Person, and Minister and Leader of
Nation of Islam
7351 South Stoney Island Avenue
Chicago, Illinois 60649

and

**ERIC HOLDER,**
A Natural Person, and former Attorney General
of the United States of America
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956

and

**REVEREND ALL SHARPTON,**
a Natural Person, and founder and
President of the National Action Network
106 W. 145th Street
Harlem, New York 10039

and

CIVIL ACTION NO.
3-16-CV-02010-L

| | |
|---|---|
| **RASHAD TURNER,** | § |
| a Natural Person, and leader | § |
| of the Black Lives Matter movement | § |
| | § |
| and | § |
| | § |
| **OPAL TOMETI,** | § |
| a Natural Person, and co-founder and | § |
| leader of the Black Lives Matter movement | § |
| and #BlackLivesMatter network | § |
| | § |
| and | § |
| | § |
| **PATRISSE CULLORS,** | § |
| a Natural Person, and co-founder and leader | § |
| of the Black Lives Matter movement and | § |
| #BlackLivesMatter network | § |
| | § |
| and | § |
| | § |
| **ALICIA GARZA,** | § |
| a Natural Person, and co-founder and leader | § |
| of the Black Lives Matter movement and | § |
| #BlackLivesMatter network | § |
| | § |
| and | § |
| | § |
| **DERAY MCKESSON,** | § |
| a Natural Person, and leader of the Black | § |
| Lives Matter movement | § |
| | § |
| Defendants. | § |

**THE HONORABLE MINISTER LOUIS FARRAKHAN'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)(2)(3)(4)(5) and 12(h)(3)**

**TABLE OF CONTENTS**

Introduction/Summary of Argument …..………………….…………………………………....1

Procedural and Factual Background………………………………………………………1

Argument and Authorities………………………………………………………………....2

I. THE COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS STANDING……………….……..............2

A. Standard of Review………...………………………………………………………..2

B. Argument….…………………………………………………………………………...4

1. Plaintiff Suffered No Injury…….………………………………….…...............5

2. There Was No Causation……..…………………………..…………..…....6

3. There is No Issue for the Court to Redress………………………………..7

II. THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISIDICTION …………………………………………………………….…………...7

A. Standard of Review………………………………………………………………..7

B. Argument…………...………………………………………………………………..9

1. There is No General Personal Jurisdiction Over Minister Farrakhan …...11

2. Minister Farrakhan Is Not Subject to Specific Personal Jurisdiction Because He Has Not Purposefully Conducted Activities in Texas that Would Give Rise to Jurisdiction ……………………..…………………13

3. The Complaint Must Be Dismissed Because Exercising Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice...15

III. THE COMPLAINT MUST BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS…………………………………………………………………………16

A. Standard or Review and Applicable Rules…………………………………………16

B. Argument…………………………………………………………………………18

1. The Texas Rule…………………………………………………………..…18

2. The Michigan Rule……………………………………………………………19

3. The Illinois Rule………………………………………………………………19

4. The Federal Rule………………………………………………………………19

IV. THE COMPLAINT MUST BE DISMISSED FOR IMPROPER VENUE……………..........20

A. Standard of Review………………………………………………………………...20

B. Argument………………………………………………………………………...…...20

Oral Argument………………………………………………………………………………...22

Prayer for Relief………………………………………………………………………………….22

Certificate of Service…………………………………………………………………………..23

Proposed Order (attached following Certificate of Service)

Appendix (attached in separate self-contained submission)

# TABLE OF AUTHORITIES

**United States Constitution**

U.S. Cont., Art. III .......... 3, 6

U.S. Const. amend 1 .......... 10

U.S. Const. amend 5 .......... 1

U.S. Const. amend. 14 .......... 7, 8

**Cases**

*Allen v. Wright*, 468 U.S. 737, 750 (1984). .......... 3

*Alpine View Co. Ltd. V. Atlas Copco AB*, 205 F.3d 208 (5th Cir. 2000) .......... 13

*Ambraco, Inc. v. Bossclip B.V.*, 570 F3d. 233, 238 (5th Cir. 2009) .......... 20

*Arbaugh v. Y &H Corp.*, 546 U.S. 500, 506 (2006).......... 3

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc*., 223 F.3d 1082, 1087 (9th Cir. 2000).......... 8

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) .......... 3

*Bixby v. KBR, Inc., No. 3:09-CV-632-PK, 2011 U.S. Dist. LEXIS 79156, 2011 WL 2971848, at *5 (D. Or. June 16, 2011*) .......... 8, 10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).......... 13

*Craft v. Governor of Texas*, 562 F3d 735, 745 (5th Cir. 2009). .......... 4

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). .......... 4

*George v. U.S. Dept. of Labor*, 788 F2d 1115 (5th Cir. 1986) .......... 16

*Glenn v. BP P.L.C. (In re BP P.L.C. Secs. Litig.), 2012 U.S. Dist. LEXIS 92854 (S.D. Tex. July 5, 2012)*.......... 8

*Hanson v. Denckla*, 357 U.S. 235 (1958) .......... 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) .......... 7, 8, 12, 13

