**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| LARRY KLAYMAN,<br><br>              Plaintiff,<br>v.<br><br>BARACK HUSSEIN OBAMA, et al<br><br>              Defendants. | Civil Action No.: 3:16-cv-02010-L |

### PLAINTIFF LARRY KLAYMAN'S OPPOSITION TO ADMISSION OF ABDUL ARIF MUHAMMAD *PRO HAC VICE*

**I.     INTRODUCTION**

Plaintiff Larry Klayman ("Plaintiff") hereby objects to this Court's order granting Defendant Louis Farrakhan's ("Defendant Farrakhan") Motion to Admit Abdul Arif Muhammad Pro Hac Vice. Not only was Defendant Farrakhan's motion procedurally deficient, pursuant to Local Rule 7.1(a), this Court failed to provide Plaintiff with a reasonable opportunity to object to Defendant Farrakhan's motion on the basis that Abdul Arif Muhammad ("Mr. Muhammad") admission *pro hac vice* contravenes the Model Rules of Professional Conduct.

**II.    ARGUMENT**

    **a.     Defendant Farrakhan Failed to Seek Plaintiff's Consent Prior to Filing His Motion to Have Abdul Arif Muhammad Admitted *Pro Hac Vice***

Pursuant to Local Rule 7.1(a):

Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed. Conferences are not required for motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, motions for new trial, or when a conference is not possible.

Here, Defendant Farrakhan has failed to do so entirely. Indeed, Plaintiff was unaware that Defendant Farrakhan's intention to move to have Mr. Muhammad admitted *pro hac vice* until he was notified of the application through the court's ECF system. Even more, this Court subsequently granted Mr. Muhammad's motion a little over an hour after it was filed, leaving Plaintiff no realistic chance to oppose Defendant Farrakhan's motion. Thus, Plaintiff must now request that this Court's strike its order granting Mr. Muhammad's application on the basis that the motion was procedurally deficient pursuant to Local Rule 7.1 and for the additional reasons detailed below.

      b.      **Admission of Abdul Arif Muhammad *Pro Hac Vice* Contravenes the Model Rules of Professional Conduct**

Mr. Muhammad is widely known as the attorney for the Nation of Islam.[1] As Plaintiff has alleged in his Complaint, the Nation of Islam advocates the killing of Jews and Caucasians as a fundamental tenet of its system of beliefs. *See* Docket No. 1 ¶¶ 50-102. Specifically, "Defendant Farrakhan called for angry blacks and black Muslims to 'stalk them and kill them' (Jews and Caucasians) as the '400 year old enemy.'" Docket No. 1 ¶ 67. Defendant Farrakhan has attacked Judiasm as a "gutter religion" and Israel as an "outlaw nation." Docket No. 1 ¶ 100. Plaintiff, who is Jewish, takes great offense to these statements.

These calls to violence and hatemongering are in blatant violation of Rule 8.04(a)(2) of the Texas Rules of Professional Conduct, which states that a lawyer shall not: "commit a serious crime or commit any criminal act that reflects adversely on the lawyer's honesty,

---

[1] Tyrone Muhammad, *State Dept. Concedes World Friendship Tour Violates No U.S. Laws*, The Final Call (December 1997) available at: https://worldfriendshiptour.noi.org/state-dept12-9-97.html. ("Accompanying Min. Benjamin [was].... General Counsel Abdul Arif Muhammad...."); Jabril Muhammad, *The Price of Slander*, The Final Call, available at: http://www.finalcall.com/features/libel6.html. ("Furthermore, it is my hope that by the time we cover this and Minister and Nation of Islam Attorney Abdul Arif Muhammad's statements....")

trustworthiness, or fitness as a lawyer in other respects." Similarly, Rule 8.4(g) of the Model Rules of Professional Conduct that attorneys must abide by. Specifically, the rule states that it is professional misconduct for a lawyer to:

> [E]ngage in conduct that the lawyer knows or reasonably should know is harassment or discrimination on the basis of race, sex, religion, national origin, ethnicity, disability, age, sexual orientation, gender identity, marital status or socioeconomic status in conduct related to the practice of law.

Accordingly, Defendant Farrakhan should have to retain counsel that is not associated with the Nation of Islam, which is the flip side of the Klu-Klux-Klan in terms of its calls to incite racial and religious violence.

### c. Mr. Muhammad Improperly Communicated *Ex Parte* with this Court

Lastly, Mr. Muhammad's email to the Honorable Sam Lindsay dated August 12, 2016 constitutes impermissible *ex parte* communication with the Court, and should be disregarded. Furthermore, the "religious" epithet included in the email is objectionable communication with this Court as well.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court strike its order granting Mr. Muhammad admission *pro hac vice* and direct that Defendant Farrakhan retain an attorney that is not affiliated with the Nation of Islam.

Dated: August 17, 2016                                  Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
Freedom Watch, Inc.
2020 Pennsylvania Ave N.W. #345
Washington, D.C. 20006
Tel: (561) 558-5336
Email: leklayman@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing OPPOSITION TO ABDUL ARIF MUHAMMAD'S ADMISSION PRO HAC VICE was filed electronically and served through the court's ECF system to all counsel of record or parties on August 17, 2016.

>/s/ Larry Klayman
Attorney