IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY KLAYMAN,** § | | |
|    Plaintiff § | | |
| v. § | | |
| § | | |
| **BARACK HUSSEIN OBAMA,** § | CIVIL ACTION NO. | |
| § | 3-16-CV-02010-L | |
| and § | | |
| § | | |
| **HONORABLE MINISTER FARRAKHAN, et al** § | | |
|    **Defendants.** | | |

**THE HONORABLE MINISTER FARRAKHAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MINISTER FARRAKHAN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(B)(1-5) AND (h)**

___

COMES NOW, The Honorable Minister Farrakhan (Minister Farrakhan), Defendant, by and through his attorneys of record, and hereby responds in opposition to Plaintiff's Motion for an Extension of Time to File a Response to Minister Farrakhan's Motion to Dismiss. In support of the opposition to the Motion to Extend time, Defendant submits the following:

1. Plaintiff filed this matter on July 9, 2016.

2. Counsel for Minister Farrakhan timely responded on August 7, 2016.

3. Plaintiff's response to the Motion to Dismiss is due on August 29, 2016 per Federal Rule of Civil Procedure 6(a)(1)(C).

4. On August 25, 2016, Plaintiff filed a Motion for Extension of Time to Respond.[1]

___

[1] Plaintiff makes inappropriate personal attacks within his motion, and elsewhere, against Minister Farrakhan, and his counsel. A brief statement addressing them is included herein for clarity.

1

**Minister Farrakhan's Response in Opposition to
Motion for Extension of Time to Respond to Motion
to Dismiss**

5. Plaintiff has requested a 21-day extension of time. The request for an extension was made approximately three days before the deadline.[2]

6. As demonstrated in Plaintiff's Complaint, his Objection to Defendant's Attorney's Pro Hac Vice Application, and his instant Motion, Plaintiff has and continues to attack personally, express and reveal animus, and malevolence towards Minister Louis Farrakhan, the Nation of Islam and Counsel who are his followers and legal representatives. The Honorable Minister Louis Farrakhan, the Nation of Islam and its Counsel, are not, and have never been Anti-Semitic. This belief as expressed by Plaintiff is not a legal issue and has no relevance to the Motion to Extend Time. Specifically, the claim of anti-Semitism is false and has nothing to do with defense Counsel's opposition to the Motion. Moreover, Plaintiff's continual reference to his claim that he is a Jew, not only appears to be politically motivated, but is an effort to provoke and inflame passions and to further defame the Honorable Minister Louis Farrakhan. Furthermore, his claim of being a Jew has nothing to do with defense Counsel's opposition to his Motion to Extend Time. The lawsuit filed by the Plaintiff reveals that his motivation is not to adjudicate a true legal dispute, but to use the law, and this Court, as a forum to give his animus and malevolence against Minister Louis Farrakhan an appearance of legal legitimacy and validity. This conduct by Plaintiff, especially the personal attacks on Minister Farrakhan and his legal Counsel, is not in accord with the practice of law, nor in keeping with professional rules of conduct. We would ask the court to direct Plaintiff accordingly on his misuse of the law and this Court.

7. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the Court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable

---

[2] The delay in requesting an extension until the last moment compels defense Counsel to respond quickly. By way of example, if counsel took 21 days to respond, plaintiff would have 14 days to reply, which could potentially further delay this matter by at least 35 days.

2

**Minister Farrakhan's Response in Opposition to**
**Motion for Extension of Time to Respond to Motion**
**to Dismiss**

deadline expires. Good cause "generally means a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." Black's Law Dictionary 692 (6th ed. 1990).

Generally, "courts manage cases in a way that fosters prompt determinations; grant extensions of time only if all parties consent or if the enlargement of time is permitted by applicable law, justified by the circumstances and appears to be necessary to a fair adjudication; and, to be vigilant about prohibiting parties from creating intentional delay in order to advance their own goals or in some way harm their adversary." (Quote from Order issued by United States Bankruptcy Judge Colleen A. Brown in *Devenger v. Forant*, Case #02-1049, District of Vermont).

6.  In his motion, Plaintiff makes no claim or suggestion that he has "good cause." Plaintiff states he needs additional time to respond because "he has been short staffed during the summer vacation season and some staff has been ill." Plaintiff also contends, incorrectly, that there will be no prejudice to any parties. Plaintiff further contends that he "sought consent from opposing counsel." Each contention is addressed below.

7.  Plaintiff filed this action. Plaintiff initiated this adversarial proceeding against multiple Defendants. Prior thereto we had no knowledge of Plaintiff. His request for an extension of time is in effect an effort to control the outcome of the proceeding. It is an effort to gain an advantage by the passage of time, because Plaintiff would have received a response from other Defendants within the time requested for an extension, and prior to his response to our Motion to Dismiss. Plaintiff knows that his response which is due on August 29, 2016 would be read by other Defendant's prior to their required time to file any responsive pleadings or answer to his Complaint.

8.  Minister Farrakhan, and other parties who have been named as Defendants would be prejudiced by the granting of an extension of time. Minister Farrakhan has already been prejudiced

3

Minister Farrakhan's Response in Opposition to
Motion for Extension of Time to Respond to Motion
to Dismiss

by having to defend a lawsuit which has no legal foundation, and is further prejudiced by any further delay, for no legitimate reason, which would lengthen the time to get a ruling and dispose of this matter.

