**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY KLAYMAN,** | § | |
| **a Natural Person and Resident of Florida,** | § | |
| **on behalf of himself and all U.S. police** | § | |
| **officers, Jews, and Caucasians** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 3:16-CV-02010-L** |
| | § | |
| **v.** | § | |
| | § | |
| **BARACK HUSSEIN OBAMA, ET AL.** | § | |

**Defendants.**

**DEFENDANT REVEREND AL SHARPTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b)(1)(2)(6) AND 12 (h)(3) AND BRIEF IN SUPPORT**

KEVIN B. WIGGINS
CAMILLE STEARNS MILLER

White & Wiggins, L.L.P.
1700 Pacific Avenue, Suite 3740
Dallas, Texas 75201
Telephone: (214) 665-4150
Telecopier: (214) 665-4160
**Attorneys for Reverend Al Sharpton**

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........................................................................................ iii

I. SUMMARY OF ARGUMENT ........................................................................... 1

II. PROCEDURAL HISTORY ............................................................................... 2

III. FACTUAL BACKGROUND ............................................................................. 2

IV. ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL ................................ 3

A. Plaintiff Lacks Standing. ............................................................................. 3

1. Plaintiff Does Not Have General Standing ......................................................... 3

2. Plaintiff Fails to Plead Proper Third-Party Standing. ........................................... 5

B. Plaintiff's Complaint Must be Dismissed for Lack of Personal Jurisdiction ............. 7

C. Applicable Legal Standard Fed. R. Civ. P. 12 (b)(6) Motion. .................................. 7

D. Plaintiff Fails to State a 42 U.S.C. § 1983 Claim Against Rev. Sharpton. ................ 8

E. Plaintiff Fails to State a 42 U.S.C. § 1985(1) Claim Against Rev. Sharpton. .......... 10

F. Plaintiff Fails to State a 42 U.S.C. § 1985(2) Claim Against Rev. Sharpton. .......... 11

G. Plaintiff Fails to State a 42 U.S.C. § 1985(3) Claim Against Rev. Sharpton. ......... 13

H. Plaintiff Fails to State A Claim Against Rev. Sharpton Per *Bivens v. VI Unknown Federal Narcotics Agents* Because he Fails to Plead that Rev. Sharpton is a Federal Officer or Government Official. ......................................................................... 14

I. Plaintiff Failes to State a Claim Against Rev. Sharpton Under Fl. St. 874, et. seq. Because he has Failed to Adequately Plead the Existence of a "Criminal Gang" or that Rev. Sharpton's Actions were done for Primarily Criminal or Delinquent Purposes.. . 16

J. Plaintiff Fails to State an Assault Claim Against Rev. Sharpton Because He Fails to Allege Phsyical Contact or Threats Directed at Him. ............................................. 19

K. Plaintiff's Fails to State a Claim Against Reverend Sharpton for Intentional Infliction of Emotional Distress Because He Fails to Adequately Plead that Rev. Sharpton's Actions Were Extreme and Outrageous and that Plaintiff Has Suffered Severe Emotional Distress. ............................................................................. 20

V. CONCLUSION ................................................................................................ 23

**TABLE OF AUTHORITIES**

**Cases**

*Allen v. Wright*, 468 U.S. 737, 750 (1984) ........ 3
*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) ........ 8
*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........ 1, 7, 8, 17
*Bell Atlantic Corp v. Trombly,* 550 U.S. 544 (2007) ........ 1, 8
*Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) ........ 10
*Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir.1995) ........ 8
*Bivens v. Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) ........ 14, 15, 16
*Bradt v. Smith,* 634 F.2d 796, 800, 801-02 (5th Cir. 1981) ........ 12
*Brandenburg v. Ohio, 395 U.S. 444 (1969)* ........ 18
*Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 284 n.15 (1993) ........ 10
*Caballero v. De*, 2014 Fla. Cir. LEXIS 1910, 35-37 ........ 16, 17
*Campbell v. City of Clarksdale, Miss.*, 2:08CV225-P-S, 2011 WL 2604739, at *2 (N.D. Miss. June 30, 2011) ........ 10
*Carlson v. Green*, 446 U.S. 14 (1980) ........ 14
*Castillo v. State*, 170 So.3d 112, 115 (Fla. 4th DCA) ........ 18
*Chance v. Rice University*, 984 F.2d 151, 153-54 (5th Cir. 1993) ........ 20, 22
*Collins v. Morgan Stanley Dean Witter,* 224 F. 3d 496, 498-499 (5th Cir. 2000) ........ 2
*Cornish v. Correctional Services Corp.*, 402 F.3d 545, 548 (5th Cir. 2005) ........ 8
*Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) ........ 14, 15, 16
*Craig v. Boren*, 429 U.S. 190 (1976) ........ 6
*Davis v. Bayless,* 70 F. 3d 367, 372 n.3 (5th Cir. 1995) ........ 2
*Davis v. F.E.C.*, 554 U.S. 724, 733 (2008) ........ 3
*Davis v. Passman*, 442 U.S. 228 (1979) ........ 14
*Dean v. Ford Motor Credit Co.*, 885 F.2d 300 (5th Cir. 1989) ........ 21
*Deubert v. Gulf Fed. Sav. Bank,* 820, F. 2d 754, 757 (5th Cir. 1987) ........ 13
*Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 74-75 (1978) ........ 5
*Estes v. Ramirez*, 2014 U.S. Dist. LEXIS 188651 (S.D. Tex) ........ 15, 16
*FDIC v. Meyer*, 510 U.S. 471, 485 (1994) ........ 14
*Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ........ 8, 19
Francis v. Kane, 246 S.W. 2d 279, 281 (Tex. Civ. App.-Amarillo 1951, no writ) ........ 19
*FW/ PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990) ........ 4
*Garza v. Lewis v. Cont'l Airlines, Inc.*, 80 F. Supp. 2d 686, 695 (S.D. Tex. 1999) ........ 19
*Griswold v. Connecticut*, 381 U.S. 479 (1965) ........ 6
*GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999) ........ 22, 23
*Hanna v. Hone Ins. Co.,* 281 F.2d 298, 303-304 (5th Cir. 1960) ........ 9, 10
*Helicopter vs. Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408 413-414. (1984) ........ 7
*Hillard v. Ferguson,* 30 F.3d 649, 653 (5th Cir.1994) ........ 10
*Kaiser Aluminum and Chem Sales, Inc. v. Avondale Shipyards, Inc.* 677 F.2d 1045, 1050 (5th Cir. 1982) ........ 8
*Labor v. Triplett*, 494 U.S. 715 (1991) ........ 6
*Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) ........ 3
*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ........ 4
*Lynch v. Cannatella,* 810 F.2d 1363, 1370 (5th Cir. 1987) ........ 9
*McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1218 (5th Cir. 1987) ........ 12

