## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY KLAYMAN,** | § | |
| | § | |
| **Plaintiff**, | § | CIVIL ACTION NO. |
| **v.** | § | 3-16-CV-02010-L |
| | § | |
| **BARACK HUSSEIN OBAMA, et al** | § | |
| | § | |
| **Defendants.** | | |

### THE HONORABLE MINISTER FARRAKHAN'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL REPLY, MOTION TO EXTEND TIME, REPLY, AND TO PRECLUDE PLAINTIFF FROM FILING A RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

**TO THE HONORABLE COURT:**

COMES NOW, The Honorable Minister Louis Farrakhan ("Minister Farrakhan"), Defendant, by and through his attorneys of record, and hereby respectfully move this Court for an Order  1) striking Plaintiff's Supplemental Reply in its entirety and removal of the same from the ECF system; 2) striking Plaintiff's Motion to Extend Time to Respond to Defendant Farrakhan's Motion to Dismiss, or in the alternative striking therefrom language that is scandalous, irrelevant, immaterial and libelous; 3) striking Plaintiffs Reply, or in the alternative striking therefrom language that is scandalous, irrelevant, immaterial and libelous; 4) directing Plaintiff to read *Dondi.* and to comply therewith; 5) and, precluding Plaintiff from filing a Response to Defendant's Motion to Dismiss the Complaint.

Plaintiff's Supplemental Reply represents yet another instance in which Plaintiff improperly utilizes the process of filing pleadings, an objection, and motions with this Court for the purpose of launching scandalous and libelous attacks upon Minister Farrakhan and his counsel. The scandalous and libelous assertions have no relationship to a motion to extend time or to the

legal standard of "good cause," and as such they are wholly inappropriate in motions or pleadings

before this Court and should be stricken.  In support of this Motion to Strike, we state as follows:

**PROCEDURAL BACKGROUND**

Plaintiff initiated this lawsuit on July 9, 2016.  Counsel for Defendant Minister Farrakhan

timely responded on August 7, 2016 by filing a Rule 12 Motion to Dismiss.  Plaintiff's response

to the Motion to Dismiss was due on August 29, 2016, per Federal Rule of Civil Procedure

("FRCP") 6(a)(1)(C).  On August 26, 2016, Plaintiff filed a Motion for Extension of Time to

Respond.[1] [DKT No. 10].  On August 28, 2016 Minister Farrakhan filed a Response in Opposition

to the Motion for Extension of Time to Respond. [DKT No. 11].  On August 30, 2016, Plaintiff

filed a Reply. [DKT. No. 12].  After replying, Plaintiff then filed a Supplemental Reply [DKT. No.

13] on August 31, 2016, without the Court's permission.

I. **This Court Should Strike the Supplemental Reply Because Plaintiff Did Not Comply with the Local Rules and Because it is Scandalous, Libelous, Immaterial and Irrelevant**

Upon Motion made by a party, a court may strike a pleading that contains scandalous

matter.  FRCP 12(f) is one rule that permits this.  Additionally, a matter submitted in violation of

the Local Rules of Court may be stricken.  *Barrack v. Unum American Life Insurance Company,*

*et al., Civil No. 3:04-CV-2649-H*, (United States District Court, Northern District of Texas, Jan. 5,

2006). Not Published.

Plaintiff, in a blatant disregard for the Local Rules of the Northern District of Texas, filed

a Supplement to his reply one day after filing his Reply.  The Local Rules permit the following: 1)

a motion; 2) a response to a motion; and 3) a reply.  **LOCAL. R. 7.1.**  Plaintiff violated the rules

by submitting a supplemental reply because supplemental replies are not contemplated by the

---

[1]Plaintiff has missed the deadline for responding.

Local Rules.  To properly and respectfully advance a supplemental reply, Plaintiff would have had to request and obtain leave of Court.

Plaintiff did not request leave of Court and Plaintiff did not receive leave of Court.  As a result, his Supplemental Reply should be stricken from the record in its entirety and removed from the ECF system. This Court's **Local Rule 56.7** provides that "Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without permission of the presiding judge, file supplemental pleadings, briefs, authorities or evidence."

