IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY KLAYMAN,<br><br>Plaintiff,<br><br>v.<br><br>BARACK HUSSEIN OBAMA, *et al.*,<br><br>Defendants. | Civil Action No. 3:16-CV-2010-L |

**MOTION TO STRIKE AMENDED COMPLAINT**

President Barack Obama, former Attorney General Eric Holder, and the United States of America (collectively, the "Federal Defendants") respectfully move this Court to strike the purported Amended Complaint filed on September 16, 2016 by Plaintiff Larry Klayman and putative Plaintiff Demetrick Pennie. (Doc. No. 16 (the "Untimely Amended Complaint").) The Untimely Amended Complaint was filed without leave of Court and without prior written consent by the Federal Defendants in violation of Rule 15 of the Federal Rules of Civil Procedure. In addition, even presuming Plaintiff Klayman and putative Plaintiff Pennie had not filed the Untimely Amended Complaint in violation of Rule 15, leave to amend should nonetheless be denied because the attempted amendment is futile.

Rule 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleadings or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

Here, the Untimely Amended Complaint was filed more than 21 days after service of the initial Complaint, and more than 21 days after service of a motion under Rule 12(b), namely, the Motion to Dismiss filed by Defendant Louis M. Farrakhan on August 7, 2016. (Doc. No. 6 (the "Farrakhan Motion")). First, Plaintiff Klayman filed the Complaint in this action on July 9, 2016 and served the Complaint on the Federal Defendants during that same month. Plaintiff Klayman and putative Plaintiff Pennie did not file the Untimely Amended Complaint until September 16, 2016, well more than 21 days after service of the initial Complaint in July. As such, lacking either leave of Court or written consent from the Federal Defendants, the Untimely Amended Complaint was not properly filed in accordance with Rule 15(a)(1)(A).

Second, the Untimely Amended Complaint was also not properly filed pursuant to Rule 15(a)(1)(B) because it was filed more than 21 days after service of a motion under Rule 12(b). The Farrakhan Motion, in which Defendant Farrakhan moved to dismiss the initial Complaint pursuant to Rule 12(b), was filed on August 7, 2016. (Doc. 6.) Accordingly, to fall within the "matter of course" safe harbor of Rule 15(a)(1)(B), Plaintiff Klayman and putative Plaintiff Pennie were obliged to file their Untimely Amended Complaint within 21 days of service of such motion, or by August 28, 2016. To the extent Plaintiff Klayman and putative Plaintiff Pennie seek to rely on the more recent motion filed by Defendant Al Sharpton on September 2, 2016, the 2009 Advisory

Committee Notes to Rule 15 clarify that "[t]he 21 day periods to amend once as a matter of course after service . . . of a designated motion are not cumulative." FED. R. CIV. P. 15 2009 advisory committee's note. Indeed, the Advisory Committee specifically contemplated the instant situation, noting that "[i]f a responsive pleading is served after one of the designated motions is served . . . there is no new 21-day period." *Id.* Accordingly, the Untimely Amended Complaint "was not permitted to be filed as a matter of course under Rule 15(a)(1)" and because "Plaintiff did not obtain [the Federal Defendants'] written consent or seek leave of court before filing it," the Untimely Amended Complaint "should be stricken." *Barbour v. City of Fourney*, No. 3:15-cv-90-B, 2015 WL 4094005, at *3 (N.D. Tex. June 17, 2015) (Horan, M.J.) *report and recommendation adopted by* 2015 WL 4113571, at *1 (N.D. Tex. July 7, 2015) (Boyle, J.); *see also Abou-Trabi v. Green Tree Servicing, LLC*, Civil Action No. 4:14-CV-02109, 2016 WL 626767, at *2 (S.D. Tex. Feb. 17, 2016) (noting that the Court could grant the defendants' motion to strike on the basis that Plaintiff "did not seek [the] Court's leave before filing his Amended Complaint").

Finally, even presuming that Plaintiff Klayman and putative Plaintiff Pennie had sought leave to amend in accordance with Rule 15, leave should be denied because amendment here is futile and the Court has an independent obligation to assess its subject matter jurisdiction. Rule 15(a) explicitly provides that the Court should "freely give leave" to amend "when justice so requires." But "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (affirming district

court's denial of motion to amend because the "amendments did not cure what is likely incurable" in the initial complaint). "Amendment is futile if the new complaint 'could not survive a motion to dismiss.'" *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 676 (5th Cir. 2015) (quoting *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)).

As detailed (sometimes exhaustively) in the Motions to Dismiss filed contemporaneously herewith by the Individual Federal Defendants and the United States, the Untimely Amended Complaint cannot survive a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6). Of particular note, this Court lacks subject matter jurisdiction to adjudicate the instant action because both Plaintiff Klayman and putative Plaintiff Pennie lack standing to bring the asserted claims.[1] In addition, this Court does not have subject matter jurisdiction over any of the claims against the Federal Defendants in either the Complaint or the Untimely Amended Complaint because absolute and qualified immunity bar the claims against President Obama and former Attorney General Holder, and the United States has not waived its sovereign immunity from suit because the asserted claims were never presented to a federal agency, and are otherwise barred by the intentional torts and discretionary function exceptions to the limited waiver of sovereign immunity in the Federal Tort Claims Act. Given the Court's independent and ongoing "duty . . . to examine the basis of [its] subject matter jurisdiction," *Union Planters Bank*

[1] Indeed, without purporting to speak for or otherwise assert arguments on behalf of any other party, the Federal Defendants would note that the standing arguments detailed in their contemporaneously filed Motions to Dismiss would seem to apply with equal force to each Defendant and putative Defendant named in either the Complaint or the Untimely Amended Complaint.

*Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004), the Federal Defendants request that the Court deny any belated request for leave to amend as futile, and dismiss the Complaint with prejudice as to the Federal Defendants pursuant to Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

JOHN R. PARKER
United States Attorney

/s/ Kenneth G. Coffin
Kenneth G. Coffin
Assistant United States Attorney
Texas Bar No. 24076986
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8646
Facsimile: 214-659-8807
Kenneth.Coffin@usdoj.gov

*Attorneys for the Federal Defendants*

Certificate of Service

On September 19, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Kenneth G. Coffin
Kenneth G. Coffin
Assistant United States Attorney