IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LARRY KLAYMAN,

      Plaintiff,

v.                                                                                    Civil Action No. 3:16-CV-2010-L

BARACK HUSSEIN OBAMA, *et al.*,

      Defendants.

## **BRIEF IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS**

JOHN R. PARKER
United States Attorney

Kenneth G. Coffin
Assistant United States Attorney
Texas Bar No. 24076986
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8646
Facsimile:   214-659-8807
Kenneth.Coffin@usdoj.gov

*Attorneys for the United States of America*

## Table of Contents

I.   Summary .................................................................................................. 1

II.   Background and Procedural History ...................................................... 6

III.   Standards of Review ............................................................................... 8

    A.   Rule 12(b)(1) ................................................................................. 8

    B.   Rule 12(b)(6) ................................................................................. 8

IV.   Argument and Authorities ..................................................................... 9

    A.   Each of Plaintiff's Claims Should Be Dismissed Due to Lack of
        Standing. ....................................................................................... 9

        1.   Plaintiff's Complaint should be dismissed in its entirety
               because he fails to meet the constitutional minimum required
               to maintain an action in federal court under Article III of the
               Constitution. ...................................................................... 10

        2.   Even assuming that Plaintiff has met the minimum
               requirements of constitutional standing, the Court should
               dismiss the Complaint for lack of standing under the
               prudential strand of standing jurisprudence. ..................... 16

    B.   Plaintiff's claims should be dismissed for lack of jurisdiction
        because Plaintiff failed to present his claim to the United States prior
        to filing suit. .............................................................................. 17

    C.   Plaintiff's claims should be dismissed for lack of jurisdiction
        because they are barred by the intentional torts exception to the
        Federal Tort Claims Act. ............................................................. 19

    D.   Plaintiff's claims should be dismissed for lack of jurisdiction
        because they are barred by the discretionary function exception to
        the Federal Tort Claims Act. ....................................................... 22

    E.   Even presuming this Court could exercise jurisdiction over
        Plaintiff's claims, each of Plaintiff's claims should be dismissed for
        failure to state a claim. ............................................................... 26

        1.   Plaintiff fails to state a claim for relief for promotion of gang
               activity under Florida law. .................................................. 27

2.      Plaintiff fails to state a claim for relief for assault under
        Florida law.......................................................................................28

3.      Plaintiff fails to state a claim for relief for intentional
        infliction of emotional distress.........................................................29

V.      Conclusion ...........................................................................................31

# Table of Authorities

## Cases

*Adamore v. Sw. Airlines Corp.*,
   Civil Action No. H-11-0564, 2011 WL 6301398 (S.D. Tex. Dec. 15, 2011) ................ 2

*Ariz. Christian Sch. Tuition Org. v. Winn*,
   563 U.S. 125 (2011) ................................................................................................ 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................*passim*

*Atorie Air, Inc. v. Fed. Aviation Admin*,
   942 F.2d 954 (5th Cir. 1991) ........................................................... 17, 18, 20

*B.C. v. Plumas Unified Sch. Dist.*,
   192 F.3d 1260 (9th Cir. 1999) ..................................................................... 7

*Barber v. United States*,
   642 F. App'x 411 (5th Cir. 2016) ........................................................... 17, 18

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................*passim*

*Berkovitz v. United States*,
   486 U.S. 531 (1988) ................................................................................ 23, 24

*Biase v. Kaplan*,
   858 F. Supp. 268 (D.N.J. 1994) ...................................................................... 2

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
   403 U.S. 388 (1971) .......................................................................................... 1

*Buchanan v. United States*,
   915 F.2d 969 (5th Cir. 1990) ........................................................... 5, 23, 24

*Burgos v. Milton*,
   709 F.2d 1 (1st Cir. 1983) ................................................................................ 2

*Cambell v. State*,
   37 So. 3d 948 (Fla. Dist. Ct. App. 2010) ...................................................... 28

*Camreta v. Greene*,
563 U.S. 692 (2011) ............................................................................................. 10

*Citizens United v. Fed. Election Comm'n*,
558 U.S. 310 (2010) ............................................................................................. 15

*Clemente v. Horne*,
707 So. 2d 865 (Fla. Dist. Ct. App. 1998) ......................................................... 30

*Contender Farms, L.L.P. v. U.S. Dep't of Agriculture*,
779 F.3d 258 (5th Cir. 2015) ............................................................................... 12

*Cook v. United States*,
978 F.2d 164 (5th Cir. 1992) .......................................................................... 17, 18

*Correctional Servs. Corps. v. Malesko*,
534 U.S. 61 (2001) ................................................................................................. 2

*Coulthurst v. United States*,
214 F.3d 106 (2d Cir. 2000) ................................................................................. 24

*Curley v. Cumberland Farms Dairy, Inc.*,
728 F. Supp. 1123 (D.N.J. 1990) .......................................................................... 7

*Dalehite v. United States*,
346 U.S. 15 (1953) ............................................................................................... 25

*District of Columbia v. Carter*,
409 U.S. 418 (1973) ............................................................................................... 2

*Doe v. United States*,
__ F.3d __, No. 15-50331, 2016 WL 4036382 (5th Cir. July 27, 2016) .......................... 2

*Elk Grove Unified Sch. Dist. v. Newdow*,
542 U.S. 1 (2004) ................................................................................................. 16

*Ex parte Levitt*,
302 U.S. 633 (1937) ........................................................................................ 11, 13

*Fallick v. Nationwide Mut. Ins. Co.*,
162 F.3d 410 (6th Cir. 1998) ................................................................................. 7

*FDIC v. Meyer*,
   510 U.S. 471 (1994) ................................................................................. 2, 3

*Frantz v. United States*,
   29 F.3d 222 (5th Cir. 1994) ........................................................................ 17

*Garcia v. United States*,
   767 F.2d 116 (5th Cir. 1985) ...................................................................... 21

*Garza v. United States*,
   809 F.2d 1170 (5th Cir. 1987) .................................................................... 15

*Geovera Specialty Ins. Co. v. Hutchins*,
   831 F. Supp. 2d 1306 (M.D. Fla. 2011) ...................................................... 28

*Graves v. United States*,
   961 F .Supp. 314 (D.D.C. 1997) ................................................................... 2

*Holmes v. Pension Plan of Bethlehem Steel, Corp.*,
   213 F.3d 124 (3d Cir. 2000) ......................................................................... 7

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
   143 F.3d 1006 (5th Cir. 1998) ...................................................................... 8

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
   713 F.3d 807 (5th Cir. 2013) .......................................................... 23, 24, 25

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ........................................................................ 8

*In re Katrina Canal Breaches Litig.*,
   696 F.3d 436 (5th Cir. 2012) ...................................................................... 23

*Interfirst Bank of Dallas, N.A. v. United States*,
   769 F.2d 299 (5th Cir. 1985) ...................................................................... 23

*Jackson v. Tex. S. Univ.*,
   997 F. Supp. 2d 613 (S.D. Tex. 2014) ......................................................... 28

*Johnson v. Merrell Down Pharms., Inc.*,
   965 F.2d 31 (5th Cir. 1992) ........................................................................ 30

*Jones v. Bush*,
　122 F. Supp. 2d 713 (N.D. Tex. 2000) ........................................................ 12

*Kentucky v. Graham*,
　473 U.S. 159 (1985) ..................................................................................... 2

*Kokkonen v. Guardian Life Ins. Co. of America*,
　511 U.S. 375 (1994) ................................................................................... 14

*Lance v. Coffman*,
　549 U.S. 437 (2007) ............................................................................. 11, 13

*LeGrande v. Emmanuel*,
　889 So. 2d 991 (Fla. Dist. Ct. App. 2004) .................................................. 30

*Levin v. United States*,
　__ U.S. __, 133 S. Ct. 1224 (2013) .................................................. 6, 19, 26

*Lewis v. Napolitano*,
　No. CIV.A. 11-2137, 2012 WL 274415 (E.D. La. Jan. 31, 2012) ............... 20

