**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY KLAYMAN,** | § | |
| | § | |
| **Plaintiff**, | § | CIVIL ACTION NO. |
| **v.** | § | 3-16-CV-02010-L |
| | § | |
| **BARACK HUSSEIN OBAMA, et al** | § | |
| | § | |
| **Defendants.** | | |

**THE HONORABLE MINISTER FARRAKHAN'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

---

**TO THE HONORABLE COURT:**

COMES NOW, The Honorable Minister Louis Farrakhan ("Minister Farrakhan"), Defendant, by and through his attorneys of record, and hereby respectfully move this Court to strike the purported Amended Complaint filed on September 16, 2016 by Plaintiff Larry Klayman and putative Plaintiff Demetrick Pennie. [Doc. No. 16 (the "Untimely Amended Complaint)]. For purposes of this Motion Minister Farrakhan adopts, and incorporates herein by reference, the Motion to Strike [Doc. No. 19] filed by President Barack Obama and former Attorney General Eric Holder ("Federal Defendants").

Plaintiff's Untimely Filed Amended Complaint represents yet another instance of Plaintiff failing to comply with the rules. In this instance, the Untimely Amended Complaint was filed without leave of Court and without prior written consent of Minister Farrakhan or any of the other severally named defendants. This constitutes a violation of Rule 15 of the Federal Rules of Civil Procedure. Furthermore, because the Untimely Amended Complaint is futile, even if Rule 15 had not been violated leave to amend should be denied.

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course

within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleadings or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

As the Federal Defendants have made clear, and as Minister Farrakhan reiterates, the Untimely Amended Complaint was filed more than 21 days after service of the initial Complaint, and more than 21 days after service of a motion under Rule 12(b). Plaintiff filed his Complaint on July 9, 2016. Minister Farrakhan filed his Motion to Dismiss on August 7, 2016 [Doc. No. 6], following Plaintiff's purported, but not conceded, service of process on or about July 18, 2016. Plaintiff Klayman and putative Plaintiff Pennie did not file the Untimely Amended Complaint until September 16, 2016, far more than 21 days after the purported service of the initial Complaint on or about July 18, 2016. Because the applicable 21-day period following service expired, the Untimely Amended Complaint was not properly filed because Plaintiff neither sought or received leave of court, and because Plaintiff did not have permission of Minister Farrakhan or any defendant. Thus, the filing was in direct violation of Rule 15(a)(1)(A).

Furthermore, the Untimely Amended Complaint was not properly filed pursuant to Rule 15(a)(1)(B) because it was filed more than 21 days after service of Minister Farrakhan's Rule 12(b) Motion to Dismiss. [Doc. No. 6]. Minister Farrakhan moved to Dismiss the Complaint on August 7, 2016. Thus, Plaintiff Klayman and putative Plaintiff Pennie were obliged to file their Untimely Amended Complaint within 21 days of service of such motion, or by August 28, 2016 to comply with Rule 15(a)(1)(B). This they failed to do.

In addition, as the Federal Defendants have pointed out, Plaintiff cannot rely on the

Motion to Dismiss filed by Reverend Sharpton on September 2, 2016 as a basis for claiming to have acted within the relevant time periods. The Federal Defendants, relying on the Committee Notes to Rule 15, cited the following:

> [t]he 21 day periods to amend once as a matter of course after service . . . of a designated motion are not cumulative." FED. R. CIV. P. 15 2009 advisory committee's note. Indeed, the Advisory Committee specifically contemplated the instant situation, noting that "[i]f a responsive pleading is served after one of the designated motions is served . . . there is no new 21-day period." *Id.*

In light of the foregoing, the Untimely Amended Complaint was not permitted to "be filed as a matter of course under Rule 15(a)(1)" and because "Plaintiff did not obtain Minister Farrakhan's written consent (or any other defendants) or seek leave of court before filing it," the Untimely Amended Complaint "should be stricken." *Barbour v. City of Fourney*, No. 3:15-cv-90- B, 2015 WL 4094005, at *3 (N.D. Tex. June 17, 2015) (Horan, M.J.) *report and recommendation adopted by* 2015 WL 4113571, at *1 (N.D. Tex. July 7, 2015) (Boyle, J.); *see also Abou-Trabi v. Green Tree Servicing, LLC*, Civil Action No. 4:14-CV-02109, 2016 WL 626767, at *2 (S.D. Tex. Feb. 17, 2016) (noting that the Court could grant the defendants' motion to strike on the basis that Plaintiff "did not seek [the] Court's leave before filing his Amended Complaint")."

