### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY KLAYMAN,** | § | |
| **a Natural Person and Resident of Florida,** | § | |
| **on behalf of himself and all U.S. police** | § | |
| **officers, Jews, and Caucasians** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 3:16-CV-02010-L** |
| | § | |
| **v.** | § | |
| | § | |
| **BARACK OBAMA, et al.** | § | |
| | § | |
| **Defendants.** | | |

### THE HONORABLE MINISTER FARRAKHAN'S RESPONSE TO PLAINTIFFS' MOTION FOR EMERGENCY HEARING CONCERNING DEATH AND OTHER THREATS MADE AGAINST THEM AND RELATED ISSUES AND REQUESTED RELIEF

**TO THE HONORABLE COURT:**

We adopt and incorporate by reference here the Response to Plaintiff's Motion for Emergency Hearing filed by Defendant, Reverend Al Sharpton [Dkt. No. 27].

Plaintiff and Putative Plaintiff (hereinafter "Plaintiffs"), in a far stretch, request that this Court hold an emergency hearing over matters beyond the realm of both law and procedure. At the heart of Plaintiffs' request is a claim that they have been threatened. But the conclusion of the matter is that there is no claim that Minister Farrakhan or any other Defendant threatened them. Plaintiffs know, according to their own motion, from whom the alleged threats originated; which in-turn demonstrates the frivolousness of their motion, because not one of the alleged threats, as Plaintiff lists them in his motion, came from a party to this lawsuit. As such, there is nothing for the Court to remedy, as the Court does not have jurisdiction of persons who are not before the Court. This same jurisdictional principal holds true as it relates to Minister Farrakhan

and the other parties who have appeared.

On August 6, 2016 Minister Farrakhan filed a Motion to Dismiss.[1] [Dkt. No. 6] On September 2 2016, the Reverend Al Sharpton filed a Motion to Dismiss. [Dkt. No. 14] On September 19, 2016 President Barack Obama and former Attorney General Eric Holder (Federal Defendants) filed a Motion to Dismiss. [Dkt. No. 21] Each Defendant who has appeared demonstrated through their respective Motions that there is no subject matter jurisdiction because the Plaintiff lacks standing.  This is true for both the original Plaintiff and the putative Plaintiff. Minister Farrakhan has also demonstrated there is no personal jurisdiction, in addition to other points raised in his Motion to Dismiss.

Because both subject matter and personal jurisdiction are lacking, there is no basis for holding an emergency hearing on alleged threats, and no basis for permitting discovery. Plaintiff's request to hold an emergency hearing and to engage in discovery is nothing short of another effort by Plaintiff to circumvent legal processes and rules.

### A.  Plaintiffs Should Call the Police

Plaintiff and the putative Plaintiff allege in their motion that they have been threatened.[2] The proper authority for the investigation of threats is the police, especially where the alleged threats came from persons who are not before the Court.  If Plaintiff has been threatened, he

---

[1] Minister Farrakhan has also moved to Strike the purported Amended Complaint [Dkt No. 25], Plaintiff's Supplemental Reply [Dkt. No. 15], and Responded in Opposition to Extension of Time to Respond to the Motion to Dismiss [Dkt. No. 11].

In the purported Amended Complaint Demetrick Pennie is an added Plaintiff.  Minister Farrakhan's arguments regarding Plaintiff Klayman's failure to establish standing and personal jurisdiction apply equally to Plaintiff Pennie.

[2] Plaintiffs state on page 2 of their Motion that the individuals who made the threats against them violated provisions of 18 U.S.C. §115(a).  Neither Plaintiff is a federal officer or a federal law enforcement officer.  Plaintiff Klayman admits in his Complaint that he is a former federal prosecutor and serves currently as the founder of Judicial Watch and Freedom Watch. *See* Complaint Dkt. No. 1 ¶14.  As a result, Minister Farrakhan contends that the statute is not applicable and should be disregarded by this Court.  Plaintiffs make a similar claim regarding Texas law but fail to cite any specific statute. Dkt. No. 26 p. 2.  Since Minister Farrakhan has no idea which Texas statute Plaintiffs refer to in their Motion, no response is required.

---

should call the police and request that they investigate the threat.   As Reverend Sharpton has

pointed out, "under the Constitution federal courts are courts of limited jurisdiction." As such, it

is beyond reason for this Court to be asked to exercise jurisdiction over persons Plaintiff has

specifically identified (none of whom are parties to this action) and who are "not before this

Court."   Therefore, Plaintiff and the putative Plaintiff should go to the "police within their

respective jurisdictions and file a complaint against the known individuals who made the alleged

threats.  In essence, Plaintiff's Motion is yet another attempt to circumvent rules and processes to

advance a political agenda.  Because the Court does not have jurisdiction over either the named

parties or the persons who allegedly threatened Plaintiffs their request for an emergency hearing

should be denied.

