IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DEMETRICK PENNIE, et al<br><br>Plaintiffs,<br>v.<br><br>BARACK HUSSEIN OBAMA, et al<br><br>Defendants. | Civil Action No.: 3:16-cv-02010-L |

## PLAINTIFFS' MOTION TO RECUSE/DISQUALIFY JUDGE SAM LINDSAY UNDER 28 U.S.C. § 144

**I.   INTRODUCTION**

Pursuant to 28. U.S.C. § 144, Plaintiffs Demetrick Pennie and Larry Klayman ("Plaintiffs" unless individually named) hereby move for the disqualification of the Honorable Sam Lindsay in this matter. This Court's Memorandum Opinion and Order, filed October 12, 2016 (Docket No. 48) serves as clear, additional basis for disqualification. Specifically, this Court's contention that the litany of facts set forth by Plaintiffs regarding the widely known anti-Semitic, anti- Caucasian, and anti-law enforcement expressed by Defendant Nation of Islam—including statements made by Defendant Louis Farrakhan himself—merely serve as "Plaintiffs' personal opinion" (Docket No. 48 at 16) is additional evidence that this Court harbors deep-seated favoritism for Defendants as basis for recusal. Plaintiffs hereby incorporate by reference its Motion for Recusal filed on October 6, 2016. (Docket No. 43).

**II.   THE LAW**

Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In order to preserve the integrity of the judiciary, and to ensure that justice is carried out in each individual case, judges must adhere to high standards of conduct." *York v. United States*, 785 A.2d 651, 655 (D.C. 2001). "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. . .." ABA Code of Judicial Conduct Canon 3(C)(1); *See also Scott v. United States,* 559 A.2d 745, 750 (D.C. 1989) (*en banc*). Disqualification or recusal is required when there is even the appearance that the court's impartiality may be called into question, and "could suggest, to an outside observer, such a 'high degree of favoritism or antagonism' to defendants' position that 'fair judgment is impossible.'" *Liteky v. United States*, 510 U.S. 540, 555, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994)); *See also Jackson v. Microsoft Corp.*, 135 F. Supp. 2d 38, 40 (D.D.C. 2001) (recusal was proper because the judge "ha[d] created an appearance of personal bias or prejudice").

> The disqualification statute, 28 U.S.C. §144, is <u>mandatory and automatic</u>, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge. The judge is a silent defendant, unable to make findings on the truth or falsity of the affiant's allegations, and truth must be presumed. *United States v. Hanrahan*, 248 F. Supp. 471, 474 (D.D.C. 1965) (Emphasis added); and the allegations may be based upon information and belief, *Berger v. United States*, 255 U.S. 22, 34, 65 L. Ed. 481, 41 S. Ct. 230 (1920).

*Brotherhood of Locomotive Firemen & Enginemen v. Bangor & Aroostook Railroad Co.*, 380 F.2d 570, 576 (D.C. 1967) (emphasis added). As evidence of the absolute requirement of impartiality from judicial officers, the U.S. Courts of Appeals for the First, Fifth, Sixth, Tenth, and Eleventh Circuits have said that close questions should be decided in favor of recusal. *See*

*Republic of Pan. v. American Tobacco Co.*, 217 F.3d 343, 347 (5th Cir. 2000) (citing *In re Chevron*, 121 F.3d 163, 165 (5th Cir. 1997)); *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

Courts have also held that a jurist is subject to disqualification when a conflict of interest or extra- judicial bias toward the client's attorney becomes manifest. *Souder v. Owens-Corning Fiberglass Corp.*, 939 F.2d 647, 653 (8th Cir. 1991). ("Bias against an attorney can reasonably be imputed to a party."). In Foster, the court held that an attorney who files a motion for change of judge in good faith is not required to prove actual prejudice by the judge. State ex. rel. Strain v. Foster, 537 P.2d 547 (Ore. 1975). In Hulme, a judge who had a prior negative interaction with litigant's counsel in other cases was held to be disqualified in a mandamus proceeding. Hulme v. Woleslagel, 493 P.2d 541 (Kan. 1972). More importantly, however, courts have held that the facts are legally sufficient to disqualify a judge where there has been prior conflict between the judge and counsel, where there was palpable antipathy on the part of the judge toward counsel, and where an attorney filed a complaint or charges against the judge.

