IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY KLAYMAN and DEMETRICK PENNIE,** | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:16-CV-2010-L** |
| **PRESIDENT BARACK HUSSEIN OBAMA,** *et al.*, | § § § | |
| Defendants. | § § | |

# ORDER

Before the court is Plaintiffs' Motion to Recuse/Disqualify Judge Sam Lindsay Under 28 U.S.C. § 144 (Doc. 51), filed October 18, 2016. After considering the motion, affidavit filed in support, the record in this case, and applicable law, the court **denies** Plaintiffs' Motion to Recuse/Disqualify Judge Sam Lindsay Under 28 U.S.C. § 144 (Doc. 51) *and warns Plaintiffs that further motions by them to recuse or disqualify the undersigned will result in the imposition of sanctions against them, their attorney, or both*.

Plaintiffs again seek to recuse or disqualify the undersigned under 28 U.S.C. § 144. Plaintiffs' latest motion to recuse or disqualify the undersigned is a clear violation of the statute, frivolous, and nonsensical. The statute expressly states that a motion for recusal or disqualification must be accompanied by an affidavit setting forth the facts and reasons for the belief that bias or prejudice exists. This statute further provides that "[a] party may file only one such affidavit in any case." 28 U.S.C. § 144. Plaintiffs' motion is accompanied by the affidavit of Plaintiff Demetrick Pennie ("Pennie"), but Plaintiffs have previously moved to recuse or disqualify the undersigned and

submitted two affidavits in support of their prior motion. Consequently, they have already exceeded the limit of affidavits permitted under the plain language of the statute. Given the plain and clear language of the statute, the court will not tolerate further violations by Plaintiffs.

Moreover, Plaintiffs' current motion fails for many of the same reasons the court denied their first motion for recusal or disqualification under 28 U.S.C. § 144. Plaintiffs misapprehend the court's earlier opinion in which it explained the reasons why Pennie's affidavits were insufficient as a matter of law to show that the undersigned has a bias against Plaintiffs or should be recused. Without foundation or a modicum of competent evidence, Plaintiffs assume that this court will be swayed or pressured into showing bias against them because of statements made by or attributed to Defendant Louis Farrakan. Plaintiffs, however, have wholly failed to show by a legally sufficient affidavit how what any Defendant has advocated, encouraged, stated, or done would cause this court to have a personal bias or prejudice against them or in favor of any adverse party. Plaintiffs have, thus, failed to establish that the undersigned has succumbed, or is likely to succumb, to any extrajudicial influence or pressure from any Defendant in this case. Instead, Plaintiffs have done nothing but rely on rank speculation, conjecture, and hyperbole to make irrational and impermissible inferences that the undersigned has a personal bias against them or in favor of an adverse party.

*Plaintiffs shall not file another motion to recuse or disqualify the undersigned. If Plaintiffs or their counsel files another motion for recusal or disqualification of the undersigned, the court will issue an order for them to appear in court and show cause why they should not be held in contempt of court and sanctioned. Plaintiffs are warned that the filing of frivolous motions can be punished by a number of sanctions, including warnings, monetary sanctions, dismissal of their complaint with or without prejudice, or any other sanctions that the court deems reasonable and*

*appropriate under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or its inherent powers.*

Accordingly, for the reasons stated, the court **denies** Plaintiffs' Motion to Recuse/Disqualify Judge Sam Lindsay Under 28 U.S.C. § 144 (Doc. 51).

**It is so ordered** this 20th day of October, 2016.

                                           *[signature: Sam A. Lindsay]*
                                           Sam A. Lindsay
                                           United States District Judge