*International Shoe Company v. Washington*, 326 U.S. 310 (1945).......... 15

*International Truck and Engine Corp. v. Quintana*,
259 F. Supp. 2d 553, 558 (N.D. Tex. 2003). .................................................................. 20

*Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) .................................... 9

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).................................................... 3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)…………………………………..4, 5

*Mink v. AAAA Dev. LLC*, 190 F. 3rd 333, 336-337 (5th Cir. 1999)............................................... 12

*Mullins v. TestAmerica Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) ................................................... 8

*Northrup King Co. v. Compania Productora Semilla Algodoneras Saletas, S.A.*,
51 F3d 1383 (8th Cir. 1995)………………………………………………………..16

*Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012)......... 8

*Ramming v. United States*, 281 F3d 158, 161 (5th Cir. 2001) .................................................... 4, 5

*Ruhlen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674............................................ 3

*Saudi v. S/T Marine Atl., 159 F. Supp. 2d 469 (S.D. Tex. 2000)* .................................................. 9

*Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)......................................................... 9

*Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)* ..................... 8, 10

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 (1976)........................................................... 6

*Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998).................................................. 3

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). .......................................................... 5

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2nd Cir. ..................... 5

*Walden v. Fiore*, ___ U.S. ___, 134 S. Ct. 1115 (2014)............................................................. 14

*Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) ................................................................. 9, 13

*Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)* ................................................ 8

**Statutes**

42 U.S.C. § 1983 .......... 1

42 U.S.C. § 1985 .......... 1

18 U.S.C. § 2334 .......... 21

28 U.S.C. § 1391(b) .......... 20

Tex. Civ. Prac. & Rem. Code Ann. § 17.042 .......... 9

Florida Statute 874.06 .......... 2

**Rules**

Fed. R. Civ. P. 4(e) .......... 16

Fed. R. Civ. P. 12(b)(1)-(5) .......... 2, 21

Fed. R. Civ. P. 12(b)(1) .......... 2, 3

Fed. R. Civ. P. 12(b)(2) .......... 11

Fed. R. Civ. P. 12(b)(3) .......... 20

Fed. R. Civ. P. 12(b)(4)(5) .......... 16

Fed. R. Civ. P. 12(h)(3) .......... 2, 3, 21

Tex. R. Civ. P. 106 .......... 17

Mich. R. Civ P. 2.105 .......... 17

Rule 735 ILCS 5/2-203 of the Illinois Rules of Civil Procedure .......... 18

Local Rule 7.1(g) .......... 22

**INTRODUCTION/SUMMARY OF ARGUMENT**

The Court lacks subject matter jurisdiction over this action because the Plaintiff does not have standing to bring this lawsuit. Moreover, this court does not have personal jurisdiction over Minister Farrakhan, a non-resident defendant, who does not have continuous and systematic general business contacts with the State of Texas for purposes of general or specific personal jurisdiction. Furthermore, Minister Farrakhan did not direct any actions towards the State of Texas or persons in Texas related to the allegations in Plaintiff's complaint. Therefore, the Court lacks personal jurisdiction. Venue is also not proper in the Northern District of Texas because there is no allegation within the complaint that Minister Farrakhan had contacts with the State of Texas or directed any activity towards the State of Texas related to the allegations. There was no event or any conduct involving Minister Farrakhan that occurred in the State of Texas. An important point for purposes of venue, is that not one of the named defendants resides in the State of Texas, and neither does Plaintiff. Therefore, venue is not proper in this district.

Finally, Plaintiff failed to properly serve Minister Farrakhan. The summons and complaint were not served in accordance with the rules of the States of Texas, Michigan or Illinois. For this reason, as well, the complaint cannot be heard.

For all of the foregoing reasons, singularly or in combination, Minister Farrakhan's Motion to Dismiss must be granted with prejudice.

**PROCEDURAL AND FACTUAL BACKGROUND**

On July 9, 2016, Plaintiff, a resident of the State of Florida, initiated this lawsuit in the Federal District Court for the Northern District of Texas, Dallas Division against several named defendants. The Plaintiff has alleged (1) deprivation of civil rights in violation of 42 U.S.C. § 1983; (2) conspiracy to deprive Plaintiff of civil rights in violation of 42 U.S.C. § 1985; (3) deprivation of the right to life in violation of the Fifth Amendment of the United States

Constitution; (4) terrorist promotion of gang activity in violation of Florida Statute 874.06; (5) assault; and (6) intentional infliction of emotional distress.

Specifically, Plaintiff contends these claims arose as the result of an alleged criminal act committed in Dallas, Texas on July 7, 2016 by a person who is not before this court. As one of the named defendants in the lawsuit, Minister Farrakhan hereby moves to dismiss the complaint pursuant to Rules 12(b)(1)-(5) and 12(h)(3) of the Federal Rules of Civil Procedure.

For purposes of this Motion[1], the relevant facts are straightforward. Minister Farrakhan is a citizen of the State of Illinois. Minister Farrakhan resides in Illinois and operates from Illinois. Minister Farrakhan is not domiciled in Texas and has never resided in Texas. Indeed, the complaint does not allege any fact to support a conclusion that general or specific personal jurisdiction would be proper or that venue lies in Texas. Moreover, there is no allegation in the complaint that Plaintiff suffered an injury in Texas as a result of any alleged conduct by Minister Farrakhan.