9. To the extent Plaintiff contends he conferred with "opposing counsel" regarding his motion, such contention is denied. Counsel for Minister Farrakhan received an email from a person purporting to be "Mr. Oliver Peer," and not from Plaintiff. As was the case with Plaintiff, we do not know of a Mr. Oliver Peer. The email (Attached hereto as Exhibit 1) did not provide any information or explanation as to why an extension of time was being requested or why an extension of time was needed. Under the circumstances, an email from a person not known, and not known to be associated with this case, requesting extended time and is void of any detail or reasons or explanation for requesting extended time does not constitute a conference as envisioned by the local rule. Furthermore, conferences regarding motions are generally held over the telephone. Neither of Minister Farrakhan's counsel received a phone call from Plaintiff requesting an extension of time or seeking to discuss an extension of time. In any event, the reasons provided in Plaintiff's Motion are not sufficient and do not constitute "good cause" for granting an extension of time.

In *Kathleen Ott v. Federal Home Loan Mortgage Corporation, et al*., No. 12-2134 (6th Cir. 2013), [unpublished], the court in upholding the district court's decision denying a request for extended time based on the Fourth of July holiday period noted: 1) the plaintiff made no argument her motion was supported by good cause; 2) the plaintiff failed to explain how a holiday/vacation period constituted good cause; 3) and, the plaintiff never explained why she could not meet the deadline.

4

**Minister Farrakhan's Response in Opposition to
Motion for Extension of Time to Respond to Motion
to Dismiss**

In this matter, Plaintiff sent an email that offered no explanation for why an extension of time was needed; and, rather than making a request early on, Plaintiff waited until the last workday before his response is due to request an extension. Plaintiff's motion for an extension of time also makes no mention of it being filed for "good cause." Furthermore, Plaintiff, just like the Plaintiff in Ott, was well aware it was the summer months when he filed this matter, and should have been aware of his vacation scheduling or that of his staff at the time he filed the lawsuit. Being that Plaintiff is the aggressor and initiator in this matter, vacation planning is not "good cause" or a legitimate reason for not timely responding. Additionally, Plaintiff provides no explanation of how or why vacation schedules prevents timely responding. Moreover, Plaintiff provides no explanation of who was ill or when or why such prevents providing a timely response; and, provides no explanation for why the deadline cannot be met. In light of all of these circumstances "good cause" has not been shown.

10. Attorneys for Minister Farrakhan oppose extending Plaintiff's time to respond to the Motion to Dismiss. Such would serve to hamper Minister Farrakhan's defense and adversely affect other named Defendants. Plaintiff's Motion only "seeks to advance his own goals and harm his adversaries" by creating delay. Moreover, the motion contains no information establishing good cause.

WHEREFORE, based upon the arguments set forth above, Attorneys for Minister Farrakhan respectfully requests that this Court deny Plaintiff's Request for an Extension of Time to respond to the Motion to Dismiss.

5

**Minister Farrakhan's Response in Opposition to
Motion for Extension of Time to Respond to Motion
to Dismiss**

Respectfully submitted,

By: /s/ *Abdul Arif Muhammad*
Abdul Arif Muhammad, Esq.
Pennsylvania Bar No. 47898
Pro Hac Vice Application Granted
7351 South Stony Island Avenue
Chicago, Illinois 60649
(215) 313-0738) Phone
arifmuhammadgc@aol.com


By: /s/ *Michael K. Muhammad*
Michael K. Muhammad
Muhammad Law Firm
State Bar No. 00787157
325 North Saint Paul Street, Suite 2475
Dallas, Texas 75201
(214) 432-6285 phone
Michael@muhammadlawfirm.com
**ATTORNEYS FOR THE HONORABLE MINISTER FARRAKHAN**

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2016, I electronically filed Minister Farrakhan's Response in Opposition to Plaintiff's Motion for an Extension of Time utilizing the CM/ECF system and that all parties of record have been served through the ECF system.


By: /s/ *Michael K. Muhammad*
Michael K. Muhammad

**Minister Farrakhan's Response in Opposition to
Motion for Extension of Time to Respond to Motion
to Dismiss**

# EXHIBIT 1

| | |
|---|---|
| 8/28/2016 | Print |
| Subject: | Motion for Extension of Time |
| From: | Oliver Peer (oliver.peerfw@gmail.com) |
| To: | arifmuhammadgc@aol.com; michael@muhammadlawfirm.com; leklayman@gmail.com; |
| Date: | Thursday, August 25, 2016 1:56 PM |

Counsel,

I am e-mailing you on behalf of Mr. Larry Klayman in the matter of Klayman v. Obama (3:16-cv-02010).

Please advise whether you will consent to a 21 day extension, until and including September 19, 2016 for Plaintiff to file his Opposition to Defendant Farrakhan's Motion to Dismiss (Docket No. 6).

Thank you for your courtesy and cooperation in this matter.

Best Regards,
Oliver Peer

about:blank   1/1

7

Minister Farrakhan's Response in Opposition to
Motion for Extension of Time to Respond to Motion
to Dismiss