*Minneci v. Poland,* 132 S.Ct. 617 (2012) .......... 15, 16
*Norris v. Hurst Trust*, 500 F. 3d 454, 461 n.9 (5th Cir. 2007).......... 2
*Peterson v. Cain*, 302 F.3d 508, 512 (5th Cir. 2002).......... 6
*Powers v. Ohio*, 499 U.S. 400, 414 (1991) .......... 6
*Preble v. Young,* 999 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1999, no pet.) .......... 19
*Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).......... 20
*Salmon v. Miller,* 951 F. Supp. 103, 107 (E.D. Tex. 1996) .......... 13
*Sierra Club v. Morton*, 405 U.S. 727, 740–741, n. 16, 92 S.Ct. 1361, 1368–1369, n. 16, 31 L.Ed.2d 636 (1972) .......... 3
*Simon v. Eastern Ky. Welfare *561 Rights Organization*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976) .......... 4
*Singleton v. Wulff*, 428 U.S. 106, 116 (1976) .......... 6
*Snyder v. Phelps*, 562 U.S. 443, 451 (2011) .......... 22
*Tidelands Auto Club v. Walters*, 699 S.W.2d 939, 940-41 (Tex. Civ. App. 1985) .......... 21
*Twyman v. Twyman*, 855 S.W.2d 619, 631 (Tex. 1993).......... 21
*Warth v. Seldin*, 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975) .......... 3, 4, 6
*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) .......... 3
*Wilson v. Monarch Paper Co*., 939 F.2d 1138, 1143 (5th Cir. 1991) .......... 21

**Statutes**

42 U.S.C. § 1983.......... 8, 9, 10
42 U.S.C. § 1985 (1) .......... 10, 11
42 U.S.C. § 1985 (2) .......... 12, 13
42 U.S.C. § 1985 (3) .......... 13
Fl. St. § 874.02 (2) .......... 16
Fl. St. § 874.02 (1) .......... 16, 19
Fl. St. § 874.03 (2)-(4) .......... 16
Fl. St. § 874.03 (1) and (2).......... 16
Fl. St. § 874.03 (1) .......... 18
Florida "Criminal Gang Prevention Act", Fl. St. § 874.01 .......... 16
Florida Statute § 874.03(1) .......... 17

**Rules**

Fed. R. Civ. P. 12 (b)(1).......... 1, 2, 3
Fed. R. Civ. P. 12 (b)(2).......... 1, 2
Fed. R. Civ. P. 12 (b)(3).......... 2
Fed. R. Civ. P. 12 (b)(4).......... 2
Fed. R. Civ. P. 12 (b)(5).......... 2
Fed. R. Civ. P. 12 (b)(6).......... 1, 9
Fed. R. Civ. P. 12 (h)(3).......... 1, 3
Fed. R. Civ. P. 8 .......... 10
Fed. R. Evid. 201 (c)(2) .......... 2

**Other Authorities**

Article III of the Constitution .......... 3, 5
Fifth Amendment to the U.S. Constitution .......... 15
First Amendment to the U.S. Constitution.......... 18, 22
Restatement (Second) Torts Section 46, cmt. d. .......... 21

**TO THE HONORABLE COURT:**

Defendant Reverend Al Sharpton (hereinafter referred to as "Rev. Sharpton"), responds to Plaintiff Larry Klayman's ("Plaintiff or Klayman") Complaint ("Complaint") [DKT. No. 1] by filing this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1)(2)(6) and 12 (h)(3).

## I. SUMMARY OF ARGUMENT

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1) and Fed. R. Civ. P. 12 (h)(3) because Plaintiff has no standing to bring his claims before this Court. Plaintiff fails to satisfy either the elements of "general standing" or "third party standing". Further, Plaintiff's Complaint fails to establish personal jurisdiction for Rev. Sharpton pursuant to Fed. R. Civ. P. 12 (b)(2).

In addition, all of Plaintiff's causes of action should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6). Plaintiff has failed to plead sufficient facts for any of his causes of action to meet the standard for such claims cited in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Plaintiff's entire Complaint is nothing more than labels and conclusions or a formulaic recitation of the elements of a cause of action which cannot survive a motion to dismiss. *Iqbal* at 678. *See Bell Atlantic Corp v. Trombly,* 550 U.S. 544 (2007). Plaintiff has utterly failed to plead any plausible claims and such failure prevents this Court from drawing any reasonable inference that Rev. Sharpton is liable under the alleged claims. *Iqbal* at 678. Accordingly, Rev. Sharpton requests the Court to grant his Motion to Dismiss in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint on July 9, 2016, against several Defendants[1]. [DKT. No. 1] On August 7, 2016, Minister Louis Farrakhan ("Minister Farrakhan") filed his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(1)(2)(3)(4)(5) and 12 (h)(3).

## III. FACTUAL BACKGROUND

Plaintiff sued, *inter alia,* Rev. Sharpton, a resident of the State of New York, contending that Rev. Sharpton individually and in concert with the other Defendants conspired to start a race war in the United States of America. Plaintiff accuses the Defendants of inciting Black people to commit unlawful acts including riots, assaults and murder of law enforcement, persons and persons of all races and ethnicities, Jews and Caucasians. *See* Complaint ¶¶ 15 – 18, 130-141.

His specific allegations against Rev. Sharpton are that: (1) during a rally on December 15, 2014, in New York City participants chanted the following: "What do we want? Dead Cops! When do we want it? Now!"[2]; (2) he made statements encouraging "using civil rights" laws to outlaw local police departments and create a "nationalized" police force or have "the U.S. Department of Justice take over policing all across the country"; and (3) he made various statements during various rallies and protests, all of which occurred outside of Texas, which

---

[1] President Barack Hussein Obama, Minister Louis Farrakhan, Eric Holder, Rashad Turner, Opal Tometi, Patrisse Cullors, Alicia Garza, DeRay McKesson and Reverend Al Sharpton collectively referred to as "Defendants".