In a matter before United States Senior District Judge Barefoot Sanders where a Sur-reply was filed without leave of Court, Judge Sanders gave clear interpretation to this rule.  Judge Sanders wrote the following in his Memorandum Opinion and Order: ". . . the Sur-Reply portion of the document is not authorized by the Local Rules without leave of Court, which was neither requested nor given.  See, LOCAL R. 56.7.  Accordingly, Defendant's Motion to Strike Plaintiff's Reply/Sur-Reply is GRANTED."  *Barrack v. Unum American Life Insurance Company, et al., Civil No. 3:04-CV-2649-H*, (United States District Court, Northern District of Texas, Jan. 5, 2006). Not Published.   Likewise, Plaintiff did not request leave of this Court and leave of this Court was not given to file a Supplemental Reply.  Therefore, The Supplemental Reply Should be stricken in its entirety because it was filed in violation of the Local Rules.

In the alternative, the Supplemental Reply should be stricken because Plaintiff makes several assertions that are scandalous, immaterial, irrelevant and libelous in nature.  Scandalous matter is that which improperly casts a derogatory light on someone, most typically the party to the action.  Scandalous matter also "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."  See 2 *Moore's Federal Practice* § 12.37[3] at 12-97; and 5C C. Wright and A. Miller, *Federal Practice and Procedure (Civil) 2d* § 1382, at 465 (2004).  While some

disfavor motions to strike, "the disfavored character . . . is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from pleadings in order to purge the court's files and protect the person who is the subject of the allegations." 5C C. Wright and A. Miller, *Federal Practice and Procedure (Civil) 2d* § 1382, at 466-467 (2004).

Striking offensive material is particularly appropriate when the material constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally.   The following cases provide some illustrative examples: *Magill v. Appalachia Intermediate Unit* 08, 646 F. Supp. 339, 343 (W.D. Pa. 1986 (striking allegation that "reflect adversely on the moral character of an individual who is not a party to this suit" which were unnecessary to a decision on the matters in question); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "with each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions); *Cairns v. Franklin Mint Co*., 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are like vultures feeding on the dead"); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Pigford v. Veneman*, 215 F.R.D. 2, 4-5(D.D.C. 2003 (striking accusations that opposing counsel was racist).

In the matter of Plaintiff's improperly filed Supplemental Reply, the scandalous content pervades the entire document.  While we do not wish to repeat the scandalous material here, the following are a few of Plaintiff's knowing falsities, misrepresentations and abuses:

- Micah Johnson was a member of the Nation of Islam. (Supplemental Reply, (1))

- Johnson's actions were praised by the Nation of Islam. (Supplemental Reply, (1))

- Consistent with Defendant Farrakhan's calls to violence and death among his Nation of Islam disciples.  (Supplemental Reply, (2)

- Defendant Farrakhan's acts of violence and death related to inciting a race war in America.  (Supplemental Reply, last paragraph)

What makes this all the more egregious is that these *so-called facts* cited by Plaintiff are a re-publishing of libelous articles on the internet, from rags[2] who practice "yellow journalism" which is a style of newspaper reporting that emphasized sensationalism over facts.[3]

This has been the pattern of Plaintiff, since he first filed his Complaint, in the Motion to Extend time and in his replies.  Each of his filings are replete with re-published assertions of *so-called facts* from internet articles on digital news media. These publishers and reporters are well known to Defendant.  They have demonstrated over a protracted period of time their own animus, and malevolence against the Honorable Minister Farrakhan and the Nation of Islam. Plaintiff is now misusing this court as a means of extending his personal animus and malevolence to Defendant's counsel through his filings.

As is clear from the above, Plaintiff's disregard for civility in matters filed with this Court has now saturated the record.  He is poisoning the atmosphere to such an extent that the rules of civility and professional deportment have been vaporized.   We renew our request to this Court to instruct and direct Plaintiff accordingly relative to his behavior which violates the Professional Rules of Conduct.

As Counsel for Minister Farrakhan have provided in their Brief in Opposition to Plaintiff's Motion to Extend Time, the legal standard for an extension of time is "good cause."  None of the information in the improperly submitted Supplemental Reply focuses on the issue of "good cause."