*Lexmark Inter'l, Inc. v. Static Control Components, Inc.*,
　__ U.S. __, 134 S. Ct. 1377 (2014) ............................................................ 16

*Life Partners, Inc. v. United States*,
　650 F.3d 1026 (5th Cir. 2011) ....................................................... 17, 18, 21

*Lormand v. U.S. Unwired, Inc.*,
　565 F.3d 228 (5th Cir. 2009) ........................................................................ 8

*Lujan v. Defenders of Wildlife*,
　504 U.S. 555 (1992) ............................................................................. *passim*

*McAfee v. Circuit Judges*,
　884 F.2d 221 (5th Cir. 1989) ...................................................................... 17

*McKinney v. United States*,
　950 F. Supp. 2d 923 (N.D. Tex. 2013) .............................................. 5, 23, 24

*McNeil v. United States*,
　508 U.S. 106 (1993) ............................................................................... 4, 17

*McNeily v. United States*,
  6 F.3d 343 (5th Cir. 1993) ........................................................ 19, 21

*Millbrook v. United States*,
  __ U.S.__, 133 S. Ct. 1441 (2013) ................................................ 4, 19, 21

*Montoya v. United States*,
  841 F.2d 102 (5th Cir. 1988) ...................................................... 18

*Moon v. Takisaki*,
  501 F.2d 389 (9th Cir.1974) ....................................................... 15

*Murray v. Auslander*,
  244 F.3d 807 (11th Cir. 2001) ...................................................... 7

*Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*,
  866 F. Supp. 1379 (M.D. Fla. 1994) .............................................. 30

*Patty v. United States*,
  Civil Action No. H-13-3173, 2015 WL 1893584 (S.D. Tex. Apr. 27, 2015) ................. 2

*Ramming v. United States*,
  281 F.3d 158 (5th Cir. 2001) ........................................................ 8

*Randall D. Wolcott, M.D., P.A. v. Sebelius*,
  635 F.3d 757 (5th Cir. 2011) ...................................................... 18

*Robert Juan Dartez, LLC v. United States*,
  824 F. Supp. 2d 743 (N.D. Tex. 2011) ........................................ 5, 22, 23, 25

*Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*,
  702 F.3d 794 (5th Cir. 2012) .................................................... 10, 16

*Sierra Club v. Morton*,
  405 U.S. 727 (1972) .............................................................. 11

*Simon v. Eastern Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976) ................................................................. 7

*Spokeo v. Robins*,
  __ U.S. __, 136 S. Ct. 1540 (2016) ........................................ 3, 10, 11, 14

*Spotts v. United States*,
   613 F.3d 559 (5th Cir. 2010) ........................................................................ 22

*Steel Co. v. Citizens for Better Env't*,
   523 U.S. 83 (1998) ...................................................................................... 10

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) .................................................................................... 10

*Talbert v. United States*,
   932 F.2d 1064 (4th Cir.1991) ...................................................................... 15

*Texas v. Equal Employment Opportunity Comm'n*,
   __ F.3d __, No. 14-10949, 2016 WL 3524242 (5th Cir. June 27, 2016) .................... 12

*Tidelands Auto Club v. Walters*,
   699 S.W.2d 939 (Tex. App.—Beaumont, 1985, writ ref'd, n.r.e) ................................ 30

*Truman v. United States*,
   26 F.3d 592 (5th Cir.1994) .......................................................................... 20

*United States v. Gaubert*,
   499 U.S. 315 (1991) .................................................................................... 23

*United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*,
   467 U.S. 797 (1984) .................................................................................... 23

*Valley Forge Christian College v. Americans United for
   Separation of Church and State, Inc.*, 454 U.S. 464 (1982) ........................................ 16

*Warth v. Seldin*,
   422 U.S. 490 (1975) ...........................................................................7, 10, 16

*Westbay Steel, Inc. v. United States*,
   970 F.2d 648 (9th Cir. 1992) ...................................................................... 15

*Williamson v. U.S. Dep't of Agriculture*,
   815 F.2d 368 (5th Cir. 1987) ...................................................................... 21

## Constitutions

U.S. Const. art. III ...............................................................................*passim*

## Statutes

28 U.S.C. § 1346(b)(1) ................................................................................ 4, 15, 26

28 U.S.C. § 2674 .................................................................................................. 6, 26

28 U.S.C. § 2675(a) ......................................................................................... 4, 17, 18

28 U.S.C. § 2679(b) ................................................................................................... 1

28 U.S.C. § 2679(b)(1) .............................................................................................. 2

28 U.S.C. § 2680(a) ....................................................................................... 5, 22, 25

28 U.S.C. § 2680(h) ..................................................................................... 4, 19, 20, 21

42 U.S.C. § 1983 ...................................................................................................... 1

42 U.S.C. § 1985 ...................................................................................................... 1

42 U.S.C. § 1985(1) ................................................................................................. 2

42 U.S.C. § 1985(2) ................................................................................................. 2

42 U.S.C. § 1985(3) ................................................................................................. 2

Fla. Stat. Ann. § 874.01 ........................................................................................ 27

Fla. Stat. Ann. § 874.03(1)(b) ............................................................................... 27

Pub. L. No. 100-694 ................................................................................................ 1

## Rules

Fed. R. Civ. P. 5(b)(2) ........................................................................................ 32

Fed. R. Civ. P. 8 .................................................................................................. 28

Fed. R. Civ. P 12(b)(1) ................................................................................... passim

Fed. R. Civ. P 12(b)(6) ................................................................................... passim

FED. R. CIV. P. 23..................................................................................................... 6

Local Civil Rule 23.2................................................................................................ 6

**Treatise**

Restatement (Second) of Torts § 46 (1965) ...................................................... 30

The United States of America respectfully moves this Court to dismiss all of the claims and causes of action now pending against it as a result of the Notice of Substitution filed contemporaneously with the instant motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.        Summary

Plaintiff purports to assert six claims against, *inter alia*, President Barack Obama and former Attorney General Eric Holder (the "Individual Federal Defendants"):  (1) "Aiding and Abetting Murder" in violation of 42 U.S.C. § 1983 ("First Cause of Action"); (2) conspiracy to deprive Plaintiff of his right to life, liberty, and property in violation of 42 U.S.C. § 1985 ("Second Cause of Action"); (3) deprivation of Plaintiff's right to life and liberty without due process of law under the Fifth Amendment in violation of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("Third Cause of Action"); (4) promotion of gang activity in violation of Florida law ("Fourth Cause of Action"); (5) assault ("Fifth Cause of Action"); and, (6) intentional infliction of emotional distress ("Sixth Cause of Action"). *See* Doc. No. 1 ("Complaint") at 45-50.

Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, Sections 5 & 6, Pub. L. No. 100-694, 102 Stat. 4653 (1988) (the "Westfall Act") (codified as amended at 28 U.S.C. § 2679), the United States has filed a Certification from the United States Attorney for the Northern District of Texas that the Individual Federal Defendants were acting within the scope of their office or employment with respect to the events giving rise to Plaintiff's Complaint, and a notice substituting the

United States as the sole federal Defendant with respect to Plaintiff's state common law and statutory causes of action.[1]   Accordingly, Plaintiff's state common law and statutory tort claims against the Individual Federal Defendants in the Complaint, namely the Fourth, Fifth, and Sixth Causes of Action, are now pending against the United States.  28 U.S.C. § 2679(b)(1).

Preliminarily, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiff lacks standing to bring the alleged

---

[1]  To the extent Plaintiff attempts to assert claims under any federal statute or the Constitution against the Individual Federal Defendants "in their . . . official capacities" (Complaint at 3), those claims are now also pending against the United States.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that suits against officers in their official capacities are suits against the entity of which the officer is an employee or agent); *see also Burgos v. Milton*, 709 F.2d 1, 2 (1st Cir. 1983) (same)).  But much like Plaintiff's state tort claims, each of those claims should be dismissed with prejudice.  First, Plaintiff's asserted *Bivens* claim should be dismissed to the extent asserted against the Individual Federal Defendants in their official capacity because the "FTCA does not waive federal sovereign immunity for constitutional torts."  *Patty v. United States*, Civil Action No. H-13-3173, 2015 WL 1893584, at *6 (S.D. Tex. Apr. 27, 2015) (citing *Correctional Servs. Corps. v. Malesko*, 534 U.S. 61, 71-72 (2001); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable . . . for constitutional tort claims.").