Furthermore, even if Plaintiff and the purported Plaintiff had properly sought leave of court, the request to Amend the Complaint should be denied because it is futile. It is not an abuse of discretion to deny a request to amend a complaint when the amendment is futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (affirming district court's denial of motion to amend because the "amendments did not cure what is likely incurable" in the initial complaint). "Amendment is futile if the new complaint 'could not survive a motion to dismiss.'" *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F.

App'x 665, 676 (5th Cir. 2015) (quoting *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)).

As Minister Farrakhan presented in his Motion to Dismiss (and so has the Federal Defendants and Reverend Sharpton), the original Complaint cannot survive a motion to dismiss under Rule 12(b), and neither can the Untimely Filed Amended Complaint. As a result, the Untimely Amendment is futile. Most pertinent is the fact that this Court lacks subject matter jurisdiction to adjudicate this matter because both Plaintiff Klayman and putative Plaintiff Pennie lack standing to bring the asserted claims. Given the Court's independent and ongoing "duty . . . to examine the basis of [its] subject matter jurisdiction," *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004), the same can be examined here.

As with Plaintiff's original complaint, a review of the Untimely Filed Amended Complaint reveals that Plaintiff and putative Plaintiff Pennie have no standing. There is no allegation within the Untimely Amended Complaint that would cure the jurisdictional defect. There is no specific factual context within which Plaintiff or putative Plaintiff Pennie can recover. In short, there is simply no injury in fact, no causation, and nothing for the Court to redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

WHEREFORE, for the foregoing reasons, Defendant Minister Farrakhan respectfully requests this Court to Strike Plaintiff's Untimely Amended Complaint as being submitted in violation of Rule 15; and, request that the Court deny any belated request for leave to amend as futile, and dismiss the Original Complaint with prejudice as to Minister Farrakhan pursuant to Rule 12(b)(1)(2) or any other basis asserted in his Motion to Dismiss.

Respectfully submitted,

By:/s/*Abdul Arif Muhammad*
Abdul Arif Muhammad, Esq.
Pennsylvania Bar No. 47898
Pro Hac Vice Application Granted
7351 South Stony Island Avenue
Chicago, Illinois 60649
(215) 313-0738) Phone
arifmuhammadgc@aol.com

By:/s/*Michael K. Muhammad*
Michael K. Muhammad
Muhammad Law Firm
State Bar No. 00787157
325 North Saint Paul Street, Suite 2475
Dallas, Texas 75201
(214) 432-6285 phone
Michael@muhammadlawfirm.com

**ATTORNEYS FOR THE HONORABLE MINISTER FARRAKHAN**

## CERTIFICATE OF CONFERENCE

On September 21, 2016 at approximately 12:13 p.m. Central Standard Time, I sent an email to all Counsel of Record informing them that I would be filing this Motion, and asked for them to respond as to whether they would oppose or not oppose the Motion, and that if they opposed to provide the reasons therefore. Counsel for the Reverend Al Sharpton, Kevin Wiggins, of White & Wiggins responded, and indicated that they do not oppose this Motion. Counsel for President Barack Obama, former Attorney General Eric Holder, and the United States of America, Assistant United States Attorney, Kenneth G. Coffin responded, and indicated that they do not oppose this Motion. Larry Klayman, Plaintiff, responded that he does oppose this Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2016, I electronically filed The Honorable Minister Farrakhan's Motion to Strike Plaintiff's Amended Complaint utilizing the CM/ECF system and that all parties of record (listed below) have been served through the ECF system. A proposed Order will be submitted pursuant to the Court's procedures for emailing proposed Orders.

Larry E. Klayman
FREEDOM WATCH
2020 Pennsylvania Avenue N.W.
Suite 345
Washington, DC 20006
**Plaintiff**

Kevin Wiggins and Camille Stearns-Miller
White & Wiggins
1700 Pacific Avenue
Suite 3740
Dallas, Texas 75201
**Attorneys for Reverend Al Sharpton**

John R. Parker, United States Attorney
Kenneth G. Coffin, Asst. United States Atty.
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Attorney for President Barack Obama, former Attorney General Eric Holder and the United States of America

By: /s/ *Michael K. Muhammad*
Michael K. Muhammad