### B.  Discovery Would be Premature[3]

Plaintiffs request for discovery is both inappropriate and premature.  Fed. R. Civ. Pro.

26(d)(l) states in distinct part.

> Timing.  A party may not seek discovery from any source before
> the parties have conferred as required by Rule 26(f), except in a
> proceeding exempted from initial disclosure under Rule
> 26(a)(1)(B), or when authorized by these rules, by stipulation, or
> by court order.

In the 1993 Amendments to the Federal Rules the Committee Notes to Rule 26, (d)(1)

states the following:

> Subdivision (d).  This subdivision is revised to provide that formal
> discovery – as distinguished from interviews of potential witnesses
> and other informal discovery – not commence until the parties
> have met and conferred as required by subdivision (f).  Discovery
> can begin earlier if authorized under Rule 30(a)(2)(C) (deposition
> of person about to leave the country) or by local rule, order, or
> stipulation……………………………

---

[3] We here adopt and incorporate Reverend Sharpton's Argument and Authority section and tailor to Minister
Farrakhan as necessary.

In this case, due to at least three pending motions to dismiss,[4] a Rule 26(f) conference has not been scheduled or conducted by the parties.  Since all the Defendants who filed motions to dismiss contend that the Court does not have jurisdiction over any of them, it would be an improper exercise to require the parties to engage in discovery on the allegations raised in Plaintiffs' Motion.  This is even more true considering not one of the alleged threats came from a named Defendant.

A court 'generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claims in the suit (subject-matter jurisdiction) …" *Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.* 549 U.S. 422, 430-31 (2007).  The discovery Plaintiffs seek in the instant case has nothing to do with issues related to subject matter jurisdiction.  Rather it seeks evidence whether Minister Farrakhan has conspired with others to threaten Plaintiffs.  Such meritless discovery should not be allowed to proceed before the court determines whether it has subject matter jurisdiction over Plaintiffs' claims or personal jurisdiction over Minister Farrakhan.

### C.  Plaintiffs' Have Not Shown Good Cause to Expedite Discovery on the Merits of the Case.

The Federal Rules do not provide a standard for ordering expedited discovery, but this Court and other courts within the Fifth Circuit utilize a "good cause" standard. *See Digital Generation, Inc. v. Boring*, 3:12-CV-0329-L-BK, 2012 WL 12872463, at *2 (N.D. Tex. Mar. 5, 2012) ("Expedited discovery is permitted with permission of the Court upon a showing of good cause."); *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) ("Several district courts within the Fifth Circuit have expressly utilized the 'good cause' standard when addressing [requests for expedited discovery].").

---

[4] (*See* Dkt. No. 6, 14, 21, 22, 23, and 24).

The burden of showing good cause is on the party seeking the expedited discovery. *St. Louis Grp., Inc.*, 275 F.R.D. at 241. Good cause exists where the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* at 239. The court must examine the request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* (quotation omitted); *see St. Louis Grp.,* at 240. (court denies request for expedited discovery, holding that plaintiff's reasons were without merit after applying the good cause analysis); *see also Digital Generation, Inc. v. Boring,* 3:12-CV-0329-L-BK, 2012 WL 12872463, (N.D. Tex. Mar. 5, 2012) (court denies expedited hearing, holding that the burden of discovery outweighed the prejudice, if any faced by plaintiff ); *see also Paul v. Aviva Life & Annuity Co.*, 3-09-CV-1490-B, 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009) (court denies request for expedited discovery where plaintiff provides no evidence that witness would not be available later).

"Courts commonly consider the following factors in determining whether 'good cause' exists to order expedited discovery: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.' " *Fiduciary Network, LLC v. Buehler*, 3:15-CV-0808, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015); *St. Louis Grp., Inc.*, 275 F.R.D. at 241, n. 4 (quoting *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 143 (D.D.C. 2005)).

In this instance, Plaintiffs cannot establish good cause because (1) there is no preliminary injunction pending and (2) the purpose for requesting the expedited discovery is nothing more than a ruse to attempt to depose Minister Farrakhan and the other named defendants on the merits of Plaintiffs' frivolous claims.   Further, there is a tremendous burden for Minister

Farrakhan to participate in a protracted discovery process when the Court has yet to determine whether jurisdiction exist based upon these facts or whether Plaintiffs have stated a viable claim. Thus, no good cause exists to allow Plaintiffs expedited discovery.

Further, Plaintiffs claim that the reason for the emergency hearing is to determine how to address alleged death threats against both Plaintiffs.  Postings from named individuals (mostly in social media or other media sources) are attached to Plaintiffs' motion as their "evidence" of the alleged threats. Plaintiffs now want to conduct discovery from Minister Farrakhan, Rev. Sharpton, President Obama, Eric Holder, Hillary Clinton and others to determine if there is some connection between the persons who made the alleged threats and any of the defendants.  Such a motion is nothing more than a fishing expedition which should not be tolerated by this Court.  As noted previously, Plaintiff should have the police investigate the threats.