"The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. Cal. 1980). In *Litecky v. United States*, the Supreme Court held that while "judicial rulings <u>alone</u> never constitute a valid basis for a bias or partiality motion," 510 U.S. at 555 (emphasis added), if the judge succumbs to extrajudicial influence, he is subject to such a motion. Even more, in the absence of an extrajudicial influence, judicial rulings coupled with the requisite "degree of favoritism or antagonism" can serve as the basis for such a motion even "when no extrajudicial

3

source is involved." *Id*. Crucially, as is the case here, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" constitute a basis for such a motion if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

This Court's characterization of the facts and statements set forth demonstrating Defendant Nation of Islam's anti-Semitic, anti-Caucasian, and anti-law enforcement violent views as "Plaintiffs' personal opinion" is clear evidence of this Court's deep seated bias in favor of Defendants. Indeed, the mountain of quotations and evidence set forth by Plaintiffs—including Defendant Farrakhan's own statements, and therefore admissions—cannot possibly be described as "personal opinion." For instance, Plaintiffs pled in their Amended Complaint that Defendants Nation of Islam and Farrakhan have stated:

> If the government cannot protect our lives … why are you in the Armed Forces, fighting for a democracy that you don't have at home?  Why are you in the Armed Forces of America going overseas to fight somebody that never did a thing to you and act pitiful when your own people are shot down in front of you?
>
> I'm calling on all the soldiers that fight for America, come home and let's unite and fight for our lives that the federal government refuses to fight for us. Then we must fight for ourselves. [1]
> But time has moved on. Your day of leading our people is over," he said. Then he turned to his fellow preachers and repeated the admonition. "You preachers — ***your day of being the pacifier for the white man's tyranny on black people is over. You've got to know they're not going to hear you anymore.*** (Emphasis added.)[2]

---

[1] Video of Farrakhan's speech posted at:  Billy Hallowell, "Did Louis Farrakhan Just Call for Armed Resistance? Minister's Fiery Call to all 'Black Soldiers in the U.S. Armed Forces' to 'Come Home, Unite and Fight'," March 5, 2015, accessible at http://www.theblaze.com/stories/2015/03/05/did-louis-farrakhan-just-call-for-armed-resistance-ministers-fiery-call-to-all-black-soldiers-in-the-u-s-armed-forces-to-come-home-unite-and-fight/#sthash.GoVh5b3s.dpuf

[2] Doug Donovan, "Speaking at Morgan, Farrakhan predicts violence in Ferguson," The Baltimore Sun, November 22, 2014, http://www.baltimoresun.com/news/maryland/baltimore-city/bs-md-farrakhan-morgan-20141122-story.html

> "They know an explosion is going to come," the Nation of Islam leader said to cheers from the more than 2,000 people crowding the university's Murphy Fine Arts Center. "You leaders are the worst."
>
> Death is sweeter than watching us slaughter each other to the joy of a 400-year-old enemy. Death is sweeter. The Qur'an teaches persecution is worse than slaughter then it says, retaliation is prescribed in matters of the slain. Retaliation is a prescription from God to calm the breasts of those whose children have been slain."[3]
>
> "Retaliation is a prescription from God to calm the breasts of those whose children have been slain. So if the federal government will not intercede in our affairs, <u>then we must rise up and kill those who kill us.</u> <u>Stalk them and kill them</u> and let them feel the pain of death that we are feeling."[4]