## ARGUMENT AND AUTHORITIES

### I. THE COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS STANDING AND THERE IS NO ACTUAL CASE OR CONTROVERSY UNDER ARTICLE III OF THE U.S. CONSTITUTION

#### A. STANDARD OF REVIEW

Attorneys, on behalf of Defendant Minister Farrakhan, move the Court to dismiss this cause based on the Court's lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3)[2]. Federal courts do not have unlimited jurisdiction. They only possess

[1] For purposes of this Motion, there will be no extensive repetition of the alleged facts listed in the complaint. However, none of the allegations support any of the purported claims.

[2] Rule 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The objection, or question, of whether the court lacks subject matter jurisdiction may be

"the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Article III of the Constitution limits federal courts to "adjudicating actual cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). In reviewing a motion to dismiss for lack of subject matter jurisdiction, it is to be presumed that a cause lies outside this limited jurisdiction of the court, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Of the several case and controversy doctrines, the requirement that a litigant have standing to invoke the power of a federal court "is perhaps the most important. *Id.* Standing in fact implicates the court's subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*., 523 U.S. 83, 89 (1998). The Supreme Court has made clear that "without jurisdiction the court cannot proceed at all in any cause." Jurisdiction is the power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. *Steel Co. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). Jurisdiction over the subject matter provides the foundation for the court to act, and an action must be dismissed whenever it appears the court lacks subject matter jurisdiction. Therefore, a court may not act on or "resolve contested questions of law when its jurisdiction is in doubt," but must instead decide jurisdiction first. *Steel Co.* 523 U.S. at 101. Where defendant moves for dismissal for lack of subject matter jurisdiction, as well as on other grounds, the court should rule first on the Rule 12(b)(1)/12(h)(3) challenge since if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections, including alleged lack of personal jurisdiction, become moot and do not need to be determined. *Ruhlen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674 (2nd

---

raised at any time and at any stage of the litigation, "even after trial." *Arbaugh v. Y &H Corp.*, 546 U.S. 500, 506 (2006). As such, the defense is preserved throughout the action and is not waived later by presenting it at this stage.

Cir. 1990).

Because standing to sue is a "threshold jurisdictional question," and one that the plaintiff must prove, this court must address the jurisdictional question before proceeding further in the case. A plaintiff, as the party attempting to invoke the court's jurisdiction, bears the burden of demonstrating that the requirements for standing, which gives the court subject matter jurisdiction are satisfied. *Ramming v. United States*, 281 F3d 158, 161 (5th Cir. 2001). Here, a lack of standing is evident from the face of the complaint.

**B. ARGUMENT**

Standing is an essential requirement. Standing is an unchanging requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires that a plaintiff, for each claim or act or form of relief sought, establish a legally cognizable injury that is "fairly traceable to the Defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). To prove standing, a plaintiff must prove injury-in-fact, causation, and redressability – the elements that make up the "irreducible constitutional minimum of standing." *Lujan*, 504 U.S. at 560; *Craft v. Governor of Texas*, 562 F3d 735, 745 (5th Cir. 2009). The injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," and the injury must affect the plaintiff in a personal and individual way. *Lujan*, 504 U.S. at 560, 563. Without standing, a court lacks subject matter jurisdiction. In this matter, Plaintiff cannot meet each of the Constitutional elements required for standing because no injury-in-fact was suffered, there was no causation, and there is no issue for the court to redress. Therefore, this matter must be dismissed with prejudice.

**1. Plaintiff Suffered No Injury**

This Court can find that subject matter jurisdiction does not exist on the face of the complaint alone. *Ramming*, 281 F3d. at 161. A review of Plaintiff's complaint makes an important matter clear: Plaintiff did not suffer an injury-in-fact. Thus, Plaintiff has failed to meet the first element required for standing. The complained of injury must be an "injury-in-fact," not merely "conjectural or hypothetical." The injury must be "concrete and actual or imminent." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Most importantly, Plaintiff must have suffered the injury in a **"personal and individual way."** *Lujan*, 504 U.S. at 560.

While the complaint is filled with general allegations and conclusions, there is not one instance of the Plaintiff describing a specific injury he suffered or a specific threat he received that affected him in a **"personal or individual"** way. Even more importantly, Plaintiff offers no statement that Minister Farrakhan caused him injury or threatened him personally. All that the complaint presents are hypothetical and conclusory allegations of injury based on a distorted recitation, and detailing of alleged facts with no context. Moreover, the *"injury-in-fact"* to third parties that Plaintiff describes, were not injuries to the Plaintiff. Consequently, since Plaintiff did not plead that he experienced the injuries he described, he lacks standing in this matter.

A case illustration from the Sixth Circuit is instructive as to why the allegations in the Plaintiff's complaint on its face indicates Plaintiff lacks standing. In *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2nd Cir. 2008), there was an investment advisor, the advisor's client, a bankrupt company, and a firm representing the bankrupt company. The investment advisor sued for the client's monetary damages against the firm representing the bankrupt company. The court held that the investment advisor did not have standing to sue for the client's monetary damages because the injury was suffered by the client, and not the advisor.