[2] Rev. Sharpton asks the Court to take judicial notice, per the provisions of FED. R. EVID. 201 (c )(2) that Rev. Sharpton <u>was not present</u> during the march held in New York City on December 15, 2014. [sic] (Emphasis added). (The march was actually held on Saturday, December 13, 2014). According to the articles Plaintiff cites in Footnote 49 of the Complaint, the articles explain that Rev. Sharpton was leading a march in Washington D. C. during the time of the march in New York City. *See* Articles dated December 13, 2014, referenced in Plaintiff's Complaint and, attached hereto as Rev. Sharpton's Exhibit A, Appendix No. 0001 - 0011. In *Norris v. Hurst Trust*, 500 F. 3d 454, 461 n.9 (5th Cir. 2007) the Court states it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record. Pleadings in the Rule 12 (b)(6) context include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter,* 224 F. 3d 496, 498-499 (5th Cir. 2000). Likewise, [d]ocuments that a defendant attaches to a motion to dismiss are considered pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim. *Id. See also Davis v. Bayless,* 70 F. 3d 367, 372 n.3 (5th Cir. 1995).

incited third parties to assault and/or kill police officers. *See* Complaint ¶¶ 131 – 133, 135-141.

## IV. ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL

### A. Plaintiff Lacks Standing.

#### 1. Plaintiff Does Not HaveGeneral Standing .

Rev. Sharpton moves the Court to dismiss Plaintiff's Complaint in its entirety based on the Court's lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1) and Fed. R. Civ. P. 12 (h)(3). Federal courts are courts of limited jurisdiction—their power is limited to those issues authorized by Article III of the Constitution and questions arising under federal law. Within the limits of Article III, the Constitution limits the federal court's exercise of jurisdiction through the case or controversy requirement. *Allen v. Wright*, 468 U.S. 737, 750 (1984). As a tool for determining the existence of a live case or controversy, the courts require that the plaintiff have standing to bring suit. This requirement is an essential and unchanging part of the case or controversy requirement of Article III. *Davis v. F.E.C.*, 554 U.S. 724, 733 (2008).

Over the years, the Supreme Court's cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, *See Id*., at 756, 104 S.Ct., at 3327; *Warth v. Seldin*, 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740–741, n. 16, 92 S.Ct. 1361, 1368–1369, n. 16, 31 L.Ed.2d 636 (1972); 1 and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the

independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare *561 Rights Organization*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id*., at 38, 43, 96 S.Ct., at 1924, 1926. [5] [6] [7] The party invoking federal jurisdiction bears the burden of establishing these elements. *See FW/ PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990); *Warth, supra*, 422 U.S., at 508, 95 S.Ct., at 2210.

In this case, Plaintiff cannot establish standing. First, Plaintiff has failed to plead facts which state that he has sustained an injury in fact. Klayman is the only Plaintiff in the case. He simply pleads that he has been "subject to and continues to be subject to, fear and intimidation of serious bodily injury or death," without providing any specific facts. *See* Complaint ¶ 14. Plaintiff's Complaint discusses events in New York City, Missouri, Dallas and other locations far from his home in Florida. Plaintiff has not pled that he was in attendance at any of the rallies or assemblies where Rev. Sharpton spoke or protested acts regarding law enforcement officers. All of Plaintiff's claims are based upon hypotheticals and speculation. He further fails to plead "how his alleged injuries" are traceable to specific statements made by Rev. Sharpton.

Second, assuming Plaintiff has established an injury in fact, Plaintiff fails to show that Rev. Sharpton's actions caused his injury. To prove causation, the injury suffered cannot be the result of the "independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's Complaint establishes no actions by Rev. Sharpton that incited the specific chants on December 15, 2014, in New York City; resulted in the alleged threats and death of two New York City police officers on December 20, 2014; or

resulted in the alleged threat and intimidation suffered by Plaintiff.[3] *See* Complaint ¶¶ 14, 135-36. The alleged injuries suffered by Plaintiff, while at all relevant times residing in Florida, are too attenuated from Rev. Sharpton's alleged actions of participating in a rally in New York City. In addition, all alleged such injuries that Plaintiff may have suffered have been the result of independent actions of third parties. Therefore, Plaintiff has failed to allege facts sufficient to establish causation.

Third, Plaintiff fails to meet the redressability requirement. To establish redressability, a claimant must show the likelihood that a court ruling in his favor would remedy his injury. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 74-75 (1978). Based on Plaintiff's Complaint, there is no injury suffered that may be redressed. Although compensatory, actual, punitive, and treble damages are recoverable for the various claims brought by Plaintiff, Plaintiff has not pled sufficient facts to show an injury or causation to plead he is entitled to redress for these claims. Therefore, Plaintiff does not have general standing to bring suit against Rev. Sharpton.

**2. Plaintiff Fails to Plead Proper Third-Party Standing.**

Although Plaintiff does not have general standing to bring the claims against Rev. Sharpton, he may argue that he is entitled to assert third-party standing on behalf of the class of "police officers and other law enforcement persons of all races and ethnicities, Jews, and Caucasians." *See* Complaint. Even where the Article III requirements are met, "prudential considerations" require a claimant must generally assert his or her own legal interests, and cannot rest his or her claim to relief on the legal rights or interests of third parties. *See Warth* at

[3] The complaint further fails to allege acts committed by Reverend Sharpton's which led to the shooting deaths of the Dallas and DART Police Officers and the increase in violence in more than 30 major U.S. cities. *See* Complaint ¶¶ 20-21.

499.

In establishing third-party standing, plaintiff must show: (1) an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome; (2) a close relationship with the injured party; and (3) a hindrance to the third-party's ability to protect his or her interest. *Peterson v. Cain*, 302 F.3d 508, 512 (5th Cir. 2002). The analysis for injury in fact is the same as that for general standing. As demonstrated above, Plaintiff has failed to meet this burden by pleading an actual and particularized injury experienced by him. Even assuming Plaintiff can establish an injury suffered, he cannot meet the second requirement of third-party standing, i.e. a close relationship with the injured parties. The Supreme Court has stated that such a relationship is established when a "congruence of interests" exist, making it "necessary and appropriate" for the plaintiff to raise the third party's rights. *Powers v. Ohio*, 499 U.S. 400, 414 (1991). The relationship contemplated by Plaintiff is not of the type contemplated by the courts.[4] Furthermore, there is no authority for the proposition that racial or religious identity standing alone is sufficient to assert third party standing. Plaintiff's status as Caucasian and Jewish does not provide the necessary close relationship with other Caucasians and members of the Jewish faith to assert third-party standing on their behalf. As such, Plaintiff has failed to allege facts sufficient to establish a close relationship with the alleged injured parties.