---

[2] Rag: --noun. Informal (b) a newspaper or magazine regarded with contempt or distaste. http://www.dictionary.com.
[3] Yellow Journalism: n. Journalism that exploits, distorts, or exaggerates the news to create sensations and attract readers. http://www.thefreedictionary.com/yellow+journalism . For a history of yellow journalism and its evil effect in U.S. History, see the following:  https://history.state.gov/milestones/1866-1898/yellow-journalism

In short, the *so-called facts* and libelous assertions in the Supplemental Reply are immaterial and irrelevant to the question of "good cause." Plaintiff's Supplemental Reply, which was submitted in violation of the Local Rules, is so replete with offensive statements, an order to delete them would not be effective. The document should be stricken in its entirety.

**II.     This Court Should Strike the Motion to Extend Time Because It Contains Scandalous, Irrelevant and Immaterial Assertions or in the Alternative Such Scandalous, irrelevant and Immaterial Assertions Should Be Stricken**

The case citations and citations to treatises above are incorporated herein as if set forth at length. Within Plaintiff's Motion for an Extension of Time he writes: "the Nation of Islam, through its leader, Defendant Louis Farrakhan, and its followers, such as counsel for Defendant, is admittedly and virulently anti-Semitic." Here Plaintiff accuses Minister Farrakhan and Counsel in this case, as well as every member of the Nation of Islam of being "anti-Semitic." Such assertion is scandalous, and as a result the entire Motion to Extend Time should be stricken; or, in the alternative such assertion should be stricken. As previously noted, the legal standard at question for purposes of the Motion is "good cause." The personal attacks on Minister Farrakhan, and others who are not parties to this action, which form the basis for the Motion, Reply and Supplemental Reply is completely inappropriate.

In this regard, we would also ask the Court to take notice of the fact that to date Plaintiff has found time to submit a Motion, a Reply and an improperly filed Supplemental Reply (which is quite lengthy). It would appear based on the time dedicated to this process that Plaintiff was well able to have timely responded to the Motion to Dismiss. We assert to this Court our belief in the disingenuousness of Plaintiff's filing of a Motion to Extend Time.

Because the Motion to Extend Time contains scandalous material it should be stricken from the record, or in the alternative, the scandalous material should be stricken. See *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (striking accusations that opposing counsel was racist).

### III.   This Court Should Strike the Original Reply Because It Contains Scandalous, Immaterial and Irrelevant Assertions, or in the Alternative Such Assertions Should Be Stricken

Parts I and II are incorporated herein as if set forth at length.  The legal standard is "good cause."  All of subpart A. of Plaintiff's Reply should be stricken because it contains scandalous and libelous material, and does not address the issue of good cause.  In the alternative, we submit that nothing in subpart A. relates to whether Plaintiff had "good cause" for seeking an extension of Time.  The Reply, instead, is replete with immaterial and irrelevant language, scandalous and libelous assertions, that have no legal relationship to the standard of "good cause" under FRCP Rule 6(b)(1)(A).

Moreover, Plaintiff claims in his Reply, though he did not mention it in his Motion, that he intends to amend his complaint.  This assertion is not proper in a Motion to Extend Time as "good cause," inasmuch as Rule 15 of the Federal Rules of Civil Procedure governs amendments of Pleadings.  This is another irrelevant and immaterial assertion.  Subpart A. of Plaintiff's Reply should be stricken.

### IV.   Prohibiting Plaintiff from filing a Response to Defendant's Motion to Dismiss

Defendant also moves the Court to preclude Plaintiff from filing a Response to Defendant's Motion To Dismiss the Complaint, in that "good cause" has not been established in Plaintiff's submissions for extending the time to do so; and, that Plaintiff's request to extend time has now proved to be disingenuous, because when we consider the time and effort Plaintiff has exerted in his submissions regarding the Motion to Extend Time, this demonstrates that he could have timely filed his Response to Defendant's Motion to Dismiss the Complaint.

In the case of *Whorton v. United States*, 1 Cl. Ct. 41; 553 F. Supp. 400; 1982 U.S. Cl. Ct. LEXIS 2277, (1983), the court issued an Order regarding a motion for an enlargement of time. The Court's reasoning in that case is very instructive in this matter. The court in its Order discussed

the violation of four important principles pertaining to the preparation and filing of motions for enlargement. They are; (1) ensuring that counsel representations to the court are accurate (2) counsel must make diligent efforts to comply with time limits for pleadings and motions.  (3) motion for enlargement must contain more than bald assertions that additional time is needed and (4) the court disapproves of the practice of filing motions for enlargement on exceedingly short notice. *Id. at 400-405.*

It is attorneys for Defendant Minister Farrakhan's argument to this Court that Plaintiff has indeed violated the four principles articulated in *Wharton.*  Further, that his pervasive conduct is so reprehensible, that it warrants the ruling we are seeking, to not only deny Plaintiff's Motion to Extend Time, but to also preclude his filing of a Response to Defendant's Motion to Dismiss the Complaint.