Similarly, Plaintiff's claims under sections 1983 and 1985 of the Civil Rights Act should be dismissed with prejudice to the extent Plaintiff purports to assert them against the Individual Federal Defendants in their official capacity.  First, neither statute waives the sovereign immunity of the United States.  As such, "claims under 42 U.S.C. §§ 1983 and 1985 do not apply to the Federal Defendants."  *Adamore v. Sw. Airlines Corp.*, Civil Action No. H-11-0564, 2011 WL 6301398, at *7 (S.D. Tex. Dec. 15, 2011) (citing *Biase v. Kaplan*, 858 F. Supp. 268, 280 (D.N.J. 1994) ("[N]either section 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States or a Federal Agency.") and *Graves v. United States*, 961 F. Supp. 314, 318 (D.D.C. 1997)).  Finally, even presuming that the United States waived its sovereign immunity as to the Civil Rights Act (which it has not), and that the United States could be a proper defendant under said Act (and it cannot), Plaintiff still failed to state a claim for relief.  Section 1983, by its very terms, applies to the actions of *state*, rather than *federal*, officials.  *Doe v. United States*, __ F.3d __, No. 15-50331, 2016 WL 4036382, at *2 (5th Cir. July 27, 2016) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973)).  Similarly, each of Plaintiff's claims under section 1985 should be dismissed because:  (1) Plaintiff is not a federal official, thus failing to state a claim for relief under 42 U.S.C. § 1985(1); (2) Plaintiff fails to plead a conspiracy, the existence of a judicial proceeding, or a witness related thereto, thus failing to state a claim for relief under 42 U.S.C. § 1985(2); and, (3) Plaintiff fails to plead that anyone, let alone the Individual Federal Defendants, deprived him of equal protection under the law, thus failing to state a claim for relief under 42 U.S.C. § 1985(3).

claims.  Plaintiff fails to meet each of the three "irreducible" minimum requirements of

constitutional standing:  (1) Plaintiff fails to plead an "injury in fact," alleging instead

merely conjectural or hypothetical future harm that is "general" rather than

"particularized;" (2) Plaintiff fails to allege a traceable causal connection between his

hypothetical injury and the complained-of conduct by the Individual Federal Defendants;

and, (3) Plaintiff fails to establish how a favorable decision from this Court would redress

his alleged injury.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiff's distaste for the stated policies or opinions of the Individual Federal Defendants

represents just the sort of generalized grievance insufficient to establish standing.  This is

especially true given Plaintiff's request for this Court to weigh in on the political

pronouncements of the representatives of a co-equal branch of government.  *Cf. Spokeo v.*

*Robins*, __ U.S. __, 136 S. Ct. 1540, 1550-51 (2016) (Thomas, J., concurring) (noting

that standing serves to "preserve [the] separation of powers by preventing the judiciary's

entanglement in disputes that are primarily political in nature").

      Even if the Court determines that Plaintiff has established standing to sue the

United States, the Complaint should still be dismissed in its entirety for want of subject

matter jurisdiction because the claims are barred by the sovereign immunity of the United

States.  It is well established that "[a]bsent a waiver, sovereign immunity shields the

Federal Government and its agencies from suit."  *Meyer*, 510 U.S. at 475.  The Federal

Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for

claims for "money damages . . . caused by [the] negligent or wrongful act or omission of

any employee of the Government while acting within the scope of his office or

employment." 28 U.S.C. § 1346(b)(1).  But Plaintiff cannot avail himself of the FTCA's waiver of sovereign immunity for three reasons: (1) Plaintiff failed to present his claims to the United States prior to filing suit; (2) Plaintiff's claims are barred by the intentional tort exception to the FTCA's waiver of sovereign immunity; and, (3) Plaintiff's claims are barred by the discretionary function exception to the FTCA's waiver of sovereign immunity.

First, Plaintiff failed to present his claims to the United States prior to filing the instant action.  As a prerequisite to bringing suit under the FTCA, and triggering the waiver of sovereign immunity thereunder, a Plaintiff must first file a claim with the relevant federal agency.  28 U.S.C. § 2675(a).  The presentment requirement of the FTCA is jurisdictional and cannot be waived, even for a *pro se* plaintiff.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Because Plaintiff failed to present his claim to the United States prior to filing the instant action his claims are barred by the sovereign immunity of the United States.

Second, Plaintiff's claims are barred by the intentional torts exception to the FTCA's waiver of sovereign immunity.  The intentional torts exception to the FTCA "preserves the Government's immunity from suit for '[a]ny claims arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'"  *Millbrook v. United States*, __ U.S. __, 133 S. Ct. 1441, 1443 (2013) (quoting 28 U.S.C. § 2680(h)).  Here, each of Plaintiff's asserted tort claims—promotion of gang activity, assault, and intentional infliction of emotion distress—constitute intentional torts excepted from the

FTCA's limited waiver of sovereign immunity.

And third, each of Plaintiff's claims are barred by the discretionary function exception to the FTCA's waiver of sovereign immunity.  "The Exception provides that the Act's waiver of sovereign immunity excludes '[a]ny claim . . . based upon the exercise or performance [of] a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'"  *Robert Juan Dartez, LLC v. United States*, 824 F. Supp. 2d 743, 747 n.5 (N.D. Tex. 2011) (quoting 28 U.S.C. § 2680(a)).  "The exception 'reflects a congressional intent to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'"  *McKinney v. United States*, 950 F. Supp. 2d 923, 927 (N.D. Tex. 2013) (quoting *Buchanan v. United States*, 915 F.2d 969, 971 (5th Cir. 1990)).  Here, Plaintiff asserts state common law and statutory tort claims against the United States based on the discretionary policy statements and actions of the President and his former Attorney General on issues of race and criminal justice related to their positions in our federal constitutional system.  Accordingly, Plaintiff's claims are barred by both the intentional tort and discretionary function exceptions to the FTCA's limited waiver of sovereign immunity.

Finally, Plaintiff's claims should also be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to state a plausible claim for relief as to each of the asserted tort claims.  "Substantively, the FTCA makes the United States liable 'to the same extent as a private individual under like circumstances' under the law of the place where the tort

occurred." *Levin v. United States*, __ U.S. __, 133 S. Ct. 1224, 1228 (2013) (quoting 28 U.S.C. § 2674).  As such, when asserting tort claims against the United States under the FTCA, a Plaintiff must state a plausible claim for relief under the relevant state tort law. Here, Plaintiff's "bare assertions" of wrongdoing by the Individual Federal Defendants mirror the "formulaic" recitations of the elements of a cause of action that the Supreme Court specifically disavowed in *Twombly* and *Iqbal*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Lending no presumption of truthfulness to Plaintiff's conclusory assertions of wrongdoing, the Complaint is left bereft of any colorable claim for relief against the United States.  As such, the Court should dismiss Plaintiff's claims against the United States for failure to state a claim pursuant to Rule 12(b)(6).