Plaintiffs purported evidence does not justify allowing an emergency hearing or discovery.  Plaintiffs refer to a statement allegedly made by a Mr. B.J. Murphy to support their threat claim.  The statement on page 3 of Plaintiffs' motion is: "we're not telling our brothers and sisters to stop … when we ain't getting no justice."  The statement, even if true, is not a threat and was not made against either of the Plaintiffs.  The statement was about protests in Charlotte North Carolina.  The statement, if true, based on its face was purposefully and maliciously taken out of context.

Furthermore, Plaintiffs' attempt to inappropriately fuel the fires of discord when they contend that Minister Farrakhan, the Nation of Islam (which is not presently a Defendant before this Court), are responsible for police deaths and bodily injuries.  We won't go into detail to address such falsities here.  We simply note that nothing has occurred that runs afoul of the decision in *Brandenburg v. Ohio* 395 U.S. 444 (1969).   Plaintiffs repetitive filings, which we

have consistently pointed out to this Honorable Court, have no factual foundation, and no basis in law.  Plaintiffs continue to improperly use the Court as a public forum to espouse his aberrant views.  By filing this lawsuit and related frivolous and baseless motions,[5]  Plaintiff is suggesting, in his public relations media campaign, that what he has filed has legitimacy, because it is in the form of legal pleadings filed with this Court. This is an illegitimate use of the Judicial process. With this latest filing, the Plaintiffs actions demonstrate the apex of frivolity, and disrespect of the judicial process. We seek this Court's action to rectify this egregious misuse of the law and this Court.

WHEREFORE, for all the foregoing reasons, Minister Farrakhan requests that Plaintiffs' Emergency Motion for Emergency Hearing Concerning Death Threats and Other Threats Made Against Them and Related Issues and Requested Relief be denied.

Respectfully submitted,

By:/s/*Abdul Arif Muhammad*
Abdul Arif Muhammad, Esq.
Pennsylvania Bar No. 47898
Pro Hac Vice Application Granted
7351 South Stony Island Avenue
Chicago, Illinois 60649
(215) 313-0738) Phone
arifmuhammadgc@aol.com

---

[5] Plaintiff has a history of frivolous filings.  In *Larry Klayman v. Mark Zuckerberg and Facebook, Inc.,* 910 F. Supp. 2d 314 (D.D.C. 2012), aff'd 753 F. 3d 1354 (D.C. Cir. 2014), the Court in a Memorandum Opinion granted a Fed. R. Civ. P. 12b(6) Motion to Dismiss filed by Defendants to dismiss Klayman's causes of action of assault and negligence, for allowing the third Palestinian Intifada to post on its Facebook page a "call for an uprising beginning on May 15, 2001, after Muslim prayers [were] completed, announcing and threatening that "Judgment Day will be brought upon us only once Muslims have killed all the Jews".  *See* also *Klayman v. Obama, et al.* – Case No. 16-CV-80087, Dismissed 6/16/16, US District Court, Southern District of Florida, based on subject matter jurisdiction (Suit over gun control executive actions).  *Klayman vs. Obama et al.* – Case No. 9:15-cv-81023, Dismissed on 9/10/15 US District Court, Southern District of Florida, failed to establish standing, subject matter jurisdiction (Suit over Iran deal).  *Klayman vs. Hillary Clinton* – Case No. 15-cv-80388, US District Court, Southern District of Florida, 08/10/15 dismissed due to lack of standing.

By:/s/ *Michael K. Muhammad*
    Michael K. Muhammad
    Muhammad Law Firm
    State Bar No. 00787157
    325 North Saint Paul Street, Suite 2475
    Dallas, Texas 75201
    (214) 432-6285 phone
    Michael@muhammadlawfirm.com

    ATTORNEYS FOR THE HONORABLE
    MINISTER FARRAKHAN

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2016, I electronically filed The Honorable Minister Farrakhan's Response in Opposition to Plaintiffs' Motion for an Emergency Hearing utilizing the CM/ECF system and that all parties of record have been served through the ECF system.

| | |
|---|---|
| Larry E. Klayman | Kevin Wiggins and Camille Stearns-Miller |
| Freedom Watch | White & Wiggins |
| 2020 Pennsylvania Avenue N.W. | 1700 Pacific Avenue |
| Suite 345 | Suite 3740 |
| Washington, DC 20006 | Dallas, Texas 75201 |
| **Plaintiff** | **Attorneys for Reverend Al Sharpton** |
| | |
| | Kenneth G Coffin-DOJ |
| | United States Attorney's Office |
| | Northern District of Texas |
| | 1100 Commerce Street, Suite 300 |
| | Dallas, TX 75242 |
| | **Attorney for Defendant President Barack Hussein Obama, Eric H Holder, Jr. and the United State Government** |

    By:/s/ *Michael K. Muhammad*
      Michael K. Muhammad