Defendant Farrakhan admittedly referred to Jewish people as the "400-year-old-enemy" and called for the killing of the "400-year-old-enemy." Even more, he referred to Judaism as a "gutter religion" and Israel as an "outlaw" nation. Defendants Nation of Islam and Farrakhan's extremist, Black Muslim, racist, and violent views are so widely known that even the notoriously Southern Poverty Law Center ("SPLC") refers to Defendant Nation of Islam as an extremist group. For instance, SPLC states, "While Jews remain the primary target of Farrakhan's vitriol, he is also well known for bashing gay men and lesbians, Catholics and, of course, the white devils, whom he calls "potential humans ... [who] haven't evolved yet."[5] As reported by the SPLC, in 2006, Defendant Farrakhan stated, "These false Jews promote the filth of Hollywood that is seeding the American people and the people of the world and bringing you down in moral strength. … It's the wicked Jews, the false Jews, that are promoting lesbianism, homosexuality. It's the wicked Jews, false Jews, that make it a crime for you to preach the word of God, then

---

[3] Richard B. Muhammad and Janiah Muhammad, "We are not asking for justice, we are demanding justice," The Final Call, August 4, 2015, accessible at http://www.finalcall.com/artman/publish/National_News_2/article_102517.shtml
[4] Tomlin, supra note 24.
[5] *Id.*

they call you homophobic!"[6] Furthermore, Farrakhan and the Nation of Islam's views "helped make him attractive to certain white supremacist groups who agree that the races must be separated. In its turn, NOI has come to view white supremacists as people who at least understand NOI's program and could therefore become allies."[7] Not coincidentally, Plaintiff Klayman is Jewish.

In the face of all of the facts, statements, and articles set forth by Plaintiffs, it is objectively impossible to recognize Defendant Nation of Islam for anything other than what it is widely known to be—an anti-Jewish, anti-Caucasian, and anti-law enforcement organization that easily resorts to devastating violence against anyone who does not agree with their radical Black Muslim beliefs. That this Court has chosen to mischaracterize these facts and call them simply "personal opinion" is clear evidence of its bias in favor of Defendants, and as such, it must be disqualified to ensure that Plaintiffs are afforded their constitutional right to fairly litigate this matter. The admitted statements and rank racism of Defendants Farrakhan and Nation of Islam are not, repeat <u>not</u>, Plaintiffs' personal opinion!

### III.  CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that, pursuant to 28 U.S.C. § 144, this case must be immediately transferred to a different judge, and the Honorable Sam Lindsay should remove himself or be disqualified on the case as required by the statute.

Dated: October 18, 2016                                  Respectfully submitted,

<i>/s/ Larry Klayman</i><br>
Larry Klayman, Esq.<br>
Freedom Watch, Inc.<br>
2020 Pennsylvania Ave N.W. #345<br>
Washington, D.C. 20006

---

[6] Southern Poverty Law Center, https://www.splcenter.org/hatewatch/2016/07/08/dallas-sniper-connected-black-separatist-hate-groups-facebook

[7] *Id.*

Tel: (561) 558-5336
Email: leklayman@gmail.com

### CERTIFICATE OF COUNSEL

I, Larry Klayman, Esq., am counsel for Plaintiffs in this matter. I hereby certify that this Motion, made pursuant to 28 U.S.C. § 144, is being made in good faith and that Plaintiff Demetrick Pennie's affidavit in support thereof is being made in good faith.

/s/ Larry Klayman
Attorney

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), Plaintiffs have conferred with with Defendants' counsel to determine whether Defendant opposed Plaintiff's Motion. This occurred on October 18, 2016 between Plaintiffs and counsel for Defendants Michael Muhammad, Kevin Wiggins, Camille Stearns Miller, Kenneth Coffin, Arif Muhammad, Teva Sempel, Jake Weixler, Billy Gibbens and Lauren York. Plaintiffs sought consent via e-mail on October 18, 2016. Counsel for Defendants Sharpton and National Action Network, Federal Defendants, and McKesson oppose and remaining counsel have not indicated either way as of 3:30 EST on October 18, 2016.

/s/ Larry Klayman
Attorney

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on October 18, 2016

*/s/ Larry Klayman*
Attorney