By way of analogy, Plaintiff has suffered no *"injury-in-fact."* He describes nothing more than speculative and hypothetical harm. He presents no allegation of specific and particularized injury to himself. As a result, Plaintiff has no standing. He is like the investment advisor who was not injured. Because Plaintiff has suffered no injury, he has no standing. Because Plaintiff has no standing, this Court has no subject matter jurisdiction. Therefore, this matter must be dismissed with prejudice.

**2. There Was no Causation**

Since Plaintiff did not suffer an *injury-in-fact*; the analysis should end with the foregoing point. Nevertheless, Minister Farrakhan also seeks to make clear that, *assuming arguendo,* there were an injury (which there was not), Plaintiff has not pled facts to demonstrate Minister Farrakhan (or any other defendant) caused him injury. Plaintiff must do more than plead generally, he must demonstrate specifically "a causal connection between the [alleged] injury and the conduct complained of—the injury has to be fairly. . . traceable to the challenged action of the defendant, and not . . . the **result of the independent action of some third party not before the court."** *Lujan*, 504 U.S. at 560, *Simon v. E. Ky. Welfare Rights Org*., 426 U.S. 26 (1976).

Because there was no specific, personal or real injury to Plaintiff described in the complaint, there was in fact no causation. Moreover, even if Plaintiff had alleged he suffered a real injury, not a hypothetical one or one based on conjecture, that injury was caused by a third person who engaged in independent alleged criminal acts. That third person is not before the Court. There is simply no conduct of Minister Farrakhan that could establish a "causal connection" with the independent actions of a third party who committed criminal acts and who is not before the Court. Because the "causal" element is lacking, this matter must be dismissed with prejudice.

**3. There is No Issue for the Court to Redress**

The Court also lacks subject matter jurisdiction in this matter because there is no "actual case or controversy" pursuant to the Court's power under Article III of the United States Constitution. The alleged injury is due to the independent alleged criminal acts committed by a third party not before this Court. Plaintiff does not have standing because he did not suffer an injury-in-fact. Plaintiff's complaint is filled with general allegations, but there is no casual connection between those allegations and the alleged harm. Not one of the allegations describe any conduct that occurred in the State of Texas. Not one allegation describes conduct near the time of the event Plaintiff claims caused harm. Not one allegation is connected to the alleged harm. The alleged harm described is the result of the independent alleged criminal action of a third party with no connection to Minister Farrakhan. Therefore, there is nothing by way of the complaint for the Court to "redress." There is no issue; there is no "case or controversy" between Minister Farrakhan and the Plaintiff. Therefore, there is nothing to be "redressed." For this reason, too, this matter must be dismissed with prejudice.

## II. THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A. STANDARD OF REVIEW

The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)*. These due process requirements are only satisfied where "in personam jurisdiction is asserted over a nonresident corporate defendant that has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95*

*(1945)* (internal quotation marks and citation omitted). When a controversy "arises out of" a defendant's relationship with the forum state, the "relationship among the defendant, the forum, and the litigation" is the essential foundation of in personam jurisdiction. *Glenn v. BP P.L.C. (In re BP P.L.C. Secs. Litig.), 2012 U.S. Dist. LEXIS 92854 (S.D. Tex. July 5, 2012).*

There are two types of personal jurisdiction: general and specific." *Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).* "For general jurisdiction to exist over a nonresident defendant . . . **the defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state**." *Bixby v. KBR, Inc., No. 3:09-CV-632-PK, 2011 U.S. Dist. LEXIS 79156, 2011 WL 2971848, at *5 (D. Or. June 16, 2011*) (quoting *Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)).* This standard is intended to be an exacting one "because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). Even if there is no general jurisdiction, a court may still exercise specific jurisdiction over a defendant if the case "arises out of" or is "related to" a defendant's forum-related activities. Helicopteros Nacionales de Colombia, 466 U.S. at 414, *Glenn v. BP P.L.C. (In re BP P.L.C. Secs. Litig.), 2012 U.S. Dist. LEXIS 92854 (S.D. Tex. July 5, 2012).*

A federal court may exercise personal jurisdiction over a non-resident defendant (1) as permitted under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *Pervasive Software, Inc. v. Lexware GMBH & Co. KG,* 688 F.3d 214, 220 (5th Cir. 2012). The Fifth Circuit Court of Appeals has held that "because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Mullins v. Test America Inc.*, 564 F.3d 386, 398 (5th Cir. 2009)

(quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Texas long-arm statute authorizes service of process on a **nonresident defendant if that party is "doing business" in Texas.** Tex. Civ. Prac. & Rem. Code Ann. § 17.042.[3]

The Texas Supreme Court has interpreted the "doing business" language of its long-arm statute to reach as far as the federal constitutional requirements of due process will allow. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Thus, the Court examines the due process requirements directly. *Saudi v. S/T Marine Atl., 159 F. Supp. 2d 469, 2000 U.S. Dist. LEXIS 20873, 2001 AMC 1273 (S.D. Tex. 2000).*

To satisfy the requirements of due process for specific jurisdiction, a plaintiff must demonstrate: "(1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice." *Id. (quoting Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

**B. ARGUMENT**

Based upon the foregoing review of the legal standard which establishes the Court's authority to exercise personal jurisdiction over a non-resident defendant, this Court lacks personal jurisdiction over Minister Farrakhan.