Finally, Plaintiff has failed to allege facts that there is a hindrance to the injured third-party's ability to protect his interests. *Id.* at 411. This requirement is met when "requiring a third party to assert his own alleged right would result in nullification of the right at the very moment of its assertion." *Singleton v. Wulff*, 428 U.S. 106, 116 (1976). There are no facts in the

[4] *See Griswold v. Connecticut*, 381 U.S. 479 (1965)(physician asserting claims on behalf of contraception patients); *Craig v. Boren*, 429 U.S. 190 (1976)(beer vendor asserting Equal Protection claims on behalf of males); *Labor v. Triplett*, 494 U.S. 715 (1991)(attorney challenging attorney fee restriction by asserting Due Process violations on behalf of clients).

Complaint alleging that those who suffered the alleged injuries, or those legally entitled to assert their claims such as relatives of deceased police officers, have been hindered from asserting their own legal claims. Therefore, Plaintiff cannot assert third-party standing.

**B. Plaintiff's Complaint Must be Dismissed for Lack of Personal Jurisdiction.**

Rev. Sharpton adopts and incorporates by reference the Standard of Review, case citations and arguments submitted by Defendant Minister Louis Farrakhan regarding claims of personal jurisdiction. [DKT. No. 6 pp. 11-15].

Plaintiff correctly states in his Complaint that Rev. Sharpton is a citizen of the State of New York. Rev. Sharpton does not live or reside in the State of Texas. The Complaint does not allege that any of Rev. Sharpton's alleged offending actions occurred in Texas. Plaintiff has pled no facts to establish that Rev. Sharpton has "minimum contacts" with this forum sufficient "to subject him to *in personam* jurisdiction. *Helicopter vs. Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408 413-414. (1984). As a result, this Court should dismiss Plaintiff's Complaint in its entirety against Rev. Sharpton for lack of personal jurisdiction.

**C. Applicable Legal Standard Fed. R. Civ. P. 12 (b)(6) Motion.**

Fed. R. Civ. P. 12 (b)(6) permits dismissal of a complaint for failure to state a claim upon which relief may be granted. The standard for determining a motion to dismiss for failure to state a claim is well-established. A complaint must have sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft vs. Iqbal*, 556 U.S. 662,678,129 S. Ct. 1937, 1949 (2009). Facial plausibility is found when a Plaintiff pleads facts that allow the court to draw the reasonable inference that the Defendant is liable for the alleged misconduct. *Id*. The plausibility standard is not a probability requirement, but it demands more than a sheer possibility that a defendant has acted unlawfully. *Id*. Similarly, a complaint that merely "offers

labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal* at 678. A plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 545 (2007). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal* at 679. Further, pleadings that are no more than legal conclusions are not entitled to an assumption of truth. *Id.* Instead, a plaintiff must include well-pleaded facts that permit the court to infer more than the mere possibility of misconduct. *Id.*[5]

**D. Plaintiff Fails to State a 42 U.S.C. § 1983 Claim Against Rev. Sharpton.**

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) defendant has deprived the plaintiff of a right secured by the Constitution or laws of the United States; and (2) the defendant acted under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999). "Mere private conduct, no matter how discriminatory or wrongful, is excluded from Section 1983's reach." *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 548 (5th Cir. 2005). Furthermore, private entities are not state actors for purposes of liability under Section 1983. *See Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir.1995).

Plaintiff's Section 1983 claim must be dismissed because he has failed to establish that Rev. Sharpton acted under color of state law. Although Plaintiff defines Rev. Sharpton as a

---

[5] Fed. R. Civ. P. 8 "demands more than an unadorned, the – defendant – unlawfully – harmed – me accusation". *Iqbal*, at 678; (citing *Bell Atlantic* at 555.) Similarly, a complaint that merely contains "labels and conclusions" or makes "naked assertions" without "further factual enhancements" will not survive a motion to dismiss. *Id*. Instead, a Plaintiff must include well- pleaded facts that permit the court to infer more than the mere possibility of misconduct. *Id*. at 678. Furthermore, a legal conclusion found in a complaint is not entitled to an assumption of truth. *Id*. at 680. A Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic* at 555. (*See also Kaiser Aluminum and Chem Sales, Inc. v. Avondale Shipyards, Inc*. 677 F.2d 1045, 1050 (5th Cir. 1982) and *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

"person" for purposes of 42 U.S.C. § 1983 nowhere in Plaintiff's Complaint does he even allege that Rev. Sharpton acted under color of state law. *See* Complaint.

Plaintiff's attempt to supply this necessary element by claiming that Rev. Sharpton somehow conspired with President Obama and Former Attorney General Eric Holder is to no avail.[6] "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald assertions that a conspiracy existed are insufficient." *Lynch v. Cannatella,* 810 F.2d 1363, 1370 (5th Cir. 1987). "Merely characterizing (defendant's) conduct as conspiratorial or unlawful does not set out allegations upon which relief can be granted." *Hanna v. Hone Ins. Co.,* 281 F.2d 298, 303-304 (5th Cir. 1960). In the instant case Plaintiff's only communication cited between Rev. Sharpton and federal officers are meetings at the White House to discuss public unrest arising from police shootings of unarmed citizens. Plaintiff's unsubstantiated and conclusory allegations that Rev. Sharpton conspired with officers of the United States at that meeting to start a race war are insufficient as a matter of law to uphold a claim under Section 1983.

Furthermore, Plaintiff provides no facts establishing that Rev. Sharpton deprived him of a federal right. Rather, Plaintiff merely asserts that "he was subject to and continues to be subject to fear and intimidation of serious bodily injury or death by those who wish to harm him" and that "by the acts and omissions all of the Defendants described above, the Defendants and each of them individually deprived the Plaintiff… of [his] constitutional rights to life and liberty guaranteed by the Fifth Amendment to the U.S. Constitution, as reinforced by the Fourteenth Amendment." *See* Complaint ¶¶ 14, 181. At best, these allegations against Rev. Sharpton are vague, conclusory, and fail to identify any actions in violation of his federal rights.

---

[6] *See* Complaint ¶¶ 106-107.

In *Campbell v. City of Clarksdale, Miss.*, the court held that a claim based on "fear and intimidation" failed to make out a constitutional violation and struck plaintiff's Section 1983 claim. *See Campbell v. City of Clarksdale, Miss.*, 2:08CV225-P-S, 2011 WL 2604739, at *2 (N.D. Miss. June 30, 2011). Accordingly, Plaintiff's attempt to bring a Section 1983 claim against Rev. Sharpton based on a nondescript and spurious constitutional violation allegation must fail. For the same reasons previously stated in the *Hanna* decision, Plaintiff has provided no facts establishing that Rev. Sharpton deprived him of federal rights or that Rev. Sharpton acted under color of state law. Plaintiff's claim fails as a matter of law and should be dismissed.