## V.     Direct Plaintiff to *Dondi*

Plaintiff's filing of a Supplemental Reply runs afoul of this Court's Standards for Civility; and, further demonstrates a misuse of this Court.  And that filing is just the most recent.  Based on the personal attacks, not only on Defendant but on others, Plaintiff should be directed to read or reread *Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988), which adopted standards of conduct for attorney's in the Northern District of Texas.  We also request that the Court admonish Plaintiff to comply with Standards of Civility and Professional Conduct.   The need for such an order is apparent in light of Plaintiff's Objection to the Court admitting an attorney to practice, his Motion to Extend Time, his Reply and now his improperly filed Supplemental Reply.  To permit Plaintiff to continue to file pleadings and motions of the nature he has thus far will result in a continuation of abusive and scandalous submissions.

Plaintiff's actions damage not only the direct target or targets of his vicious, scandalous and libelous assertions, but damages the judicial process itself.  We are requesting this Court to so admonish Plaintiff.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Farrakhan respectfully ask this Court for an Order 1) striking Plaintiff's Supplemental Reply in its entirety and removal of the same from the ECF system; 2) striking Plaintiff's Motion to Extend Time to Respond to Defendant Farrakhan's Motion to Dismiss, or in the alternative striking therefrom language that is scandalous, irrelevant, immaterial and libelous; 3) striking Plaintiffs Reply, or in the alternative striking therefrom language that is scandalous, irrelevant, immaterial and libelous; 4) directing Plaintiff to read *Dondi.* and to comply therewith; 5) and, precluding Plaintiff from Responding to the Motion to Dismiss.

Respectfully submitted,

By:/s/*Abdul Arif Muhammad*
Abdul Arif Muhammad, Esq.
Pennsylvania Bar No. 47898
Pro Hac Vice Application Granted
7351 South Stony Island Avenue
Chicago, Illinois 60649
(215) 313-0738) Phone
arifmuhammadgc@aol.com

By:/s/*Michael K. Muhammad*
Michael K. Muhammad
Muhammad Law Firm
State Bar No. 00787157
325 North Saint Paul Street, Suite 2475
Dallas, Texas 75201
(214) 432-6285 phone
Michael@muhammadlawfirm.com

**ATTORNEYS FOR THE HONORABLE
MINISTER FARRAKHAN**

### CERTIFICATE OF CONFERENCE

On September 5, 2016 at approximately 9:54 a.m. Central Standard Time, I sent an email to all Counsel of Record informing them that I would be filing this Motion, and asked for them to respond as to whether they would oppose or not oppose the Motion, and that if they opposed to provide the reasons therefore. Counsel for the Reverend Al Sharpton, Camille Stearns-Miller, of White & Wiggins responded, and indicated that they do not oppose the Motion. Plaintiff, as of 12:30 p.m. on September 8, 2016 has not responded to the email asking his position on the Motion; therefore, we assume he opposes the Motion.

### CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2016, I electronically filed The Honorable Minister Farrakhan's Motion to Strike Plaintiff's Supplemental Reply, Motion to Extend Time, Reply, and, To Preclude Plaintiff from Filing a Response to Defendant's Motion to Dismiss and Brief in Support, utilizing the CM/ECF system and that all parties of record have been served through the ECF system. A proposed Order has been submitted pursuant to the Court's procedures for emailing proposed Orders.

Larry E. Klayman
FREEDOM WATCH
2020 Pennsylvania Avenue N.W.
Suite 345
Washington, DC 20006
**Plaintiff**

Kevin Wiggins and Camille Stearns-Miller
White & Wiggins
1700 Pacific Avenue
Suite 3740
Dallas, Texas 75201
**Attorneys for Reverend Al Sharpton**

By:/s/ *Michael K. Muhammad*
        Michael K. Muhammad