## II.    Background and Procedural History

Plaintiff Larry Klayman filed this action against the Individual Federal Defendants and other private party defendants on July 9, 2016, on behalf of himself and "all U.S. police officers, Jews, and Caucasians."  (Complaint ¶ 5.)[2]  In the Complaint, Plaintiff

---

[2]  While Plaintiff has yet to move for certification of this putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Civil Rule 23.2, the United States would nonetheless note the inappropriateness of class certification in this action, and request that the Court defer any potential ruling on certification until after deciding the Defendants' respective Motions to Dismiss.  In particular, the Motions to Dismiss filed by the Individual Federal Defendants and the United States identify several reasons why this case should not go forward.  If the Defendants' motions are granted, any request for class certification will be moot because the Plaintiff will have no claims against the Defendants.  No appreciable benefit would be realized if this Court were to certify the class proposed by the Plaintiff now, but subsequently grant the Defendants' motions.  To the contrary, if the Court dismissed this action after certifying the proposed class, the Court's decision that the Plaintiff's claims were without legal merit would bind each of the class members as a matter of *res judicata*.  Thus, "[o]ut of fairness to potential members of the class who may have their claims extinguished if the court certifies a class as to all claims in the . . . complaint only then to dismiss some of those claims, it is appropriate for the court to look at the allegations of the complaint . . . enough to determine whether the cause of action may survive a motion to

alleges that certain statements and actions by the Individual Federal Defendants in connection with law enforcement policy in the United States violated state tort law. Plaintiff seeks monetary damages "in excess of $500,000,000," as well as attorneys' fees and costs. (*Id.* at 51 ("Prayer for Relief")). The United States has been substituted as the sole federal defendant for Plaintiff's state law claims, or to the extent any of Plaintiff's claims are asserted against the Individual Federal Defendants in their official capacities, all of which must be construed as claims against the United States. *See* Complaint at 3 (purporting to assert claims against each defendant "in their individual and official capacities"); *see also supra* at note 1. The United States now moves to dismiss all of the claims or causes of action now pending against it with prejudice pursuant to Rules 12(b)(1) and 12(b)(6).

---

dismiss." *Curley v. Cumberland Farms Dairy, Inc.*, 728 F. Supp. 1123, 1129 (D.N.J. 1990) (considering defendants' motion to dismiss simultaneously with Plaintiffs' class certification motion).

In any event, as the Plaintiff lacks standing to bring the asserted claims individually, he also lacks standing to assert such claims on behalf of the putative class. It is axiomatic that the named Plaintiff in a class action must possess independent standing to pursue each asserted claim. *See Murray v. Auslander*, 244 F.3d 807 (11th Cir. 2001); *Holmes v. Pension Plan of Bethlehem Steel, Corp.*, 213 F.3d 124 (3d Cir. 2000); *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260 (9th ir. 1999); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998). Standing may not be based upon alleged injuries to members of the class that the named Plaintiff has not personally suffered. As explained by the Supreme Court: "That a suit may be a class action . . . adds nothing to the question of standing, for even named Plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41 n.20 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)).

## III.      Standards of Review

### A.      Rule 12(b)(1)

Rule 12(b)(1) permits a party to challenge the subject matter jurisdiction of a

federal court to hear a case or controversy.  Federal courts are courts of limited

jurisdiction and must diligently assure themselves that they have the power to adjudicate

the claims before them.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d

1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss

is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th

Cir. 2001).

### B.      Rule 12(b)(6)

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim

upon which relief may be granted.  "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A

claim is facially plausible when the plaintiff pleads facts that allow the court "to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court

must accept as true the well-pleaded facts in the complaint during the pleadings stage.

*See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 244 (5th Cir. 2009).  But

"'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.'" *Iqbal*, 566 U.S. at 678 (quoting *Tombly*, 550 U.S. at 555).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions." *Id.*  "The [f]actual allegations must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## IV.     Argument and Authorities

Plaintiff's Complaint should be dismissed in its entirety as to the United States because:  (1) Plaintiff does not have standing to bring the asserted claims, depriving this Court of subject matter jurisdiction; (2) Plaintiff failed to present his alleged state common law and statutory tort claims to the United States, thus depriving this Court of jurisdiction under the FTCA; (3) Plaintiff's asserted state common law and statutory tort claims are barred by the intentional torts exception to the FTCA, depriving this Court of jurisdiction; (4) Plaintiff's asserted state common law and statutory tort claims are also barred by the discretionary function exception to the FTCA, depriving this Court of jurisdiction; and, (5), even presuming the Court could exercise jurisdiction over the instant case, Plaintiff fails to state a claim for relief as to any of his alleged claims and, accordingly, such claims should be dismissed pursuant to Rule 12(b)(6).

## A.     Each of Plaintiff's Claims Should Be Dismissed Due to Lack of Standing.

Plaintiff lacks standing under Article III of the Constitution to bring any of the claims asserted in the Complaint against the United States.  Further, even presuming Plaintiff could establish the constitutional minimum of Article III standing, the Complaint should nonetheless be dismissed under the prudential strand of standing jurisprudence given Plaintiff's attempt to assert the rights of third party putative class members, as well as the separation of powers concerns implicated by any potential redress against the United States under state tort law due to the policy statements of members of the

executive branch for political speech.  Accordingly, the Complaint should be dismissed in its entirely pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

> **1.  Plaintiff's Complaint should be dismissed in its entirety because he fails to meet the constitutional minimum required to maintain an action in federal court under Article III of the Constitution.**

Article III grants federal courts "authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.'"  *Camreta v. Greene*, 563 U.S. 692, 701 (2011). "Except when necessary in the execution of that function, courts have no charter to review and revise legislative and executive action."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93 (2009).

It is axiomatic that the "irreducible constitutional minimum of standing" contains three requirements:  (1) an "injury in fact," meaning "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) causation, meaning a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and, (3) redressability, meaning that there is a likelihood that the requested relief will address the alleged injury.  *Lujan*, 504 U.S. at 560-61; *see also Servicios Azucareros de Venezuela, C.A., et. al. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 799-800 (5th Cir. 2012). "'This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.'"  *Servicios*, 702 F.3d at 799 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 102-04 (1998)).  "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element.'"

*Spokeo*, __ U.S. at __, 136 S. Ct. at 1547 (quoting *Warth*, 422 U.S. at 498-99).  Plaintiff's

Complaint does not meet any of the three requirements of constitutional standing.

First, Plaintiff fails to articulate an "injury in fact."  "In requiring a particular

injury, the Court [in *Lujan*] meant 'that the injury must affect the plaintiff in a personal

and individual way.'"  *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125. 134

(2011) (quoting *Lujan*, 504 U.S. at 560 n.1)).  "'[T]he 'injury in fact' test . . . requires that

the party seeking review be himself among the injured.'"  *Lujan*, 504 U.S. at 562-63

(quoting *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972)).  In order to assert a "concrete

and particularized" injury, a plaintiff "must have more than 'a general interest common to

all members of the public.'"  *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting *Ex

parte Levitt*, 302 U.S. 633, 634 (1937)).

Here, Plaintiff's Complaint is replete with the sort of generalized grievances

common to all members of the public and insufficient to support standing.  (*See, e.g.,*

Complaint ¶ 14 (decrying the Individual Federal Defendants for their alleged "efforts to

stir up racial, ethnic and religious conflict to suit their agendas"); *id.* ¶ 111 (alleging that

the Individual Federal Defendants have "plans for changing official government policies

about police officers and law enforcement").)  As such, Plaintiff fails to assert any

"particularized" injuries that affect him in "'a personal and individual way.'"  *Spokeo*, __

U.S. at __, 136 S. Ct. at 1547 (quoting *Lujan*, 504 U.S. at 561 n.1).  Similarly, Plaintiff's

Complaint fails to identify any "concrete harm," but merely speculates as to potential

injuries that are neither actual nor imminent. *Id.* at 1549.[3]