[3] Tex. Civ. Prac. & Rem. Code § 17.042. Acts Constituting Business in This State.

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
>
> (2) commits a tort in whole or in part in this state; or
>
> (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

Minister Louis Farrakhan is the National Representative of the Honorable Elijah Muhammad and the Nation of Islam. The Nation of Islam is comprised of the body of Registered Muslims who subscribe to the teachings of the Most Honorable Elijah Muhammad through his Servant and Representative, The Honorable Minister Louis Farrakhan, whom he set in authority over the Nation of Islam. These members of the Nation of Islam reside in many States and cities throughout America and the world, including Dallas, Texas. We acknowledge that Minister Farrakhan has contacts with the State of Texas, through the Mosques and Study Groups that consist of members living in Dallas and other parts of Texas. Minister Farrakhan has travelled to the State of Texas to provide spiritual and moral leadership and guidance to the Members of the Nation of Islam and to many more persons who come to hear his message of upliftment and enlightenment.

The contacts Minister Farrakhan has had with the State of Texas are and were in furtherance of his First Amendment right to the free exercise of his religion: Islam as taught by the Most Honorable Elijah Muhammad. The indoctrination in the religious principles of Islam or any other religion are not the "contact" contemplated by applicable Texas statutes under the legal definition of minimum contacts for purposes of exercising general personal jurisdiction. Taking the Texas Long-arm statute as an example: teaching Islam is not a tort; teaching Islam does not constitute doing business; teaching Islam is not a contract; and, teaching Islam is not recruitment for employment.

As our legal analysis points out, the types of minimum contacts contemplated with the State of Texas for the exercise of general personal jurisdiction are where *"the defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state." Bixby v. KBR, Inc., No. 3:09-CV-632-PK, 2011 U.S. Dist. LEXIS 79156, 2011 WL 2971848, at *5 (D. Or. June 16, 2011*) (quoting *Schwarzenegger v. Fred Martin*

*Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).* The activities described herein by Minister Farrakhan within the State of Texas, does not give rise to this Court's ability to exercise general personal jurisdiction over him, as a non-resident of Texas. Further, the ability to exercise personal jurisdiction over a non-resident defendant must be based upon the Texas Long arm statute which is synonymous with what due process allows. The Texas Long arm statue is quite clear and unambiguous that jurisdiction can be obtained over a non-resident defendant, "if the party is doing business in Texas." The long arm statute even enumerates the specific activities that constitute "doing business" in the State of Texas.

Plainly, Minister Farrakhan does not have the type of contacts with the State of Texas that meet the legal definition of "general and systematic general business contacts" with the State of Texas sufficient to warrant exercising general jurisdiction over him. Additionally, as a plain reading of the complaint reveals, Minister Farrakhan does not have specific minimum contacts with the State of Texas in relation to the alleged criminal conduct of third parties to warrant the exercise of specific personal jurisdiction over him in a Texas court.

Plaintiff's attempt to impute the alleged criminal conduct of a third party in Dallas, Texas to Defendant, Minister Farrakhan in Illinois would in no way comport with due process under the United States Constitution. Moreover, exercise of jurisdiction over Minister Farrakhan would not comport with notions of fair play and substantial justice. Because this Court lacks personal jurisdiction, the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

1. **There is no General Personal Jurisdiction over Minister Farrakhan in the State of Texas**

The argument above is incorporated herein by reference. Minister Farrakhan is not subject to personal jurisdiction in the State of Texas under the principle of general jurisdiction. Plaintiff has not set forth facts to establish that Minister Farrakhan has "substantial, continuous and

systematic general business contacts" with the State of Texas that would subject him to this Court's general personal jurisdiction. In light of the fact that no allegation within the complaint alleges that Minister Farrakhan would be subject to jurisdiction in the State of Texas, Plaintiff has waived his right to so claim. In any event, Minister Farrakhan does not have sufficient contacts with the State of Texas of the type that could warrant the exercise of general jurisdiction over him.

General jurisdiction is applicable in suits that do not arise out of or are not related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). A court may exercise general jurisdiction based on a defendant's overall contacts with the forum state. General jurisdiction can only occur where the defendant is either domiciled in the forum state or has "substantial, continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 414-416. (1984). Also pertinent is the fact that general jurisdiction does not arise because a person has a presence on websites. *Mink v. AAAA Dev. LLC*, 190 F. 3rd 333, 336-337 (5th Cir. 1999). Moreover, general jurisdiction cannot be premised on a "stream of commerce" theory because a defendant has contact with third parties who do business in the forum state. *Alpine View Co. Ltd. V. Atlas Copco AB*, 205 F.3d 208 (5th Cir. 2000).

We have previously established that Minister Farrakhan does not have the type of contacts with the State of Texas that meet the legal definition of "substantial, continuous and systematic general business contacts" sufficient to warrant exercising general jurisdiction over him consistent with due process. In addition, Minister Farrakhan is a resident of the State of Illinois. Minister Farrakhan is not domiciled in the State of Texas. He has never resided in the State of Texas. He does not conduct business in the State of Texas.