**E. Plaintiff Fails to State a 42 U.S.C. § 1985 (1) Claim Against Rev. Sharpton.**

To state a claim under 42 U.S.C. § 1985 (1), Plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of preventing a federal officer from holding office or from performing his or her duties; and (3) an act in furtherance of the conspiracy which causes injury to a person or property or a deprivation of any right or privilege of a citizen of the United States. *See* 42 U.S.C. § 1985 (1); *see also Hillard v. Ferguson,* 30 F.3d 649, 653 (5th Cir.1994).

Plaintiff's Section 1985(1) claim against Rev. Sharpton must be dismissed because Plaintiff is not a federal officer, an essential component of a Section 1985(1)[7] claim. *See* 42 U.S.C. § 1985(1); *see also Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 284 n.15 (1993) ("Section 1985(1) applies only to officers of the United States."); *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) ("The Plaintiffs are not federal officials and, therefore, their allegations fail to state a claim under § 1985(1)").

Additionally, Plaintiff's claim must be dismissed because he has failed to allege facts

[7] Plaintiff admits in his Complaint that he is "former federal prosecutor" and serves currently as the founder of Judicial Watch and Freedom Watch. *See* Complaint ¶ 14.

sufficient to establish that Rev. Sharpton committed any act in furtherance of a conspiracy or in any way conspired to prevent officers of the United States from discharging their duties. Plaintiff's muddled allegations do not establish that Rev. Sharpton attempted to prevent any federal officer from holding office or performing their duties by means of force, intimidation, or threat.

Plaintiff again makes conclusory allegations that Rev. Sharpton has "travelled across the mid-west and northeast to hold rallies and protest marches inciting the blacks and others to undertake attacks causing death or serious bodily injury against police officers and law enforcement of all races and ethnicities, Jews and Caucasians." *See* Complaint ¶ 133. Plaintiff also alleges that "Sharpton's actions and statements call for anarchy and encourage blacks to ignore, disrespect, and engage law enforcement officials, namely Caucasian officers, with violence and lethal force." *See* Complaint ¶ 140.

However, nowhere in his Complaint does Plaintiff specify what these alleged inciting and inflammatory acts are, nor does he specify what specific statements Rev. Sharpton made to encourage anarchy and the use of violence against federal officers. Plaintiff instead has desperately attempted to connect Rev. Sharpton with confrontations between local police officers and other private citizens that Plaintiff does not even allege to be affiliated with Rev. Sharpton. *See* Complaint ¶¶ 135-136. Such allegations are insufficient to establish a Section 1985(1) claim.

Because Plaintiff is not a federal officer and he has failed to allege any facts establishing that Rev. Sharpton conspired to prevent officers of the United States from holding office or discharging their duties in violation of Section 1985(1), Plaintiff's claim fails as a matter of law and must be dismissed.

### F. Plaintiff Fails to State a 42 U.S.C. § 1985(2) Claim Against Rev. Sharpton.

To state a claim under 42 U.S.C. § 1985 (2), Plaintiffs must allege: (1) a conspiracy involving two or more persons; that either (2) interferes with federal court proceedings; or (3) interferes with equal protection of the laws in both state and federal courts. *Bradt v. Smith,* 634 F.2d 796, 800, 801-02 (5th Cir. 1981).

Since Plaintiff's Complaint does not allege or even mention interference in federal court proceedings, Plaintiff's claim can only be addressing the portion of Section 1985(2) addressing claims of equal protection of laws in state or federal courts. Nevertheless, Plaintiff's claim should be dismissed because Plaintiff has not alleged facts sufficient to establish that Rev. Sharpton conspired with any party or that such conspiracy interfered with the equal protection of laws in state or federal courts.

Plaintiff does not allege that Rev. Sharpton was in any way involved in any state or federal court proceeding, much less that he conspired to interfere in any such proceeding. The extent of Plaintiff's conspiracy allegations against Rev. Sharpton involve broad and legally insufficient accusations that all of the Defendants named in this lawsuit have conspired to "incite violence, looting, arson, assault against law enforcement and helpless communities with the purpose of making a new 'fundamentally transformed America.'" *See* Complaint ¶ 106. Such broad pleadings simply will not suffice to sustain a claim under Section 1985(2). *See McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1218 (5th Cir. 1987) (finding that the plaintiff "had not alleged any direct deterrence of testimony by force, intimidation or threat," the court held that the plaintiff had failed to state a violation of Section 1985(2)).

Plaintiff has failed to allege facts establishing that Rev. Sharpton conspired to interfere with the administration of justice in state or federal court or the violation of any right, constitutional or otherwise, actionable under Section 1985(2), consequently, Plaintiff's Section

1985 (2) claim against Rev. Sharpton fails as a matter of law and must be dismissed.

**G. Plaintiff Fails to State 42 U.S.C. § 1985 (3) Claim Against Rev. Sharpton.**

To state a claim under 42 U.S.C. § 1985 (3), a plaintiff must allege: (1) an unlawful conspiracy of two or more persons; (2) for the purpose of depriving plaintiff, either directly or indirectly, of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury to the plaintiff's person or property or a deprivation of any right or privilege of the plaintiff as a citizen of the United States. *Deubert v. Gulf Fed. Sav. Bank,* 820, F. 2d 754, 757 (5th Cir. 1987); *Salmon v. Miller,* 951 F. Supp. 103, 107 (E.D. Tex. 1996).

Plaintiff's 1985(3) claim fails as a matter of law because Plaintiff has not alleged any facts establishing that Rev. Sharpton conspired with any other person for the purpose of depriving Plaintiff of any rights under the law, nor has he alleged any facts establishing that Rev. Sharpton acted in furtherance of said conspiracy. Again, the extent of Plaintiff's conspiracy allegations against Rev. Sharpton involve broad and unsupported accusations that all of the Defendants named in this lawsuit have conspired to incite violence against law enforcement of all races and ethnicities, Caucasians, and Jews. *See* Complaint ¶¶ 1, 14-15, 48, 113, 130, 133, 140. Plaintiff, however, provides no actual facts showing the existence of any conspiracy involving Rev. Sharpton or establishing that Rev. Sharpton incited any person to violence against him based on his race.