The vast majority of Plaintiff's Complaint, including in the section explicitly dedicated to establishing standing,[4] fails to assert any alleged harm to Plaintiff himself. To wit, Plaintiff avers that he was "present in the United States of America before and at the time that innocent police officers" and others were "subjected to threats and actual violence." (Complaint ¶ 14.) Plaintiff lacks standing to vindicate the rights of these diffuse third parties whom he alleges have been injured, namely "all U.S. police officers, Jews, and Caucasians." (*Id.* ¶ 5.) Indeed, the "undifferentiated and general nature of the claimed harm is illustrated" in the Complaint's broad assertion of the "class" impact of the complained-of conduct. *Cf. Jones v. Bush*, 122 F. Supp. 2d 713, 716-17 (N.D. Tex. 2000). And as the Fifth Circuit recently noted, undergirding the standing analysis is the question of "'whether the plaintiff is [himself] an object' of the challenged" conduct. *Texas v. Equal Employment Opportunity Comm'n*, __ F.3d __, No. 14-10949, 2016 WL 3524242, at *3 (5th Cir. June 27, 2016) (quoting *Contender Farms, L.L.P. v. U.S. Dep't of Agriculture*, 779 F.3d 258, 264 (5th Cir. 2015)) (analyzing standing in the context of a suit under the Administrative Procedures Act). Here, by Plaintiff's own admission, he was a mere witness to the challenged conduct by the Individual Federal Defendants, not

---

[3] Plaintiff's repeated assertions that the vaguely described words or deeds of the Individual Federal Defendants caused "imminent" harm, (*see, e.g.,* Complaint ¶¶ 1, 14, 15, 22, 25, 26, etc.), are not entitled to any presumption of truthfulness given their conclusory nature and are insufficient to meet Plaintiff's burden of establishing Article III standing. *Cf. Iqbal*, 556 U.S. at 680-81 (finding similarly "bare" assertions conclusory and not entitled to any presumptive truthfulness under the more deferential Rule 12(b)(6) pleading standard).

[4] *See* Complaint at 5, Part IV ("Standing and the Individual Plaintiff Parties").

an object thereof.  Plaintiff's reliance on his status as an individual "present in the United States of America" to establish standing is tantamount to an admission that he does not have a "concrete and particularized" injury, but simply "'a general interest common to all members of the public.'"  *Lance*, 549 U.S. at 439 (quoting *Ex parte Levitt*, 302 U.S. at 634).

In addition, even Plaintiff's conclusory assertion that he was personally "threatened," which is perhaps the only allegation of personal injury to Plaintiff contained in the Complaint, falls well short of establishing an injury for purposes of constitutional standing.  First, nothing in the Complaint suggests that Plaintiff has ever been threatened by the Individual Federal Defendants, or any other employee of the United States.  Plaintiff's conclusory pleading is devoid of any factual allegations demonstrating any nexus whatsoever between himself and the Individual Federal Defendants, let alone any allegations regarding threats, whether actual or perceived.  *See* Complaint *passim*.  Indeed, Plaintiff's assertion of the existence of "threats, severe bodily injury, and/or deaths, future deaths, emotional harm, and imminent fears [of the same] resulting from" the undefined actions of the Individual Federal Defendants in the very first numbered paragraph of the Complaint is instructive.  (*Id.* ¶ 1.)  The string reference to the elements of various tort claims, coupled with vague assertions of causation without any supporting factual allegations, is emblematic of Plaintiff's attempt to plead himself into federal court via "'[t]hreadbare recitals of the elements of [causes] of action, supported by mere conclusory statements.'"  *Cf. Iqbal*, 566 U.S. at 678 (quoting *Tombly*, 550 U.S. at 555).

Similarly, Plaintiff's conclusory assertions of "actual" or "imminent" harm caused by the "incitement" of the Individual Federal Defendants, divorced from any factual allegations regarding said incitement or harm, are not entitled to any presumption of truthfulness. Accordingly, those conclusory assertions are insufficient to meet Plaintiff's burden to establish standing. *Cf. Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Moreover, "[t]o establish an injury in fact, [plaintiff] must show . . . 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *Spokeo*, __ U.S. at __, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). As further discussed *infra* at Part IV.C, Plaintiff falls well short of pleading an actual injury under state tort law. To the contrary, apart from Plaintiff's insufficient pleading, the Supreme Court's First Amendment jurisprudence underscores that Plaintiff does not have a liberty interest in protection from mere speech, even offensive speech (which Plaintiff has not and cannot allege against the Individual Federal Defendants), when divorced from allegations of imminent or actual harm.[5]

Even if Plaintiff had sufficiently alleged a cognizable personal injury sufficient to establish an injury-in-fact, his Complaint should still be dismissed due to lack of standing because he fails to meet the causation and redressability requirements. Importantly, the

---

[5] Relevantly, far from alleging any speech threatening Plaintiff or any other member of the Plaintiff's putative class, Plaintiff's allegations against the Individual Federal Defendants range from innocuous policy statements (*e.g.,* President Obama's statement that "there's a long history in this country of African Americans and Latinos being stopped by law enforcement disproportionally" (Complaint ¶ 118)), to vaguely alleged and baseless assertions that still fail to establish Plaintiff's standing under Article III (*e.g.,* that the Individual Federal Defendants "lied to and deceived the black community" (Complaint ¶ 119)). Leaving to one side the slanted, politicized nature of the latter allegation (and several other allegations contained in the Complaint), Plaintiff still fails to assert violations of his legally protected interest sufficient to establish an injury-in-fact.

causation and redressability prongs are "substantially more difficult" to establish because Plaintiff's "asserted injury arises from the government's allegedly unlawful" acts against someone else. *Lujan*, 504 U.S. at 561-62.  Here, the Complaint fails to allege how the Individual Federal Defendants caused Plaintiff's injury by statements or acts directed towards others.  Indeed, Plaintiff not only fails to supply factual allegations tending to show causation, he actively includes allegations tending to negate causation.  On its face, Plaintiff's Complaint alleges intervening causes separating Plaintiff's alleged injury from the complained-of conduct by the Individual Federal Defendants.  (*See, e.g.,* Complaint ¶¶ 24-25 (alleging that acts or omissions of the Individual Federal Defendants somehow "incited . . . murders" and "imminent violence" by other individuals).)  Unforeseen intervening acts, especially criminal acts, generally break the chain of causation.  *See, e.g. Garza v. United States*, 809 F.2d 1170, 1173 (5th Cir. 1987).  Finally, Plaintiff presents no evidence that a favorable court decision would redress any alleged injury he suffered due to the policy statements and political positions of the Individual Federal Defendants, which the Court would be constrained from enjoining due to both the First Amendment, *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 371 (2010), and the FTCA, which only permits "money damages" against the United States.  *See* 28 U.S.C. § 1346(b)(1); *see also Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992) (holding that the FTCA on provides for monetary damages, not injunctive relief) (citing *Talbert v. United States*, 932 F.2d 1064, 1065–66 (4th Cir.1991) ("[T]he only relief provided for in the [FTCA] is 'money damages.'") and *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir.1974) (per curiam) ("The [FTCA] makes the United States liable

for money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief.")).

   2.   **Even assuming that Plaintiff has met the minimum requirements of constitutional standing, the Court should dismiss the Complaint for lack of standing under the prudential strand of standing jurisprudence.**

"[U]nlike the requirements of Article III standing, prudential standing requirements are not strictly required by Article III of the Constitution." *Servicios*, 702 F.3d at 801. "[P]rudential standing . . . embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'" *Id.* (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).

Two aspects of the prudential strand of standing are particularly relevant here. First, a party "'must generally assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982) (quoting *Warth*, 422 U.S. at 499). Here, Plaintiff's Complaint belies an attempt to assert the rights of a large class of dissimilar and diffuse individuals across the United States. The Court should not allow Plaintiff to proceed based on the alleged injuries of this undifferentiated mass of third parties. Second, "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Article III, [federal courts] have refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches.'" *Id. But see Lexmark Inter'l, Inc. v. Static Control Components, Inc.*, __ U.S. __, 134 S. Ct. 1377, 1387 n.3 (2014) (Scalia, J.)

(locating the Court's "reluctance to entertain generalized grievances" under the rubric of Article III constitutional standing). Here, Plaintiff requests an order from this Court attacking and humiliating a co-equal branch of the federal government. Prudence, if not the Constitution itself, dictates against entertaining his request.