Plaintiff did not plead any facts sufficient to establish the "minimum contacts" necessary for this Court to assert general personal jurisdiction over Minister Farrakhan. In fact, Plaintiff failed to allege any basis at all for this Court to exercise general personal jurisdiction over Minister Farrakhan. Not only has Plaintiff failed to plead the necessary "minimum contacts," there in fact have not been "continuance and systematic business contacts" or "substantial" contacts between Minister Farrakhan and the State of Texas for general jurisdictional purposes. *Helicopteros Nacionales*, 466 U.S. at 415-16. As a result, there is no basis for exercising general jurisdiction over Minister Farrakhan consistent with due process. Therefore, on this ground, this matter must be dismissed with prejudice.

**2. Minister Farrakhan is Not Subject to Specific Personal Jurisdiction Because he has Not Purposefully Conducted Activities in Texas that Would Give Rise to Personal Jurisdiction in the State of Texas**

To support specific personal jurisdiction there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235 (1958). Moreover, the plaintiff's claim against the non-resident defendant must arise out of or relate to activities that the defendant purposefully directed at the forum state. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). The requirement of "purposeful availing" oneself of the benefits of the forum state for purposes of specific personal jurisdiction precludes and does not permit a court to exercise personal jurisdiction as the result of "random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Equally important is that the exercise of jurisdiction must not offend 'traditional notions of fair play and substantial justice. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

The Fifth Circuit has held that only if "a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities" does specific jurisdiction exist. The averments in Plaintiff's complaint, all of which lack context, will not be repeated here. However, for purposes of this Motion, none of what Plaintiff alleges (see complaint, paragraphs 6-13 and 50-102) is sufficient to demonstrate this Court can exercise specific personal jurisdiction. There is not one allegation within Plaintiff's complaint that demonstrates Minister Farrakhan purposefully availed himself of the privilege of conducting activities in the State of Texas. In fact, there is no mention in the complaint of any activity of Minister Farrakhan that occurred in the State of Texas or was directed at Texas. There is no allegation that he engaged in activities in Texas or purposefully directed activities at Texas that caused harm to persons or property in Texas. In essence, the causes of action are in no way related to or arise from any contact that Minister Farrakhan had with Texas. There was no contact by Minister Farrakhan with Texas that forms the basis of the claims or relate to them. There is nothing alleged that is related to any contact of Minister Farrakhan with Texas, that gives rise to the exercise of specific personal jurisdiction.

In *Walden v. Fiore*, ___ U.S. ___, 134 S. Ct. 1115 (2014), the Supreme Court clarified the concept of personal jurisdiction. In *Walden* the Court held that a Nevada court could not exercise jurisdiction over a Georgia police officer merely on the basis that he knew his allegedly tortious conduct in Georgia would delay the return of funds to a plaintiff with connections to Nevada. The Court explained that "it is . . . insufficient to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff" to establish personal minimum contacts that would allow for the exercise of personal jurisdiction. In reversing the lower court, the Supreme

Court noted that "no part of [defendant's] conduct occurred in Nevada . . .[he] never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada.

By comparison, as it relates to the allegations in Plaintiff's complaint, Minister Farrakhan did not travel to, conduct activities within, contact anyone, make any appearances, speak or send anything to Texas related to the alleged criminal and tortuous acts described in the complaint. In fact, Plaintiff has not even alleged that he did.

Based on all of the foregoing, this matter must be dismissed because there has been no showing of the types of "minimum contacts" as contemplated by the law, that would subject Minister Farrakhan to this court's specific personal jurisdiction. There has not been any activity from a contact with the State of Texas, related to the claims in the Complaint, that establishes specific personal jurisdiction of this court. As a result, this matter must be dismissed with prejudice.

**3. The Complaint Must Be Dismissed Because Exercising Jurisdiction Would Offend Due Process and Traditional Notions of Fair Play and Substantial Justice**

The complaint must be dismissed because exercising personal jurisdiction would offend due process and traditional notions of "fair play and substantial justice." *International Shoe Company v. Washington*, 326 U.S. 310 (1945). It would offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over Defendant Minister Farrakhan, where it is established that jurisdiction cannot be obtained under the state long arm statute or general due process principles. As has been set forth in previous arguments herein, concerning this court's lack of general or specific personal jurisdiction, Minister Farrakhan resides in Illinois and has no meaningful presence in the State of Texas for purposes of jurisdiction. In light of this, to attempt to exercise jurisdiction would be both unfair and unjust and inconsistent with "fair play and substantial justice."