Plaintiff's Complaint is replete with unsubstantiated assertions and conclusory allegations concerning Rev. Sharpton, none of which come near the factual standard required to make a claim under Section 1985(3). Furthermore, large portions of Plaintiff's Section 1985(3) claim are merely copied verbatim from the statute and allege no specific facts showing any liability on the

part of Rev. Sharpton. *See* Complaint ¶ 194. Rev. Sharpton again relies on the holding in the *Lynch* case that, without more, Plaintiff's Section 1985(3) claim fails as a matter of law and must be dismissed.

**H. Plaintiff Fails to State A Claim Against Rev. Sharpton Per *Bivens v. VI Unknown Federal Narcotics Agents* Because he Fails to Plead that Rev. Sharpton is a Federal Officer or Government Official.**

In *Bivens v. Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the Court established an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights. The purpose of the *Bivens* decision was to deter federal officers, or government officials, from committing constitutional violations. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994).

The five elements of a *Bivens* claim are the following:

(8) Plaintiff has a constitutionally-protected right under the Fourth[8], Fifth[9], or Eighth Amendment[10];

(8) The defendant, a federal officer or government official, violated that right;

(9) Plaintiff lacks a statutory cause of action or the cause of action does not provide for monetary compensation against the defendant[11];

(10) There are no "special factors" suggesting the court should decline to provide a remedy—no evidence Congress has mandated a prohibition on recovery under the circumstances; and

(11) No appropriate immunity can be raised by the defendant.

Following its decision in *Carlson v. Green*, 446 U.S. 141 (1980), in which the Court held that prison personnel, employed by the federal government were subject to a *Bivens* action, the Supreme Court has refused to extend *Bivens* liability to new contexts or new categories of defendants. For example in *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), the Court refused to extend *Bivens* liability to a privately-owned corporation, with whom the federal

---

[8] *See Bivens*.
[9] *Davis v. Passman*, 442 U.S. 228 (1979).
[10] *Carlson v. Green*, 446 U.S. 14 (1980).
[11] *Davis*, 442 U.S. at 245

government contracted to provide half-way house facilities for former federal prisoners. *Malesko*, 534 U.S. at 517-18. The Court found that while the defendant's personnel and the corporation were acting under color of law, there was no private right of action, pursuant to *Bivens*, for damages against private entities that engaged in alleged constitutional deprivations. The court extended this rationale in *Minneci v. Poland,* 132 S.Ct. 617 (2012), holding that *Bivens* could not be used to recover against the individual employees of a privately-operated federal prison. *Estes v. Ramirez*, 2014 U.S. Dist. LEXIS 188651 (S.D. Tex) represents a more recent attempt to institute a *Bivens* action against a private citizen. In *Estes v. Ramirez*, the plaintiff alleged that his former attorneys conspired with federal prosecutors to force a settlement agreement which deprived him of his constitutional rights. The court held that the attorneys, despite their licensure in federal courts and their negotiations with federal prosecutors, were not agents of the federal government or subject to *Bivens* liability— they remained private individuals. *Id*. at 29-30.

In the instant case, even if Plaintiff has sufficiently pled that Rev. Sharpton infringed upon his constitutionally-protected right to life under the Fifth Amendment to the U.S. Constitution, Plaintiff fails to plead that Rev. Sharpton is a federal officer or government official subject to *Bivens* liability. In the Complaint, Plaintiff alleges Rev. Sharpton is a friend and "close confidant" of President Barack Obama ("President Obama"), and that he is a frequent visitor to the White House where he participates in "meetings designed to further a race war for their [joint] political missions and agendas." *See* Complaint ¶ 141. While Plaintiff alleges Rev. Sharpton has met with President Obama, who is a government official, Plaintiff alleges no facts that Rev. Sharpton has been employed by President Obama or any other federal governmental official. Rev. Sharpton's connection with the federal government is even more attenuated than

the circumstances in *Malesko, Minneci, and Ramirez*; in which Courts held *Bivens* actions would not lie.

Because the facts pled in Plaintiff's complaint provide an even weaker connection between Rev. Sharpton and the federal government than in the cases cited above, there is no plausible basis to contend that he is subject to *Bivens* liability. To allow a *Bivens* action to proceed against Rev. Sharpton would be contrary to the purposes for which the decision was constructed and have no effect on deterring "*government agents*".

**I. Plaintiff Fails to State a Claim Against Rev. Sharpton Under Fl. St. 874, et. seq. Because he has Failed to Adequately Plead the Existence of a "Criminal Gang" or that Rev. Sharpton's Actions Were Done for Primarily Criminal or Delinquent Purposes.**

Plaintiff alleges that Rev. Sharpton and the other defendants have collectively violated various provisions of the Florida "Criminal Gang Prevention Act", Fl. St. § 874.01 *et. seq*. However, to state a claim under this statute, Plaintiff must establish: (1) the existence of a "criminal gang" as defined by the statute, Fl. St. § 874.03(1) and (2) that Rev. Sharpton engaged in "criminal gang activity" as defined by Fl. St. § 874.03 (2)-(4) . *Caballero v. De*, 2014 Fla. Cir. LEXIS 1910, 35-37.

> The purpose of the Florida Criminal Gang Enforcement and Prevention Act is to [prevent] criminal gang activity and [halt] the real and present danger posed by the proliferation of criminal gangs and the graduation from more primintive forms of criminal gangs to highly sophisticated criminal gangs. *See* 874.02(2).

Notwithstanding the foregoing, the legislature stated the following:

> …It is not the intent of this chapter to interfere with the exercise of the constitutionally protected rights of freedom of expression and association. The Legislature recognizes the constitutional right of every citizen to harbor and express beliefs on any lawful subject whatsoever, to lawfully associate with others who share similar beliefs, to petition lawfully constituted authority for a redress of perceived grievances, and to participate in the electoral process. *See* 874.02 (1).

Florida Statute § 874.03(1) defines a "Criminal gang" as

> [A] formal or informal ongoing organization, association, or group that has one of its primary activities the commission of criminal or delinquent acts, and that consists of three or more persons who have a common name or common identifying signs, colors, or symbols, including, but not limited to, terrorist organizations and hate groups.