**B.    Plaintiff's claims should be dismissed for lack of jurisdiction because Plaintiff failed to present his claim to the United States prior to filing suit.**

"As an initial matter, [the Court] must determine whether [Plaintiff] properly exhausted [his] administrative remedies. An action cannot be brought against the United States for the negligent act of one of its employees 'unless the claimant shall have first presented the claim to the appropriate federal agency.'" *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029-30 (5th Cir. 2011) (quoting 28 U.S.C. § 2675(a)). "That requirement is a prerequisite to suit under the FTCA," *id.* at 1030 (citing *McAfee v. Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989)), and the Fifth Circuit has "recognized that presentment is . . . jurisdictional." *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (per curiam) (citing *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992)); *see also McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). "Its purpose is 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Life Partners*, 650 F.3d at 1030 (quoting *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994)).

"[B]ecause presentment is a 'condition[] upon which the government consents to

be sued' under the FTCA's waiver of sovereign immunity, it 'must be strictly construed in favor of the United States.'"  *Barber*, 642 F. App'x at 413-14 (quoting *Atorie Air, Inc. v. Fed. Aviation Admin*, 942 F.2d 954, 958 (5th Cir. 1991)).  "To fulfill that requirement, an FTCA claimant must provide the agency with 'facts sufficient to allow his claim to be investigated.'"  *Life Partners*, 650 F.3d at 1030 (quoting *Cook*, 978 F.2d at 166).  "To give notice under 28 U.S.C. § 2675(a), [Plaintiff] must submit 'a monetary claim in a sum-certain.'"  *Barber*, 642 F. App'x at 415 (quoting *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988)).

Here, Plaintiff does not allege anywhere in his Complaint that he filed a claim with the White House, the Department of Justice, or any other agency or instrumentality of the United States.  (*See* Complaint *passim*.)  Unsurprisingly, as a result, Plaintiff nowhere alleges that he provided any agency with either a "sum certain" or "facts sufficient to allow his claim to be investigated."  But Plaintiff, as the "party asserting jurisdiction[,] bears the burden of proof on a 12(b)(1) motion to dismiss."  *Life Partners*, 650 F.3d at 1029 (citing *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011)).  Because Plaintiff failed to allege that he presented his claim to the United States or otherwise exhausted his administrative remedies prior to filing suit, Plaintiff cannot avail himself of the FTCA's limited waiver of sovereign immunity.

Accordingly, Plaintiff's claim is barred by the sovereign immunity of the United States and this Court should dismiss each claim now pending against the United States for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**C.    Plaintiff's claims should be dismissed for lack of jurisdiction because they are barred by the intentional torts exception to the Federal Tort Claims Act.**

The FTCA's waiver of sovereign immunity "is subject to a number exceptions set forth in 2680." *Millbrook*, __ U.S. at __, 133 S. Ct. at 1443.  "One such exception . . . preserves the Government's immunity from suit for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'"  *Id.* (quoting 28 U.S.C. § 2680(h)).  The Supreme Court has often "referred to § 2680(h) as the 'intentional torts exception.'"  *Id.* (quoting *Levin v. United States*, __ U.S. __, 133 S. Ct. 1224, 1227-28 (2013)).  Exceptions to the FTCA's waiver of sovereign immunity must be strictly construed in favor of the Government.  *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993).

Here, each of Plaintiff's claims—for assault, promotion of gang activity, and intentional infliction of emotional distress—are barred because they "arise[] out of" an intentional tort for which Congress declined to waive the sovereign immunity of the United States.  28 U.S.C. § 2680(h).  First, Plaintiff's "assault" claim is explicitly barred by the intentional torts exception.  *See id.* (barring claims against the United States "arising out of assault").  More generally, each of Plaintiff's asserted tort claims, whether for assault, promotion of gang activity, or intentional infliction of emotional distress, arise out of, and are inseparable from, Plaintiff's allegation that the Individual Federal Defendants lied to and misrepresented facts to the public, and/or committed libel or slander against individuals across the United States resulting in an alleged incitement to

violence.  (*See, e.g.,* Complaint ¶ 22 (alleging that President Obama "incited imminent violence . . . by spreading the lie" that law enforcement is racist); *id.* ¶ 112 ("Defendants Barack Obama and Eric Holder have knowingly and intentionally lied to and deceived the black community."); *id.* ¶ 113 (alleging that President Obama used "false propaganda" to incite violence); *id.* ¶ 148 (alleging that former Attorney General Eric Holder spread a "false narrative" while "concealing the reality" about law enforcement in the United States); *id.* ¶ 149 (alleging that former Attorney General Eric Holder spread "false propaganda and lies" about law enforcement and policing in the United States).)  As such, regardless of the specific tort claim Plaintiff attempts to bring on the basis of such alleged conduct, the claims nonetheless "arise[] out" of a claim barred by the intentional tort exception to the FTCA, thus depriving this Court of subject matter jurisdiction.

"In determining whether Plaintiff's claims arise out of a tort for which Congress preserved the sovereign immunity of the United States, the Court examines 'the conduct upon which the plaintiff's claim is based.'"  *Lewis v. Napolitano*, No. CIV.A. 11-2137, 2012 WL 274415, at *3 (E.D. La. Jan. 31, 2012) (quoting *Truman v. United States,* 26 F.3d 592, 594 (5th Cir.1994)).  "[C]auses of action distinct from those excepted under section 2680(h) are nevertheless barred when the underlying governmental conduct 'essential' to the plaintiff's claim can be fairly read to 'arise out of' conduct that would establish an excepted cause of action.  *McNiely*, 6 F.3d at 347 (quoting *Atorie*, 942 F.2d at 958); *see also Truman*, 26 F.3d at 594 (noting that claims "[are] still barred when the underlying governmental conduct essential to the plaintiff's claim can fairly be read to

arise out of conduct that would establish an excepted cause of action").  "For example, a plaintiff cannot avoid the reach of § 2680(h) by framing his complaint in terms of negligent failure to prevent the excepted harm."  *McNeily*, 6 F.3d at 347 (citing *Garcia v. United States*, 767 F.2d 116, 118 (5th Cir. 1985)).

Here, because Plaintiff's claims "'arise[] out of assault, battery, . . . libel, slander, misrepresentation, [or] deceit,'" the claims are subject to the intentional torts exception to the FTCA and this Court cannot exercise jurisdiction over such claims.  *Millbrook*, __ U.S. at __, 133 S. Ct. at 1443. (quoting 28 U.S.C. § 2680(h)).  To the extent Plaintiff asserts a claim on the basis of any alleged resultant injury (or threatened injury), none of which Plaintiff actually alleged, such claims are barred by the FTCA's exception for claims arising out of assault or battery.  But as aforementioned, the gravamen of Plaintiff's Complaint is that the Individual Federal Defendants incited violence through "lie[s]," "decei[t]," "false propaganda," and "concealing" facts from the American public. (*See* Complaint ¶¶ 22, 112-13, 148-49.)  Accordingly, each of Plaintiff's claims arise out of conduct barred by the FTCA's exclusion for claims "arising out of . . . libel, slander, misrepresentation, [or] deceit."  Of particular note, "[t]he FTCA's misrepresentation exception is broad: it bars any claim arising out of a misrepresentation—even if the conduct underlying the claim may also constitute a tort not barred by section 2680(h)." *Life Partners*, 650 F.3d at 1032.  It "encompasses claims for negligent as well as intentional misrepresentation," as well as "both affirmative acts of misrepresentation and omissions of material fact."  *McNeily*, 6 F.3d at 347 (citing *Williamson v. U.S. Dep't of Agriculture*, 815 F.2d 368, 377 (5th Cir. 1987)).  Because each of Plaintiff's asserted tort

claims arise out of assault, battery, libel, slander, misrepresentation, or deceit, those claims are excepted from the FTCA's limited waiver of sovereign immunity, thus depriving this Court of jurisdiction.

Accordingly, the United States has not waived its sovereign immunity as to each of Plaintiff's claims now pending against the United States and, accordingly, they should each dismissed with prejudice pursuant to Rule 12(b)(1).