## III. THE COMPLAINT MUST BE DISMISSED FOR INSFUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS

### A. STANDARD OF REVIEW AND APPLICABLE RULES

Service of process, to be effective, must comply with Rule 4 of the Federal Rules of Civil Procedure. Rule 4 allows for service by following the state law of the district court where the matter is pending; the state law of the state where service actually occurs; or the federal rule provisions for service of process. When a defendant makes a timely objection to the sufficiency of service of process the plaintiff has the burden to establish proper service of process. *Northrup King Co. v. Compania Productora Semilla Algodoneras Sletas, S.A.*, 51 F3d 1383 (8th Cir. 1995). The district court has great discretion in deciding whether to dismiss for insufficient service of process, and a district court's decision to dismiss is reviewed for abuse of discretion. *George v. U.S. Dept. of Labor*, 788 F2d 1115 (5th Cir. 1986). In this matter, Plaintiff attempted to serve process on Minister Farrakhan in the State of Michigan and the State of Illinois. However, he failed to comply with the rules for service of process in either state, and therefore the service was insufficient. Fed. R. Civ. P. 12(b)(4&5). The rules for service of process under the Federal Rule, the Texas, Michigan and Illinois rules are as follows:

Federal Rule of Civil Procedure 4(e) provides:

> Unless federal law provides otherwise, an individual----other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual

place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 106 of the Texas Rules of Civil Procedure provides in relevant part that:

> (a) Unless the citation or an order of the court otherwise directs, the Citation shall be served by any person authorized by Rule 103 by
>
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.
>
> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically, the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service.
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or. . .

Rule 2.105 of the Michigan Rules of Civil Procedure provides in relevant part that:

> (A) Individuals. Process may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).
>
> (B) Individuals; Substituted Service. Service of process may be made

> (1) on a nonresident individual, by
> (a) serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, and
>
> (b) sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address;

Rule 735 ILCS 5/2-203 of the Illinois Rules of Civil Procedure provides in relevant part:

> Except as otherwise expressly provided, service of summons upon an individual defendant shall be made
>
> 1. by leaving a copy of the summons with the defendant personally,
> 2. by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode, or. . .

In this matter the Plaintiff attempted service of process in person. Therefore, the in-person service provision of the forgoing rules is applicable. An examination of each reveals that service of process was insufficient.

**B. ARGUMENT**

Plaintiff attempted to serve process in Michigan and Illinois. In each instance in-person service of process was attempted. In each instance the complaint was left with third parties, none of whom were proper persons for receiving service of process. The service of process was insufficient because Plaintiff did not comply with any of the foregoing rules. An analysis of each follows:

**1. The Texas Rule**

The Texas rule is clear and straightforward – in person service must in fact be in-person and on the person actually being sued. Plaintiff attempted service by leaving the summons and

complaint with third parties in Michigan and Illinois. Under the Texas Rule, such service is only permitted by court authorization. Because there was no court authorization, service was insufficient under the Texas Rule. See Appendix pages 3, 5.

**2. The Michigan Rule**

The Michigan rule allows for serving a summons and a copy of the complaint in "Michigan on an agent, employee, representative, sales representative, or servant of the defendant."

In this instance, service was still insufficient because the person the summons and complaint was delivered to does not qualify as an "agent, employee, representative, sales representative, or servant of" Minister Farrakhan. See Appendix pages 3, 5.

**3. The Illinois Rule**

The Illinois rule allows for serving a summons and a copy of the complaint by leaving a copy at the defendant's usual place of abode, "with some person of the family or a person residing there, of the age of 13 years or upwards. . ." Service was insufficient in Illinois because the summons and complaint were not left with "some person of the family" or with a person "residing" with Minister Farrakhan. See Appendix pages 3, 5.

**4. The Federal Rule**

The federal rule allows for serving a summons and complaint by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Service of process fails under this rule too because the summons and complaint was not left with a person who resides with Minister Farrakhan. See Appendix pages 3, 5.

Because service of process was insufficient, this matter must be dismissed.

## IV. THE COMPLAINT MUST BE DISMISSED FOR IMPROPER VENUE

### A. STANDARD OF REVIEW AND APPLICABLE LAW

In reviewing a Rule 12(b)(3) motion, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F3d. 233, 238 (5th Cir. 2009). The movant bears the burden to demonstrate "affirmatively that the Plaintiff filed the lawsuit in an improper venue when moving to dismiss pursuant to Rule 12(b)(3).' *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003).

The Federal Venue Statute, 28 U.S.C. § 1391(b), in relevant part provides:

**(b)** Venue in general. A civil action may be brought in--

**(1)** a judicial district in which any Defendant resides, if all Defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

### B. ARGUMENT

Plaintiff filed this case in the United States District Court for the Northern District of Texas. As has been presented in our previous arguments, Minister Farrakhan does not reside in Texas. Therefore, there is no basis for venue in this District pursuant to 28 U.S.C. § 1391(b)(1).

Since the Court does not have personal jurisdiction over Minister Farrakhan as set forth earlier herein, there is no basis for venue in this District pursuant to 28 U.S.C. § 1391(b)(3).

Likewise, the action of a third party, not before the court, in Dallas Texas, on July 7, 2016 has no causal connection to Minister Farrakhan. Thus, there is no basis for venue in this District pursuant to § 1391(b)(2).

In his complaint Plaintiff makes reference to purported comments of Minister Farrakhan published in various internet articles as a basis for venue in Dallas Texas. Of the purported comments Plaintiff lists (complaint paragraphs 50-102), not one of the comments was made in the State of Texas and not one was directed towards the State of Texas.