Plaintiff's Complaint fails to allege facts showing that Rev. Sharpton and the other Defendants compose a "criminal gang" within the meaning of the statute. Specifically, Plaintiff has failed to allege facts that the Defendants acted as a group, formally or informally. In paragraphs 129 – 141 of his Complaint, Plaintiff describes some of Rev. Sharpton's activities in New York, Missouri and Washington, D.C. Nowhere does he suggest that any other Defendant played any role whatsoever in his activities or those of the National Action Network. In *Caballero,* the Florida court found the existence of two criminal gangs. Both gangs, although not formally created under the laws of any state or foreign government, had an organizational structure and hierarchy, and *together* they committed various lawless acts. *Caballero,* 2015 Fla. Cir. LEXIS 1910 at 7.

In the instant case, Plaintiff fails to adequately plead that the Defendants constituted a criminal gang. Plaintiff's Complaint merely describes numerous instances wherein each of the individual Defendants, working alone or under their own organizations, independently held rallies and spoke out against police violence. Plaintiff points to no incidents of coordinated activity amongst all the Defendants.[12] Plaintiff's Complaint doesn't even allege facts tending to show that all Defendants have ever been in the same place at the same time. (Emphasis added). The Complaint provides no facts from which a plausible inference could be drawn of a collective

[12] Plaintiff alleges that President Obama and Eric Holder "conspired with" all Defendants, but provides no facts to support the existence of these activities. *See* Complaint ¶ 107. In each of the individual sections, Plaintiff's allegations are specific to each Defendant without providing any facts that all Defendants acted *together*—even the individual allegations fail *Iqbal's* plausibility standard.

group effort by all the Defendants to act as an organization, association, or group. Although the facts alleged by the Plaintiff make it plausible that all the Defendants were advocating similar ideas and goals, that alone does not make their action group activity, much less coordinated criminal group activity, without some evidence of unity between the Defendants.

Plaintiff's Complaint further fails to allege that all Defendants had any other indicia of a "criminal gang" In *Castillo,* the court found the existence of a "criminal gang" with support of identifying group symbols, including a tattoo which its members bore. *Castillo v. State*, 170 So.3d 112, 115 (Fla. 4th DCA). In the instant case, there is no allegation the Defendants employed a "common name or common identifying signs, colors, or symbols." Fl. St.§ 874.03 (1) Because Plaintiff's Complaint fails to show any indicia of the formation of a "criminal gang" among the Defendants, his claim must be dismissed.

Finally, Plaintiff's Complaint fails to allege facts that the alleged group's activities were done primarily for "criminal and delinquent" purposes. In *Castillo*, the criminal gang and its members committed acts of violence and committed drug trafficking offenses in the name of the gang. *Id*. at 114-16. The gang was formed for the primary purposes of committing these offenses. *Id*. Plaintiff has pled no facts that the named Defendants collectively committed criminal or delinquent acts. Throughout the Complaint, Plaintiff attempts to infer through the use of conclusory statements that Rev. Sharpton is responsible for criminal acts allegedly committed by persons inspired or influenced by Rev. Sharpton. Plaintiff makes no allegation, however, that Rev. Sharpton actually committed any criminal act or directed anyone else to commit a criminal act. Moreover, the statements he quotes Rev. Sharpton as making are clearly speech protected by the First Amendment to the U.S. Constitution. *Brandenburg v. Ohio*,[13] and speech which the

---

[13] 395 U.S. 444 (1969).

Florida legislature clearly sought not to infringe by passing the Criminal Gang Enforcement and Prevention Act. Fl. St. § 874.02 (1). Because the Complaint merely offers "labels or conclusions regarding the existence of a "Criminal Gang" and Rev. Sharpton's status as a "Criminal Gang Associate" or "Criminal Gang Member", Plaintiff has failed to state a claim under the Florida Criminal Gang Enforcement and Prevention Act and his claim must be dismissed.

**J. Plaintiff Fails to State an Assault Claim Against Rev. Sharpton Because He Fails to Allege Physical Contact or Threats Directed at Him.**

To establish a claim for assault in a civil action, the plaintiff must show that the defendant intentionally or knowingly threatened him with imminent bodily injury. *See Garza v. Lewis v. Cont'l Airlines, Inc.*, 80 F. Supp. 2d 686, 695 (S.D. Tex. 1999). Moreover, to prevail, a plaintiff must show that physical contact occurred. *See Preble v. Young,* 999 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1999, no pet.).[14] Plaintiff's assault claim against Rev. Sharpton should be dismissed because Plaintiff has failed to allege facts establishing Rev. Sharpton's liability for assault. Plaintiff does not allege any physical contact with Rev. Sharpton or any person associated with Rev. Sharpton. Plaintiff does not allege that Rev. Sharpton threatened him with imminent bodily injury, nor does he allege that Rev. Sharpton directed any other person to do so. Although Plaintiff alleges that he continues to be subject to fear and intimidation from Rev. Sharpton, he fails to specify even one instance where Rev. Sharpton has directed any threat of harm towards him. Plaintiff's only references to statements made by Rev. Sharpton center

---

[14] A defendant may also be liable for assault if a plaintiff states facts showing that the defendant directed, advised, encouraged or aided in the alleged assault. *Francis v. Kane,* 246 S.W. 2d 279, 281 (Tex. Civ. App.-Amarillo 1951, no writ). Overt participation or some form of encouragement in the commission of the assault is also required. *Id*. at 281. Conclusory allegations should not survive a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

around his call for assistance from the Justice Department and continued efforts to shed light on the cases of citizens killed by police officers. *See* Complaint ¶¶ 132, 138. Such allegations are legally deficient to establish a claim for assault.

Because Plaintiff has failed to allege any facts establishing that Rev. Sharpton assaulted or directed, advised, encouraged or aided any assault on Plaintiff, his claim for assault against Rev. Sharpton must be dismissed as a matter of law.

**K. Plaintiff's Fails to State a Claim Against Rev. Sharpton for Intentional infliction of Emotional Distress Because He Fails to Adequately Plead that Rev. Sharpton's Actions Were Extreme and Outrageous and that Plaintiff Has Suffered Severe Emotional Distress.**

Plaintiff alleges that all Defendants, including Rev. Sharpton, intentionally inflicted emotional distress ("IIED") upon himself. Plaintiff pleads that in the Defendants' acts of "promoting and/or carrying out actions of violence against police officers and other law enforcement persons of all race and ethnicities, Jews, and Caucasians," they acted maliciously or with reckless indifference to the likelihood that such behavior would cause severe emotional distress, and with utter disregard for the consequences of such actions. *See* Complaint ¶ 217.