**D.    Plaintiff's claims should be dismissed for lack of jurisdiction because they are barred by the discretionary function exception to the Federal Tort Claims Act.**

Finally, even presuming Plaintiff could overcome his failure to present his claim to the United States and the fact that each of his claims arises out of conduct covered by the intentional torts exception to the FTCA, each of Plaintiff's claims should also be dismissed pursuant to the discretionary function exception to the government's limited waiver of sovereign immunity in the FTCA.

Congress expressly preserved the sovereign immunity of the United States for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved is abused."  28 U.S.C. § 2680(a). "'[T]he discretionary function exception withdraws the FTCA's waiver of sovereign immunity in situations in which, although a government employee's actions may have been actionable under state tort law, those actions were required by, or were within the discretion committed to, that employee under federal statute, regulation, or policy.'" *Dartez*, 824 F. Supp. 2d at 746-47 (quoting *Spotts v. United States*, 613 F.3d 559, 566

(5th Cir. 2010)).  "The exception 'reflects a congressional intent to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'"  *McKinney*, 950 F. Supp. 2d at 927 (quoting *Buchanan*, 915 F.2d at 971).  The "exception covers . . . acts that 'involv[e] an element of judgment or choice.'"  *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).  As with any claim against the United States, the party bringing suit bears the burden of proving that the government unequivocally waived its sovereign immunity.  *Interfirst Bank of Dallas, N.A. v. United States*, 769 F.2d 299, 306-07 (5th Cir. 1985).

"Whether the discretionary function exception applies involves a two-part inquiry. First, the act must 'involve an element of judgment or choice.'"  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 713 F.3d 807, 810 (5th Cir. 2013) (quoting *Gaubert*, 499 U.S. at 322).  In evaluating the first prong, "courts 'consider whether the action is a matter of choice for the acting employee.'"  *Dartez*, 824 F. Supp. 2d at 747 (quoting *Berkovitz*, 486 U.S. at 536).  "In doing so, courts focus on 'the nature of the conduct, rather than the status of the actor,' questioning 'whether the challenged acts of a Government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability.'"  *Id.* (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 813 (1984)).

Second, the Court must consider "'whether [the government official's] decision was susceptible to policy analysis.'"  *In re FEMA Trailer*, 713 F.3d at 810 (quoting *In re Katrina Canal Breaches Litig.*, 696 F.3d 436, 449 (5th Cir. 2012)).  "'It is not enough to

establish that an activity is not mandated by statute and involves some element of judgment or choice; to obtain dismissal of the suit, the United States must also establish that the decision was grounded in considerations of public policy.'" *McKinney*, 950 F. Supp. 2d at 928-29 (quoting *Coulthurst v. United States*, 214 F.3d 106, 110 (2d Cir. 2000)). "Thus, if the challenged conduct involves the permissible exercise of judgment grounded in public policy, the government is insulated from tort liability, and the court lacks subject matter jurisdiction." *Id.* at 927 (citing *Berkovitz*, 486 U.S. at 537).

Here, the challenged conduct identified in Plaintiff's Complaint satisfies both prongs of the discretionary function exception. First, the complained-of conduct by the Individual Federal Defendants is quintessentially discretionary conduct. Preliminarily, it is in no way mandated or prescribed by any statute or regulation, and Plaintiff does not allege to the contrary. Further, Plaintiff's assertion of intentional torts and *Bivens* claims against the Individual Federal Defendants represents at least a tacit concession that the challenged conduct involved discretion on the part of each such defendant. (*See, e.g.,* Complaint *passim*.) But more importantly, the thrust of the Complaint is that the President and the former Attorney General "made a choice" to engage the public on the issues of race and criminal justice identified in the Complaint, thus "satisfying the first part of the test." *Cf. In re FEMA Trailer*, 713 F.3d at 810-11.

The challenged conduct also easily satisfies the second prong of the discretionary function exception because it represents just the sort of "'social, economic, and political policy'" Congress sought to protect from tort liability. *McKinney*, 950 F. Supp. 2d at 927 (quoting *Buchanan*, 915 F.2d at 971). Plaintiff challenges statements and actions made

by the President and the former Attorney General in the spheres of criminal justice, law enforcement policy, and race relations in this country.  (*See* Complaint *passim*.)  Those statements clearly implicate social, economic, and political policy.  As such, regardless of one's specific policy preferences, their statements on those issues are "quintessentially discretionary."  *Dartez*, 824 F. Supp. 2d at 747-48 (holding that the SEC's failure to investigate R. Allen Stanford, along with his associates and business ventures, prior to the unwinding of his Ponzi scheme constituted discretionary acts shielded from liability under the discretionary function exception to the FTCA); *see also In re FEMA Trailer*, 713 F.3d at 810-11 (holding that FEMA's "policy judgment that providing travel trailers was the best response to the immediate housing crisis" posed by Hurricanes Katrina and Rita).  "To find the Exception inapplicable here," in an action involving public pronouncements by the President and his Attorney General on highly politicized issues of national import, "invites the public to use the Act as a means to police government agencies' internal affairs" through the medium of tort.  *Dartez*, 824 F. Supp. 2d at 749.

Finally, it is worth noting that the discretionary function exception applies even if the Court determines that the Individual Federal Defendants acted negligently, and "whether or not the discretion involved [was] abused."  28 U.S.C. § 2680(a).  "Congress exercised care to protect the government from claims, however negligently caused, that affected the governmental functions."  *Dalehite v. United States*, 346 U.S. 15, 34 (1953).  As such, even if the Court finds that the statements by the Individual Federal Defendants were ill-considered or improvidently made, such conduct is still shielded by the

discretionary function exception.[6]

As such, the challenged conduct identified in the Complaint falls within the discretionary function exception to the FTCA's limited waiver of sovereign immunity and, accordingly, such claims are barred by the sovereign immunity of the United States and should be dismissed pursuant to Rule 12(b)(1).

**E.     Even presuming this Court could exercise jurisdiction over Plaintiff's claims, each of Plaintiff's claims should be dismissed for failure to state a claim.**

Even if the Court determines that it has jurisdiction to adjudicate the instant case in spite of the sovereign immunity of the United States, each of the claims now pending against the United States should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). "[T]he FTCA makes the United States liable 'to the same extent as a private individual under like circumstances,' under the law of the place where the tort occurred." *Levin*, __ U.S. at __, 133 S. Ct. at 1228 (citing 28 U.S.C. §§ 2674 & 1346(b)(1)). In light of Plaintiff's vague allegations, it is unclear "where the tort occurred" for purposes of the instant case. *Id.* Nonetheless, given Plaintiff's location in Florida, where he was allegedly harmed and threatened by the acts of the Individual Federal Defendants, and his attempt to plead a tort with specific reference to Florida state law, the United States will assume that Florida law should apply.[7]

---

[6] And, as referenced *supra* at Part IV.C, to the extent the Court finds that the Individual Federal Defendants acted intentionally in the commission of any implicated tort, such claims are barred by the intentional torts exception to the FTCA.

[7] While the United States relies specifically on the law of the State of Florida herein, Plaintiff's vague and conclusory allegations against the Individual Federal Defendants fail to state a claim for relief regardless of the specific state tort law implicated. *See Iqbal*, 566 U.S. at 678.

1.     **Plaintiff fails to state a claim for relief for promotion of gang activity under Florida law.**

Under Florida law, an individual must establish "by clear and convincing evidence" that they were coerced, intimidated, threatened, or otherwise harmed in connection with a "[g]ang related offense" or "causing, encouraging, soliciting, or recruiting criminal gang membership," to state a claim for civil relief under Florida's gang prevention statute. *See* Fla. Stat. Ann. § 874.01 *et seq.* For purposes of the statute a "'[c]riminal gang' means a formal or informal ongoing organization, association, or group that has as one of its primary activities the commission of criminal or delinquent acts, and that consists of three or more persons who have a common name or common identifying signs, colors, or symbols, including, but not limited to, terrorist organizations and hate groups." *Id.* § 874.03(1)(b).