Not one of the comments was made at or near the time of the criminal act that occurred in Dallas, Texas. Not one of the comments was directed towards Texas. No part of any comment or act attributed to Minister Farrakhan occurred in this Judicial District as a plain reading of the complaint reveals. Because there was no action by Minister Farrakhan that was directed at Texas, venue is improper in this District.

Plaintiff also relies on 18 U.S.C. § 2334 to claim venue is proper in this District. That section provides that: "Any civil action under section 2333 of this title [18 USCS § 2333] against any person may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent. Process in such a civil action may be served in any district where the defendant resides, is found, or has an agent." As a plain reading of the statute reveals, an action under 18 U.S.C. § 2334 must be instituted where any plaintiff resides or where any defendant resides or is served. Plaintiff does not reside in the State of Texas. According to his complaint he resides in the State of Florida. Minister Farrakhan does not reside in Texas nor does any of the named defendants. Additionally, Minister Farrakhan has not been served in the State Texas or elsewhere. Thus, the foregoing provision does not allow for venue in the Northern District of Texas.

For all of the foregoing reasons, this matter must be dismissed with prejudice.

**ORAL ARGUMENT**

Should the presiding judge so direct pursuant to Local Rule 7.1(g), Attorneys for Minister Farrakhan stand ready to present oral argument on his Rule 12(b)(1-5) and 12(h)(3) Motion to Dismiss.

**PRAYER FOR RELIEF**

Based upon the arguments and authorities set forth above, Minister Farrakhan respectfully requests that this Court grant his Motion to Dismiss on all of the grounds presented, or alternatively, for any one of them singularly or in any combination. Minister Farrakhan also respectfully request any other relief to which he is justly entitled, including but not limited to, costs, fees, attorney's fees, and sanctions against Plaintiff.

Respectfully submitted,

By: /s/ *Abdul Arif Muhammad*
Abdul Arif Muhammad, Esq.
Pennsylvania Bar No. 47898
(Pro Hac Vice Application to be filed)
7351 South Stony Island Avenue
Chicago, Illinois 60649
(215) 313-0738) Phone
arifmuhammadgc@aol.com

By: /s/ *Michael K. Muhammad*
Michael K. Muhammad
Muhammad Law Firm
State Bar No. 00787157
325 North Saint Paul Street
Suite 2475
Dallas, Texas 75201
(214) 432-6285 phone
Michael@muhammadlawfirm.com

**ATTORNEYS FOR THE HONORABLE MINISTER FARRAKHAN**

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2016, I electronically filed Minister Farrakhan's Motion to Dismiss, Brief in Support of Minister Farrakhan's Motion to Dismiss, and a Proposed Order with the Clerk of the Court utilizing the CM/ECF system and that I have mailed the same by United States Postal Service, first class mail, to:

Larry Klayman, Esq., Plaintiff
2020 Pennsylvania Avenue N.W.
Suite 345 Washington, D.C. 20006

President Barack Obama
C/O United States Attorney for
the Northern District of Texas
1100 Commerce Street
Suite 300
Dallas, Texas 75242

Eric Holder
C/O United States Attorney for
the Northern District of Texas
1100 Commerce Street
Suite 300
Dallas, Texas 75242

and to

One City Center
850 Tenth Street, NW
Washington, DC 20001

Reverend Al Sharpton
106 W. 145th Street
Harlem, NY 10039

**And that on August 8, 2016, a copy has been left with the clerk of the court for the following persons whose addresses are not known:**

Rashad Turner
Opal Tometi
Patrisse Cullors
Alicia Garza
Deray McKesson

By:/s/ *Michael K. Muhammad*
Michael K. Muhammad

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY KLAYMAN,** | § | |
| a Natural Person and | § | |
| Resident of Florida, on | § | |
| behalf of himself and all | § | |
| U.S. police officers, Jews, | § | |
| and Caucasians, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **BARACK HUSSEIN OBAMA,** | § | CIVIL ACTION NO. |
| Acting as President of the United | § | 3-16-CV-02010-L |
| States of America | § | |
| 1600 Pennsylvania Avenue | § | |
| Washington, D.C. 20500 | § | |
| | § | |
| and | § | |
| | § | |
| **HONORABLE MINISTER FARRAKHAN, et al** | § | |
| A Natural Person, and Minister and Leader of | § | |
| Nation of Islam | § | |
| 7351 South Stoney Island Avenue | § | |
| Chicago, Illinois 60649 | § | |

**ORDER**

Upon consideration of Minister Farrakhan's 12(b)(1-5) and 12(h)(3) Motion to Dismiss and the accompanying Brief in Support of the Motion, and any responses thereto, it is hereby:

ORDERED that Minister Farrakhan's Rule 12 Motion to Dismiss hereby is GRANTED and that

__ pursuant to Federal Rule of Civil Procedure 12(b)(1)

__pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(h)(3)

__pursuant to Federal Rule of Civil Procedure 12(b)(3)

__pursuant to Federal Rule of Civil Procedure 12(b)(4)(5)

the claims of Plaintiff are dismissed with prejudice.

IT IS SO ORDERED.

DATED:_____________

_______________________________
THE HONORABLE SAM LINDSEY
United States District Judge