To prevail on a claim for IIED under Texas law, Plaintiff must allege: (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions caused plaintiff emotional distress; and (4) plaintiff's emotional distress was severe. *Chance v. Rice University*, 984 F.2d 151, 153-54 (5th Cir. 1993), *see also Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

First, Plaintiff pled no facts that Rev. Sharpton acted intentionally or recklessly. To establish intent or reckless behavior by a defendant, plaintiff must show that the defendant desired to inflict severe emotional distress or he knows that such distress is substantially certain to result from such conduct. *Tidelands Auto Club v. Walters*, 699 S.W.2d 939, 940-41 (Tex. Civ.

App. 1985). Plaintiff asserts that Rev. Sharpton led "incendiary and inflammatory rallies" which brought about "discord and hatred in our Nation." *See* Complaint ¶¶ 134, 139. Plaintiff's Complaint does not allege facts that Rev. Sharpton held these rallies with any intent to inflict emotional distress. In fact, Plaintiff's Complaint fails to assert that Rev. Sharpton held the rallies with knowledge that severe emotional distress was *substantially certain* to result from the conduct.

Second, Plaintiff pled no facts that Rev. Sharpton's actions were extreme and outrageous. A defendant's conduct is considered "outrageous" if it surpasses "all possible bounds of decency," such that it is regarded as atrocious and utterly intolerable in civilized community. *Dean v. Ford Motor Credit Co.*, 885 F.2d 300 (5th Cir. 1989)(quoting Restatement (Second) Torts Section 46, cmt. d.). The Supreme Court of Texas has stated that the outrageousness requirement is not satisfied by mere insults, indignities, annoyances, or rough language. *Twyman v. Twyman*, 855 S.W.2d 619, 631 (Tex. 1993). In addition, extreme and outrageous character of the conduct must be analyzed within its context. *Wilson v. Monarch Paper Co*., 939 F.2d 1138, 1143 (5th Cir. 1991). Plaintiff has failed to show that participating in protests or rallies in New York was extreme or outrageous conduct. Plaintiff pleads that Rev. Sharpton hosted rallies in Ferguson, Missouri and New York City, and that marchers at these rallies chanted "death threats" to police. *See* Complaint ¶ 134. There are no facts pled that those chants were either initiated or engaged in by Rev. Sharpton himself. Rev. Sharpton's actions, taken as a whole, are protected actions under his First Amendment Right of Assembly and statements made by Rev. Sharpton himself are protected under the First Amendment's Free Speech Clause.[15] Although Plaintiff provides some context by stating that these rallies were held

---

[15] The First Amendment of the U.S. Constitution can serve as a defense in state tort suits, including suits for

in response to the deaths of Michael Brown and Eric Garner, Plaintiff fails to show that Rev. Sharpton's acts of hosting these rallies were outrageous in themselves. *See* Complaint ¶ 133. Taken within this context and with no facts pled that Rev. Sharpton engaged in any of the chanting while rallying, Rev. Sharpton's actions were neither extreme nor outrageous.

Third, Plaintiff has pled no facts that Rev. Sharpton's actions caused any emotional distress. In *Chance*, plaintiff alleged that defendant paid her less than she was entitled to in her position as a professor and as a result she suffered severe emotional distress. *Chance*, 984 F.2d at 122. In denying her IIED claim, the Fifth Circuit found that she failed to set forth facts that defendant's acts caused her distress, but rather found extensive evidence of other elements present in plaintiff's life, not attributable to defendant, that caused the emotional distress. *Id*. at 154. Similarly, Plaintiff here fails to show causation. Of the alleged emotional distress suffered by Plaintiff, these are all attributable to other actors and factors independent of Rev. Sharpton and his actions. Therefore, Plaintiff has not pled facts to prove the causation element of IIED.

Finally, Plaintiff has failed to allege facts regarding severe emotional distress. Plaintiff states that he has suffered "conscious pain, suffering, and severe emotional distress and the fear of imminent serious bodily injury or death." *See* Complaint ¶ 220. Emotional distress of the type contemplated under the laws of Texas includes all "highly unpleasant mental reactions such as embarrassment, fright, horror, grief, shame, humiliation and worry." *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999). Such distress suffered must be so severe that no reasonable person could be expected to endure it. *Id.*[16,17] *Id*. Plaintiff's assertions within the

intentional infliction of emotional distress. *See Snyder v. Phelps*, 562 U.S. 443, 451 (2011). More specifically, speech on matters of "public concern"—speech relating to any matter of political, social, or other concern to the community—is of the type within the First Amendment's protections. *Id*. at 453. Within the context of Reverend Sharpton's statements, these are arguably issues of public concern related to politics and the fabric of our society.

[16] In *GTE Southwest*, employees testified that as a result of being exposed to their employer's outrageous and

complaint are simply statements of the claims itself. Thus, Plaintiff's allegations against Rev. Sharpton regarding the IIED claims are nothing more than mere legal conclusions and must be dismissed as a matter of law.

## V. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state plausible claims under any of the above-described causes of action.

WHEREFORE, Rev. Sharpton prays that this Court dismiss all of Plaintiff's claims against him set forth in his Complaint and for any other relief to which he is entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

---

harassing conduct, they experienced emotional problems including anxiety, depression, difficulty sleeping, and depression. *Id*. at 619. In addition, these emotional problems suffered by the plaintiffs manifested into physical symptoms such as nausea, stomach disorders, and headaches.

[17] While there is no requirement that the plaintiff suffer a physical symptom of their emotional distress, physical illnesses provide further evidence of a distressing response suffered by a Plaintiff.

Respectfully submitted,

**WHITE & WIGGINS, L.L.P.**

/s/ Kevin B. Wiggins
Kevin B. Wiggins
State Bar No. 21441600
Camille Stearns Miller
State Bar No. 24030235
H. Ron White
State Bar No. 21303500
1700 Pacific Avenue, #3740
Dallas, Texas 75201
(214) 665-4150 (Telephone)
(214) 665-4160 (Facsimile)

**ATTORNEYS FOR DEFENDANT REVEREND AL SHARPTON**

## CERTIFICATE OF SERVICE

I hereby certify that on September 2nd, 2016 the foregoing document was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

Larry E. Klayman
FREEDOM WATCH
2020 Pennsylvania Avenue N.W.
Suite 345
Washington, DC 20006
**Attorney for Plaintiff**

Michael K. Muhammad
MUHAMMAD LAW FIRM
325 N. St. Paul
Suite 2475
Dallas, Texas 75201
**Attorney for Defendant Louis Farrakhan**

/s/ Kevin B. Wiggins
KEVIN B. WIGGINS