Here, Plaintiff fails to allege either a "[g]ang related offense," or that either of the Individual Federal Defendants caused, encouraged, solicited, or recruited criminal gang membership for purposes of the statute. Leaving to one side Plaintiff's virulent categorization of particular associations, Plaintiff's conclusory assertions that the Individual Federal Defendants "conspired," "encouraged," or otherwise "support[ed] criminals," are not entitled to any presumption of truthfulness. (*See, e.g.,* Complaint ¶¶ 106, 107, 186.) Plaintiff's "bare assertions" of a conspiracy amongst the defendants closely mirrors the insufficient and "formulaic" recitations of the elements of a conspiracy that the Supreme Court specifically disavowed in *Twombly* and *Iqbal*. *Iqbal,* 556 U.S. at 680-81. Here, as there, the Court "need not reject these bald allegations on

the ground that they are unrealistic or nonsensical." *Id.* Rather, "[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id.* Plaintiff's "threadbare recital" of the elements of the civil cause of action under Florida law is "'has not nudged [his] claims . . . across the line from conceivable to plausible.'" *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570).

Accordingly, Plaintiff fails to state a claim for promotion of gang activity under Florida law that is plausible on its face and, accordingly, such claim should be dismissed with prejudice pursuant to Rule 12(b)(6).

### 2. Plaintiff fails to state a claim for relief for assault under Florida law.

"As defined in Florida law, the elements of assault include an intentional threat by an act, coupled with an apparent ability to carry out the threat, that creates a fear of imminent violence." *Geovera Specialty Ins. Co. v. Hutchins*, 831 F. Supp. 2d 1306, 1312 (M.D. Fla. 2011) (citing *Cambell v. State*, 37 So. 3d 948, 949 (Fla. Dist. Ct. App. 2010)).[8] The "threat" can come "by word or act to do violence to the person of another." *Id.*

Here, Plaintiff's repeated assertions that the vaguely described words or deeds of the Individual Federal Defendants caused "imminent" harm, (*see, e.g.,* Complaint ¶¶ 1, 14, 15, 22, 25, 26, etc.), are not entitled to any presumption of truthfulness given their

---

[8] Similarly, the "elements of assault under Texas common law are (1) the apprehension of (2) an immediate battery," with battery defined as "a harmful or offensive contact . . . with a plaintiff's person." *Jackson v. Tex. S. Univ.*, 997 F. Supp.2d 613, 632 (S.D. Tex. 2014).

conclusory nature and are insufficient to meet Plaintiff's obligation to state a claim for relief that is plausible on its face under Rules 8 and 12(b)(6). *See Iqbal*, 556 U.S. at 680-81 (finding similarly "bare" assertions conclusory and not entitled to any presumptive truthfulness when analyzing a *Bivens* claim under Rule 12(b)(6) pleading standard). Following the two step process detailed in *Iqbal* and excising such conclusory allegations from the Complaint, the Court must then look only to the "factual allegations in [Plaintiff's] Complaint to determine if they plausibly suggest an entitlement to relief." *Id.* But absent Plaintiff's vague allegations of wrongdoing, the Complaint only identifies innocuous policy statements by the Individual Federal Defendants, (*e.g.,* President Obama's statement that "there's a long history in this country of African Americans and Latinos being stopped by law enforcement disproportionally" (Complaint, ¶ 118)), that "given more likely explanations [of their intent and impact] do not plausibly establish" a claim for relief. Moreover, Plaintiff simply fails to identify any threat by the Individual Federal Defendants referencing, or purporting to allude to, a harmful or offensive contact with Plaintiff himself.

Accordingly, Plaintiff's assault claim (whether under Florida or Texas law) should be dismissed for failure to state a claim under Rule 12(b)(6).

### 3.    Plaintiff fails to state a claim for relief for intentional infliction of emotional distress.

Under Florida law, the elements for intentional infliction of emotional distress are: "(1) [t]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;

(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotion[al] distress; and (4) the emotional distress was severe." *LeGrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. Dist. Ct. App. 2004) (citing *Clemente v. Horne*, 707 So. 2d 865, 866 (Fla. Dist. Ct. App. 1998)).[9]   Courts in Florida have "define[d] the requisite extreme and outrageous conduct as that . . . 'in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* (quoting Restatement (Second) of Torts, § 46 cmt. d (1965)); *see also Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994) ("The standard for 'outrageous conduct' is particularly high in Florida.").

Plaintiff fails to sufficiently plead any of the four elements of intentional infliction of emotional distress under Florida law.  Most glaringly, Plaintiff's allegations fall well short of alleging the sort of "extreme and outrageous conduct" required to state a claim for relief under Florida tort law.  As aforementioned, after excising Plaintiff's bare allegations of conspiracy and concealment by the Individual Federal Defendants in accordance with *Iqbal* and *Twombly*, the Court is left with policy statements regarding

---

[9] As with assault, the elements of the tort of intentional infliction of emotional distress are quite similar under Texas law.  To wit, "Texas law requires the plaintiff to prove the following:  (1) that the defendant acted intentionally or recklessly; (2) that the defendant's conduct was extreme and outrageous, (3) that the actions of the defendant caused the plaintiff emotional distress, and (4) that the emotional distress suffered was severe." *Johnson v. Merrell Down Pharms., Inc.*, 965 F.2d 31, 33 (5th Cir. 1992) (citing *Tidelands Auto Club v. Walters*, 699 S.W.2d 939, 942 (Tex. App.—Beaumont, 1985, writ ref'd, n.r.e) (relying, *inter alia*, on section 46 of the Restatement (Second) of Torts to define outrageous conduct for purposes of Texas law).

criminal justice, law enforcement, and race.  For example, Plaintiff asserts that on the morning of the tragic events of July 7, 2016 in Dallas, Texas, President Obama stated that the "fatal shootings" of African Americans across the United States "are not isolated incidents."  (Complaint ¶¶ 21-23.)  The President went on to say that such shootings "are symptomatic of the broader challenges within our criminal justice system, the racial disparities that appear across the system year after year, and the resulting lack of trust that exists between law enforcement and to many communities they serve."  (*Id.* ¶ 23.)  Standing alone, the President's measured policy statement on the state of the criminal justice system, whether one agrees or disagrees with the statement itself, falls far short of the sort of language required to establish a claim for intentional infliction of emotional distress.  And this is particularly so in light of the high bar required to plead an actionable intentional infliction of emotional distress claim under either Florida or Texas law.  Moreover, the policy statements of both Individual Federal Defendants fall squarely within the protections of the First Amendment and subjecting either the United States or any other party to tort liability for such political statements would open wide the flood gates for tort claims on the basis of political differences.

Accordingly, Plaintiff's claim for intentional infliction of emotional distress should be dismissed with prejudice pursuant to Rule 12(b)(6).

## V.      Conclusion

For the foregoing reasons, each of the claims or causes of action in the Complaint pending against the Individual Federal Defendants should be dismissed with prejudice for lack of standing pursuant to Rule 12(b)(1), and for failure to state a claim pursuant to

Rule 12(b)(6).

Respectfully submitted,

JOHN R. PARKER
United States Attorney

/s/ Kenneth G. Coffin
Kenneth G. Coffin
Assistant United States Attorney
Texas Bar No. 24076986
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8646
Facsimile:    214-659-8807
Kenneth.Coffin@usdoj.gov


*Attorneys for the United States of
America*

<u>Certificate of Service</u>

On September 19, 2016, I electronically submitted the foregoing document with

the clerk of court for the U.S. District Court, Northern District of Texas, using the

electronic case filing system of the court.  I hereby certify that I have served all parties

electronically or by another manner authorized by Federal Rule of Civil Procedure

5(b)(2).

/s/ Kenneth G. Coffin
Kenneth G. Coffin
Assistant United States Attorney