**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LARRY KLAYMAN, *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>BARACK HUSSEIN OBAMA, *et al.*,<br><br>    Defendants. | C.A. No.  3:16-CV-02010-L |

<u>**MOTION TO DISMISS OF DEFENDANT GEORGE SOROS,**</u>
<u>**AND BRIEF IN SUPPORT**</u>

LYNN PINKER COX & HURST
Michael K. Hurst
 State Bar No. 10316310
Jonathan R. Childers
 State Bar No. 24050411
Chisara Ezie-Boncoeur
 New York State Bar No. 5333224
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel:  (214) 981-3800
Fax:  (214) 981-3839
mhurst@lynnllp.com
jchilders@lynnllp.com
cezie-boncoeur@lynnllp.com

WILLKIE FARR & GALLAGHER LLP
Joseph T. Baio (admitted *pro hac vice*)
Benjamin P. McCallen (admitted *pro hac vice*)
Andrew Hanrahan (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Tel:  (212) 728-8000
Fax:  (212) 728-8111
jbaio@willkie.com
bmccallen@willkie.com
ahanrahan@willkie.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................ii

SUMMARY OF ARGUMENT .......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT & AUTHORITIES ...................................................................................... 4

I.     PLAINTIFFS LACK STANDING. ................................................................................ 5

II.    PLAINTIFFS FAIL TO STATE A CLAIM AGAINST MR. SOROS. ........................... 8

       A.     Plaintiffs Fail to State a Claim Pursuant to 42 U.S.C. § 1983. ........................... 10

       B.     Plaintiffs Fail To State a Claim Pursuant to 42 U.S.C. § 1985(1), (2), &
              (3). ............................................................................................................. 11

              i.      Plaintiffs Do Not State a Claim Pursuant to 42 U.S.C. § 1985(1). ........... 12

              ii.     Plaintiffs Do Not State a Claim Pursuant to 42 U.S.C. § 1985(2). ........... 13

              iii.    Plaintiffs Do Not State a Claim Pursuant to 42 U.S.C. § 1985(3). ........... 14

       C.     Plaintiffs Fail to State a Claim Under *Bivens*. ..................................................... 15

       D.     Plaintiffs Fail to State a Claim for Assault. ........................................................ 16

       E.     Plaintiffs Fail To State a Claim for Intentional Infliction of Emotional
              Distress. .................................................................................................... 19

       F.     Plaintiffs Fail To State a Claim Under Florida Statute 874, et Seq. ................... 21

III.   THE AMENDED COMPLAINT MUST BE DISMISSED FOR LACK OF
       PERSONAL JURISDICTION OVER MR. SOROS. .................................................... 22

CONCLUSION ................................................................................................................... 25

## TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE(S)**

*Am. Mfrs. Mut. Ins. Co. v. Sullivan,*
    526 U.S. 40 (1999)..................................................................................................10

*Anderson v. Law Firm of Shorty, Dooley & Hall,*
    393 F. App'x 214 (5th Cir. 2010) ..............................................................11, 12

*Arsenaux v. Roberts,*
    726 F.2d 1022 (5th Cir. 1982) ......................................................................11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................8-9, 14, 18, 22

*Beal v. Midlothian Indep. Sch. Dist. 070908 of Ellis Cty.,*
    No. Civ. A. 3:01-CV-0746L, 2002 WL 1033085 (N.D. Tex. May 21, 2002)...............6-7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................9, 14, 15, 20

*Benningfield v. City of Houston,*
    157 F.3d 369 (5th Cir. 1998) .......................................................................13

*Bradt v. Smith,*
    634 F.2d 796 (5th Cir. 1981) .......................................................................13

*Bray v. Alexandria Women's Health Clinic,*
    506 U.S. 263 (1993)................................................................................12-13

*Cent. Freight Lines Inc. v. APA Trans. Corp.,*
    322 F.3d 376 (5th Cir. 2003) .......................................................................23

*Cornish v. Corr. Servs. Corp.,*
    402 F.3d 545 (5th Cir. 2005) .......................................................................10

*Corr. Servs. Corp. v. Malesko,*
    534 U.S. 61 (2001)......................................................................................16

*Cox v. Waste Mgmt. of Tex., Inc.,*
    300 S.W.3d 424 (Tex. App. 2009)................................................................18

*Daimler AG v. Bauman,*
    134 S.Ct. 746 (2014)...................................................................................23

*Davidson v. City of Fort Worth,*
        No. 4:11-CV-713-A, 2012 WL 3778831 (N.D. Tex. Aug. 30, 2012) .............................11

*Davis v. City of Garland,*
        No. 3:10-CV-2222-L, 2011 WL 1466163 (N.D. Tex. Apr. 15, 2011) ...........................20

*Davis v. F.E.C.,*
        554 U.S. 724 (2008)................................................................................................5

*Delta Brands Inc. v. Danieli Corp.,*
        99 Fed. App'x. 1 (5th Cir. 2004) ...................................................................23, 24

*Devine v. State,*
        786 S.W.2d 268 (Tex. Crim. App. 1989).......................................................17

*Doe v. United States,*
        831 F.3d 309, No. 15-50331, 2016 WL 4036382 (5th Cir. July 27, 2016) ....................10

*Earnest v. Lowentritt,*
        690 F.2d 1198 (5th Cir. 1982) .......................................................................14

*Eliserio v. Floydada Hous. Auths.,*
        No. CIV.A. L-05-CV-4, 2008 WL 901493 (S.D. Tex. Mar. 31, 2008)...........................8

*Enoch v. State,*
        95 So.3d 344 (Fla. Dist. Ct. App. 2012) .......................................................22

*FDIC v. Meyer,*
        510 U.S. 471 (1994).......................................................................................15

*Geovera Specialty Ins. Co. v. Hutchins,*
        831 F. Supp.2d 1306 (M.D. Fla. 2011) .........................................................18

*GlobeRanger Corp. v. Software AG,*
        Civil Action No. 3-11-CV-0403-B, 2013 WL 1499357 (N.D. Tex. Apr. 12, 2013) ........24

*Griffin v. Breckenridge,*
        403 U.S. 88 (1971)..........................................................................................14

*Graham v. Tygrett,*
        No. 3:12-cv-5037-L, 2013 WL 1809627 (N.D. Tex. Apr. 30, 2013) .................................9

*Great W. Land & Recreation, Inc. v. BD Realty Advisors, LLC,*
        No. H-06-3370, 2007 WL 7216519 (S.D. Tex. June 14, 2007)..........................................9

*GTE Sw., Inc. v. Bruce,*
    998 S.W.2d 605 (Tex. 1999) ........................................................................19

*Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.,*
    85 F.3d 201 (5th Cir. 1996) .......................................................................24

*Hale v. Harney,*
    786 F.2d 688 (5th Cir. 1986) .....................................................................11

*Hay v. City of Irving, Tex.,*
    893 F.2d 796 (5th Cir. 1990) .....................................................................11

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ..................................................................................23

*Hill v. State,*
    844 S.W.2d 937 (Tex. App. 1992) .............................................................17

*Hilliard v. Ferguson,*
    30 F.3d 649 (1994) ....................................................................................14

*Hoffmann-La Roche Inc. v. Zeltwanger,*
    144 S.W.3d 438 (Tex. 2004) .....................................................................19

*John v. Nat'l Sec. Fire and Cas. Co.,*
    501 F.3d 443 (5th Cir. 2007) .......................................................................4

*Johnson v. Merrell Down Pharms., Inc.,*
    965 F.2d 31 (5th Cir. 1992) .......................................................................19

*Johnston v. Multidata Sys. Int'l Corp.,*
    523 F.3d 602 (5th Cir. 2008) ............................................................... 22-23

*Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.,*
    289 F. App'x 22 (5th Cir. 2008) ...............................................................12

*Lance v. Coffman,*
    549 U.S. 437 (2007) ....................................................................................6

*Landrum v. Blackbird Enters., LLC,*
    No. H-16-0374, 2016 WL 6075446 (S.D. Tex. Oct. 3, 2016) ...........................7

*LeGrande v. Emmanuel,*
    889 So.2d 991 (Fla. Dist. Ct. App. 2004) ..................................................19

*Lujan v. Defs. Of Wildlife,*
   504 U.S. 555 (1992)..........................................................................................5, 6, 8

*Mangalvedkar v. Chousand,*
   No. 3:15-cv-0944-L, 2016 WL 687168 (N.D. Tex. Feb 19, 2016)...................................5

*McConathy v. Dr. Pepper/Seven Up Corp.,*
   131 F.3d 558 (5th Cir. 1998) ......................................................................................20

*Minneci v. Pollard,*
   132 S.Ct. 617 (2012)..............................................................................................15, 16

*MVConnect, LLC v. Recovery Database Network, Inc.,*
   No. 3:10-cv-1948, 2011 WL 13128799 (N.D. Tex. May 27, 2011)...................................9

*Myart v. Glosson,*
   No. SA-14-cv-831-XR, 2014 WL 6612008 (W.D. Tex. Nov. 20, 2014) ..........................4

*Nat'l Indus. Sand Ass'n v. Gibson,*
   897 S.W.2d 769 (Tex. 1995).......................................................................................24

*Newman v. Gehl Corp.,*
   731 F. Supp. 1048 (M.D. Fla. 1990) ...........................................................................18

*Patterson v. Downtown Med. & Diagnostic Ctr., Inc.,*
   866 F. Supp. 1379 (M.D. Fla. 1994) ...........................................................................20

*Payne v. Baker,*
   No. 4:14-CV-473-A, 2014 WL 5581314 (N.D. Tex. Nov. 3, 2014) ...............................18

*Peters v. St. Joseph Servs. Corp.,*
   74 F. Supp.3d 847 (S.D. Tex. 2015) ...........................................................................8

*Ramming v. United States,*
   281 F.3d 158 (5th Cir. 2001) .......................................................................................5

*Richard v. Hoechst Celanese Chem. Grp., Inc.,*
   355 F.3d 345 (5th Cir. 2003) ......................................................................................10

*Rockwell v. Brown,*
   664 F.3d 985 (5th Cir. 2011) ......................................................................................16

*Sartin v. EKF Diagnostics, Inc.,*
   Civil Action No. 16-1816, 2016 WL 3598297 (E.D. La. July 5, 2016) ...........................7

*Spokeo v. Robins,*
    136 S.Ct. 1540 (2016) ....................................................................5, 7

*Sulak v. Am. Eurocopter Corp.,*
    901 F.Supp.2d 834 (N.D. Tex. 2012) ...........................................16

*Tidwell v. State,*
    187 S.W.3d 771 (Tex. App. 2006)..................................................17

*U.S. ex. Rel. Simmons v. Zibilichi,*
    542 F.2d 259 (5th Cir. 1976) ..........................................................11

*Walton v. State,*
    477 S.W.2d 294 (Tex. Crim. App. 1972).......................................17

*Warth v. Seldin,*
    422 U.S. 490 (1975)...........................................................................5

*West v. Atkins,*
    487 U.S. 42 (1988).............................................................................10

*Wiggs v. Courshon,*
    355 F. Supp. 206 (S.D. Fla. 1973) ............................................. 18-19

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980)......................................................................23, 24

*Wyble v. Gulf S. Pipeline Co., L.P.,*
    308 F. Supp.2d 733 (E.D. Tex. 2004) .............................................8

## STATUTES & RULES                                    PAGE(S)

42 U.S.C. § 1985(1) ....................................................................12, 13

42 U.S.C. § 1985(2) .........................................................................13

Fla. Stat. Ann. § 874.03(1).............................................................21

Fla. Stat. Ann. § 874.05 .............................................................21, 22

Fla. Stat. Ann. § 874.06 .................................................................21

Fla. Stat. Ann. § 874.10 .............................................................21, 22

**OTHER AUTHORITIES**                                                      **PAGE(S)**

Restatement (Second) Conflict of Laws § 146 (1971)......................................................16

Tex. Penal Code Ann. § 22.01 .........................................................................................16

Wright & Miller, § 3655 Actions Against Federal Agencies and Officers, 14 Fed. Prac. & Proc. Juris. § 3655 (4th ed.) ...................................................................................................15

Defendant George Soros respectfully moves this Court to dismiss all of the causes of action asserted by Plaintiffs Larry Klayman and Demetrick Pennie (collectively, "Plaintiffs") against Mr. Soros in the Amended Complaint, dated September 16, 2016, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

## SUMMARY OF ARGUMENT

Plaintiffs' Amended Complaint appears designed to make headlines rather than assert legally cognizable causes of action. Plaintiffs name a litany of prominent parties as Defendants, including, among others, President Obama, Hillary Clinton, and Mr. Soros. The Amended Complaint vaguely alleges that these parties conspired to foment and incite a race war that led to attacks, or the threat of attacks, against law enforcement. However, the Amended Complaint contains nothing more than conspiracy theories based on conjecture, conclusory allegations, and rote recitals of the elements of causes of actions – none of which satisfies Plaintiffs' burden to plead facts that support a plausible claim. The Amended Complaint should be dismissed in its entirety as to Mr. Soros.

As a threshold matter, Plaintiffs' claims should be dismissed because Plaintiffs lack standing to assert their alleged claims. Plaintiffs fail to plead adequately any of the requirements for standing. The only so-called injuries pled in the Amended Complaint are either theoretical or suffered by persons other than Plaintiffs. Moreover, to the extent Plaintiffs have suffered cognizable injury, there are no allegations that such injury was caused by Mr. Soros. Absent a pleading of an injury in fact caused by Mr. Soros, Plaintiffs lack standing and their claims against him should be dismissed.

Even if Plaintiffs have standing, which they do not, they have failed to plead any conduct by Mr. Soros that would support a claim against him. The sole allegations of relevance

**MOTION TO DISMISS OF DEFENDANT GEORGE SOROS, AND BRIEF IN SUPPORT**                1

pertaining to Mr. Soros are that he donated money to Black Lives Matter and other "radical, left wing groups," and that he paid individuals to protest in Ferguson, Missouri. Those allegations do not plead a plausible claim that Mr. Soros is in any way liable for the alleged threats that Plaintiffs supposedly suffered.

Apparently recognizing this fact, Plaintiffs attempt to allege that Mr. Soros was part of a far-flung conspiracy consisting of politicians, social activists, religious leaders, educators, writers, artists, non-profit leaders, and others who have no connection other than allegedly supporting the Black Lives Matter movement. Plaintiffs allege that this so-called conspiracy "incited their supporters and others to engage in threats of [sic] and attacks," and suggest that Mr. Soros can be held responsible for the conduct of his supposed co-conspirators. That argument fails, too, because Plaintiffs have not pled any facts that would permit the Court to infer that the existence of such a conspiracy is conceivable, or that such a conspiracy harmed Plaintiffs in any way.

Further, each of the six causes of action alleged by Plaintiffs suffer from a variety of legal deficiencies, including that Mr. Soros is not a state actor or federal officer (42 U.S.C. § 1983 and *Bivens* claim), Plaintiffs are not federal officers (42 U.S.C. § 1985), and the alleged conduct does not constitute assault, intentional infliction of emotional distress, or gang activity.

Finally, Plaintiffs bear the burden of pleading facts sufficient to establish personal jurisdiction and they have entirely failed to meet that burden. Plaintiffs fail to allege any actions taken by Mr. Soros in Texas, or that were directed at Texas, that would subject Mr. Soros to specific jurisdiction in this case. There are also no allegations in the Amended Complaint that Mr. Soros has the type of continuous and systematic contacts with Texas that would subject him

to general jurisdiction in this Court.   Accordingly, the Amended Complaint should be dismissed in its entirety as to Mr. Soros.

## STATEMENT OF FACTS

Plaintiff Larry Klayman originally filed this action against Defendants President Barack Obama, Louis Farrakhan, Eric Holder, Reverend Al Sharpton, Rashad Turner, Opal Tometi, Patrisse Cullors, Alicia Garza, and DeRay McKesson on July 9, 2016, purportedly on behalf of himself and "all U.S. police officers, Jews, and Caucasians." (Complaint [ECF No. 1] ¶ 5.)   On September 16, 2016, Plaintiffs filed an Amended Complaint which added, among others, George Soros as a Defendant.  (Am. Complaint [ECF No. 16].)

Plaintiffs allege that Mr. Soros, a resident of the state of New York, participated in a conspiracy with the other named defendants to incite "their supporters and others to engage in threats of [sic] and attacks to cause serious bodily injury or death upon police officers and other law enforcement persons of all races and ethnicities including but not limited to Jews, Christians and Caucasians."   (Am. Complaint ¶ 1.)   Plaintiffs allege that Defendants undertook these actions with the aim of "incit[ing] a racial war in America."  (*Id.* ¶ 54.)

The Amended Complaint contains only scant allegations regarding Mr. Soros.  The sole alleged facts concerning Mr. Soros are: (1) Mr. Soros funded numerous supposedly "radical, left wing groups" (*id.* ¶¶ 162-63); (2) Mr. Soros has given at least $33 million to various causes, including Black Lives Matter, and is one of the primary financial backers of the Black Lives Matter movement (*id.* ¶¶ 165, 168); (3) Mr. Soros paid individuals to protest police conduct in Ferguson, Missouri (*id.* ¶ 166); and (4) Mr. Soros, who is Jewish, is anti-Semitic and was a Nazi sympathizer and collaborator (*id.* ¶ 167).   Each of these allegations is based upon publicly-available news and internet articles that are cited in the Amended Complaint.

The Amended Complaint asserts the following claims against all Defendants, including Mr. Soros: (1) deprivation of Plaintiffs' civil rights, pursuant to 42 U.S.C. § 1983; (2) conspiracy to deprive Plaintiffs' civil rights, pursuant to 42 U.S.C. § 1985; (3) a *Bivens* claim based on violation of the Fifth Amendment to the United States Constitution; (4) assault; (5) intentional infliction of emotional distress; and (6) promotion of gang activity under Florida law.  (Am. Complaint ¶¶ 221-61.)  Plaintiffs seek monetary damages in excess of $500,000,000, as well as attorneys' fees and costs.  (Am. Complaint at p. 65 ("Prayer For Relief").)[1]

## ARGUMENT & AUTHORITIES

The claims against Mr. Soros are subject to dismissal on many of the same grounds advanced by other Defendants in previously-filed motions to dismiss.  To avoid burdening the Court with repetitive briefing, Mr. Soros will not repeat those arguments in full.  Instead, Mr. Soros summarizes here the relevant arguments and authority, and adopts and incorporates in relevant part the briefs of the Individual Federal Defendants and the United States of America.[2]

---

[1]     Plaintiffs purport to bring these claims as a class action, however their class allegations are barebones and entirely conclusory.  (Am. Complaint ¶¶ 4-5.)  "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).  The only description in the Amended Complaint of the proposed class is "all police officers and other law enforcement persons of all races and ethnicities including but not limited to Jews, Christians and Caucasians who have been threatened and targeted and harmed by Defendants' ignited race war, and who reside within this district and the domestic United States."  (Am. Complaint ¶ 5.)  That is plainly insufficient to sustain a class action claim. *See, e.g., Myart v. Glosson*, No. SA-14-cv-831-XR, 2014 WL 6612008, at *6-7 (W.D. Tex. Nov. 20, 2014) (dismissing class allegations where Plaintiff's complaint did "nothing more…than state there are 'literally thousands' of potential like plaintiffs of the same race and sex as him who suffered from 'the exact illegal activities' committed by [defendant].").

[2]     For the avoidance of doubt, Mr. Soros does not adopt the arguments of the Individual Federal Defendants regarding absolute or qualified immunity defenses, (Brief in Support of the Individual Federal Defendants' Motion to Dismiss [ECF No. 22] at 15-25), or the arguments of the United States as to presentment and the Federal Tort Claims Act. (Brief of United States of America's Motion to Dismiss [ECF No. 24] at 17-26.)

# I.   PLAINTIFFS LACK STANDING.[3]

Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of a federal court. Article III of the United States Constitution limits the federal courts to adjudicating cases or controversies. *Davis v. F.E.C.*, 554 U.S. 724, 732 (2008). This requirement is the "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Absent jurisdiction conferred by statute or the Constitution, [federal courts] lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking." *Mangalvedkar v. Chousand*, No. 3:15-cv-0944-L, 2016 WL 687168 at *1 (N.D. Tex. Feb 19, 2016) (Lindsay, J.). [4]

The "irreducible constitutional minimum" of standing has three elements: (1) the plaintiff must suffer an "injury in fact," meaning the injury must be "an invasion of a legally protected interest" and must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" (2) causation, meaning the injury must be "fairly…trace[able] to the challenged action of the defendant, and not…th[e] result [of] the independent action of some third party not before the court;" and (3) redressability, meaning that there is a likelihood that the requested relief will address the alleged injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). When a case is at the pleading stage, "the plaintiff must 'clearly…allege facts demonstrating' each element." *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016).

---

[3]     Mr. Soros adopts the arguments as to standing made by the Individual Federal Defendants and the United States, and incorporates them as if fully set forth herein. (*See* Brief in Support of the Individual Federal Defendants' Motion to Dismiss at 8-15, Brief of United States of America's Motion to Dismiss at 9-17.)

[4]     Plaintiffs allege that "[t]his Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1605." (Am. Complaint ¶ 7.) Section 1605, which provides certain exceptions to the jurisdictional immunity of foreign states, is plainly not applicable here as no Defendant is a foreign state.

The Amended Complaint does not allege an "injury in fact."  The injury-in-fact test "requires that the party seeking review be himself among the injured."  *Lujan*, 504 U.S. at 562-63.  To have standing, "a plaintiff must have more than a general interest common to all members of the public."  *Lance v. Coffman*, 549 U.S. 437, 439 (2007).  Rather than identifying any concrete and particularized injury, Plaintiffs use the Amended Complaint as an airing of grievances, alleging that, *inter alia,* Defendants have: fomented a race war (¶ 16), encouraged disaffected minority groups to ignore, disrespect, and assault law enforcement officials (¶ 27), publicly stated that law enforcement are disproportionately arresting and prosecuting minority groups (¶ 30), caused an increase in crime rates by preventing law enforcement officials from doing their duties (¶ 31), sent a signal that it is acceptable and required to kill white people (¶ 42), and accused the legal system of a conspiracy to kill black men (¶ 44).  Setting aside the fanciful nature of Plaintiffs' claims, at no point do Plaintiffs allege how they personally have been harmed by any of these perceived wrongs.  To the extent that Plaintiffs seek through this action to recover for these alleged harms that they did not themselves suffer, Plaintiffs clearly lack standing.  *See Lujan*, 504 U.S. at 562-63.

The lone allegation in the Amended Complaint that is even arguably particularized to Plaintiffs is the allegation that both Pennie and Klayman were "threatened" by Defendants.  (Am. Complaint ¶¶ 15-16.)  As to Plaintiff Pennie, the Amended Complaint merely states that he has "been threatened with death and/or serious bodily harm by Defendants, acting alone and/or in concert."  (Am. Complaint ¶ 15.)  Plaintiffs fail to allege any facts supporting this conclusory allegation, including when he was threatened, how he was threatened, and by whom.  That is insufficient to confer standing.  *See Beal v. Midlothian Indep. Sch. Dist. 070908 of Ellis Cty.*, No. Civ. A. 3:01-CV-0746L, 2002 WL 1033085, at *3 (N.D. Tex. May 21, 2002) (dismissing for

lack of standing where "[o]ther than one boilerplate, conclusory allegation…Plaintiffs do not set forth any specific factual allegations" that demonstrated an injury-in-fact.); *Sartin v. EKF Diagnostics, Inc.*, Civil Action No. 16-1816, 2016 WL 3598297, at *3 (E.D. La. July 5, 2016) ("Absent supporting factual allegations, [plaintiff's] bare assurance that an unspecified injury exists is insufficient to establish Article III standing.").

Similarly, as to Plaintiff Klayman, the Amended Complaint alleges only that Klayman "received a call from Defendant New Black Panther Party and Black Lives Matter acting in concert with the other Defendants," and that certain threats of physical harm were made during the call.  (Am. Complaint ¶ 16.)  However, the Amended Complaint does not allege that the threat was made by Mr. Soros or was in any way connected to Mr. Soros.  Plaintiffs do not allege that Mr. Soros has any connection at all to the New Black Panther Party, nor do they allege any facts that would support holding Mr. Soros liable for any alleged threats by someone who claimed to be connected to the Black Lives Matter movement.  Moreover, this alleged injury is not sufficiently concrete to satisfy the injury-in-fact requirement.  *Landrum v. Blackbird Enters., LLC*, No. H-16-0374, 2016 WL 6075446 at *3 (S.D. Tex. Oct. 3, 2016) ("A 'concrete' injury must be 'de facto'; that is, it must actually exist…An injury need not be tangible, but it cannot be merely abstract or hypothetical.").  Finally, as the Supreme Court has acknowledged, one way of evaluating whether an intangible harm is an injury-in-fact is by examining whether the harm alleged is one that would normally sustain a viable claim: "[b]ecause the doctrine of standing derives from the case-or-controversy requirement…it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."  *Spokeo*, 136 S. Ct. at 1549.  For

the reasons described in Section II, *infra*, Plaintiffs' allegations do not state a claim under any theory.  For the same reasons, Plaintiffs do not allege an injury-in-fact.

The Amended Complaint also fails to adequately allege causation.   Plaintiffs must allege a "causal connection between the [alleged] injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant."  *Lujan*, 504 U.S. at 560. With respect to Mr. Soros, Plaintiffs allege that Mr. Soros (1) donated money to Black Lives Matter and other "radical, left wing groups" and (2) paid certain individuals to protest in Ferguson, Missouri.   (Am. Complaint ¶¶ 162-68.)   Nowhere in the Amended Complaint do Plaintiffs provide factual allegations capable of showing that the alleged threats that supposedly caused them injury are fairly traceable to Mr. Soros' alleged conduct.   Instead, Plaintiffs offer conclusory allegations that the alleged threats were a result of Defendants "acting in concert." (Am. Complaint ¶ 16.)  Such boilerplate allegations of causation are precisely the kind of claims that should be dismissed.  *See, e.g., Peters v. St. Joseph Servs. Corp.*, 74 F. Supp.3d 847, 857 (S.D. Tex. 2015) (dismissing claim for lack of standing where "the allegation is conclusory and fails to account for the sufficient break in causation caused by…third parties.").[5]

## II.    PLAINTIFFS FAIL TO STATE A CLAIM AGAINST MR. SOROS.

Dismissal is proper under Rule 12(b)(6) if a complaint does not allege facts to support its claim for relief.  "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[5]    Plaintiffs are also unable to show redressability.  As an initial matter, as described above, Plaintiffs have not suffered an injury-in-fact, and thus there is no injury to be redressed.  *Wyble v. Gulf S. Pipeline Co., L.P.*, 308 F. Supp. 2d 733, 742 (E.D. Tex. 2004) ("It necessarily follows that if a Plaintiff cannot establish that he has been injured…he cannot seek redress for that violation.").  Even if Plaintiffs had suffered an injury of the type they describe in the Amended Complaint, the way to redress that injury is through either monetary or injunctive relief against the parties responsible for the threats.  Since there are no allegations in the Amended Complaint that Mr. Soros made any threats against Plaintiffs, they have not shown that a claim against Mr. Soros would enable the Court to redress their alleged injuries.  *Eliserio v. Floydada Hous. Auths.*, No. CIV.A. L-05-CV-4, 2008 WL 901493, at *5 (S.D. Tex. Mar. 31, 2008) ("redressability cannot be shown where speculative inferences are necessary to connect [the] injury to the challenged actions of [defendants].").

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] court is not to strain to find inferences favorable to the plaintiff." *Graham v. Tygrett*, No. 3:12-cv-5037-L, 2013 WL 1809627, at *4 (N.D. Tex Apr. 30, 2013) (Lindsay, J.). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Similarly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the complaint's "[f]actual allegations must be enough to raise the right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). If the factual allegations in the complaint fail to "nudge[] their claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

The only allegations in the Amended Complaint relating to actions taken by Mr. Soros are that he has funded numerous supposedly "radical, left wing groups" including Black Lives Matter, of which he is allegedly one of the "primary financial backers" (Am. Complaint ¶¶ 162 - 168); and that Mr. Soros paid individuals to protest police conduct in Ferguson, Missouri. (*Id.* ¶ 166). Plaintiffs have not pled – and cannot plead – that Mr. Soros engaged in any conduct that would permit him to be held liable for any of the alleged claims.[6]

---

[6]      Plaintiffs allege that the donations that supposedly support a claim against Mr. Soros came from him personally, but the materials to which Plaintiffs cite as support for these allegations plainly state that the alleged donations came from the Open Society Foundations. (Am. Compl. at n.93, 94 and 96.) For Mr. Soros to be personally liable for activities that were allegedly undertaken by the Open Society Foundations, Plaintiffs would have to allege that Mr. Soros "was the 'guiding spirit' behind the wrongful conduct ... or the 'central figure' in the challenged corporate activity." *Great W. Land & Recreation, Inc. v. BD Realty Advisors, LLC*, No. H-06-3370, 2007 WL 7216519 at *1 (S.D. Tex. June 14, 2007); *see also MVConnect, LLC v. Recovery Database Network, Inc.*, No. 3:10-cv-1948, 2011 WL 13128799, at *9 (N.D. Tex. May 27, 2011) (for a corporate officer or director to be personally liable, "there must be factual allegations of some sort of conscious wrongdoing."). Plaintiffs fail to do so. The Amended Complaint does not even acknowledge the distinction between Mr. Soros and the Open Society Foundations, much less contain any

**A.     Plaintiffs Fail to State a Claim Pursuant to 42 U.S.C. § 1983.**[7]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States and (2) did so while acting under the color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999). The plaintiff must allege that the defendant "can fairly be described as a state actor[]," *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003), and that the defendant "exercise[d] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "Mere private conduct, no matter how discriminatory or wrongful, is excluded from Section 1983's reach." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 548 (5th Cir. 2005). Further, actions taken by federal officials under color of federal law cannot be the basis of a suit under Section 1983. *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016) ("Federal officials acting under color of federal law are not subject to suit under § 1983…").

Plaintiffs' claim against Mr. Soros pursuant to Section 1983 is facially deficient. Plaintiffs do not allege, nor can they, that Mr. Soros is a state actor or that he acted under color of state law. Mr. Soros is a private citizen. Plaintiffs do not allege that Mr. Soros has ever been a government official at any level of government. Section 1983 is plainly not applicable to Mr. Soros, there can be no well-pled facts making it so, and Plaintiffs' claim must be dismissed.[8]

---

allegations that Mr. Soros was the "guiding spirit" or "central figure" behind any corporate activity at the Open Society Foundations.

[7]     Mr. Soros adopts the arguments as to this claim made by the Individual Federal Defendants and incorporates them as if fully set forth herein. (*See* Brief in Support of the Individual Federal Defendants' Motion to Dismiss at 25-26.)

[8]     Plaintiffs' allegations of a conspiracy among the various Defendants cannot rescue their Section 1983 claim. Even if Plaintiffs' allegation of a conspiracy were true, which it is not, *see infra.* at 11-12, none of the named Defendants is a state actor or operating under color of state law, and thus, Plaintiffs' claim remains facially deficient. *See, e.g., Doe*, 831 F.3d at 314 ("Federal officials acting under color of federal law are not subject to suit under Section 1983, nor does the statute reach purely private conduct.").

Even if Mr. Soros could be held liable as a state actor, Plaintiffs further fail to allege that Mr. Soros deprived Plaintiffs of a right secured by the Constitution or laws of the United States. Plaintiffs only allege that "the Defendants and each of them individually deprived…the Plaintiff…of [his] constitutional rights to life and liberty guaranteed by the Fifth Amendment to the United States Constitution, as reinforced by the Fourteenth Amendment."  (Am. Complaint ¶ 222.)  That allegation is purely conclusory and insufficient to state a claim.

**B.      Plaintiffs Fail To State a Claim Pursuant to 42 U.S.C. § 1985(1), (2), & (3).[9]**

Conspiracy is an "essential element" of any Section 1985 claim.  *U.S. ex. rel. Simmons v. Zibilichi*, 542 F.2d 259, 261 (5th Cir. 1976); *Davidson v. City of Fort Worth*, No. 4:11-CV-713-A, 2012 WL 3778831, at \*7 (N.D. Tex. Aug. 30, 2012).   In the context of a civil rights conspiracy, a plaintiff must show (1) an agreement; (2) to commit an illegal act; (3) which resulted in the plaintiff's injury.  *See Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990).  Specific facts are required, *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986), and the plaintiff must show that the "defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).  A plaintiff must plead the essential "operative facts" of the alleged conspiracy.  *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 F. App'x 214, 217 (5th Cir. 2010).  "Bald allegations that a conspiracy existed are insufficient." *Id.* (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987)).

Each of Plaintiffs' Section 1985 claims against Mr. Soros fails because the Amended Complaint is devoid of factual assertions sufficient to plead a conspiracy.  Nowhere in the 66-page Amended Complaint do Plaintiffs plead that a meeting or even a conversation took place between Mr. Soros and the other Defendants, much less that they entered into an agreement to

---

[9]      Mr. Soros adopts the arguments as to these claims made by the Individual Federal Defendants and incorporates them as if fully set forth herein.  (*See* Brief in Support of the Individual Federal Defendants' Motion to Dismiss at 26-31.)

commit an illegal act.  Further, the Amended Complaint does not allege that Mr. Soros conspired

to commit acts that resulted in the Plaintiffs' alleged injury.  Instead, Plaintiffs allege only that

Defendants "have conspired together to […] deprive the Plaintiffs […] of their constitutional and

civil rights to life, liberty, and property[]" or have "committed overt and public acts in

furtherance of the conspiracy."  (Am. Complaint ¶¶ 230, 232.)  Such conclusory, boilerplate

allegations do not constitute the essential "operative facts" required to plead a conspiracy.

Rather, they are the type of "bald allegations" that courts have consistently found to be

insufficient.  *Anderson*, 393 F. App'x at 217; *see also Knatt v. Hosp. Serv. Dist. No. 1 of E.*

*Baton Rouge Par.*, 289 F. App'x 22, 33 (5th Cir. 2008) (merely alleging that "defendants entered

into a conspiracy with a purpose of depriving [Plaintiff] of equal protection of the law...." did not

allege sufficient operative facts to establish existence of a conspiracy).

Because it is unclear whether Plaintiffs are alleging claims pursuant to Section 1985(1),

(2), or (3), Defendant will address each of these sections in turn.

i.     <u>Plaintiffs Do Not State a Claim Pursuant to 42 U.S.C. § 1985(1).</u>

To state a claim under 42 U.S.C. § 1985(1), a complaint must allege that the defendant

(1) conspired with two or more persons; (2) to prevent a federal officer from accepting or

holding any office or discharging his duties as an officer, or to injure him or his property on

account of or while engaged in the discharge of his duties, or to injure his property to impede

him in the discharge of his duties.  42 U.S.C. § 1985(1).

Plaintiffs have not, and cannot, state a claim for relief under Section 1985(1).  In addition

to their failure to plead a conspiracy (discussed above), a plain reading of the statute makes clear

that it applies only to an "officer of the United States."  42 U.S.C. § 1985(1); *Bray v. Alexandria*

*Women's Health Clinic*, 506 U.S. 263, 284 n.15 (1993) ("Section 1985(1) applies only to officers of the United States.").

Neither Plaintiff is a federal official.  First, Plaintiff Klayman claims to be a "former federal prosecutor" and the founder of Judicial Watch and Freedom Watch.  (Am. Complaint ¶ 16.)  A plain reading of the statute – which refers to "preventing [an] officer from performing duties" – makes clear that a former federal officer, who, by definition, has no duties to perform, cannot have a claim under the statute.  42 U.S.C. § 1985(1).  Second, Plaintiff Pennie is a police officer with the Dallas Police Department – which does not qualify him as a federal officer.  (Am. Complaint ¶ 15); *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) (members of Houston police department "are not federal officials and, therefore, their allegations fail to state a claim under § 1985(1).").  Because neither Plaintiff is a federal official, the Section 1985(1) claim must fail.[10]

ii.      Plaintiffs Do Not State a Claim Pursuant to 42 U.S.C. § 1985(2).

To state a claim under 42 U.S.C. § 1985(2), the plaintiff must allege that the defendant (1) conspired with two or more persons to either, (2) interfere with judicial proceedings in federal court, or (3) interfere with the equal protection of the laws in federal or state courts. 42 U.S.C. § 1985(2); *see Bradt v. Smith*, 634 F.2d 796, 800-01 (5th Cir. 1981).

Plaintiffs also fail to state a Section 1985(2) claim.  First, as explained above, the allegations that Mr. Soros participated in a conspiracy are purely conclusory and are thus legally insufficient.  (*Supra* at 11-12.)  The claim fails for this reason alone.

Second, Plaintiffs' Amended Complaint does not allege that Mr. Soros had any involvement whatsoever in any federal court proceedings, much less that he conspired to

---

[10]      Further, even if Plaintiffs were federal officials, they have failed to state a claim pursuant to Section 1985(1) because there are no allegations that either was prevented from accepting or holding any office, or from discharging their duties as a federal officer.

**MOTION TO DISMISS OF DEFENDANT GEORGE SOROS, AND BRIEF IN SUPPORT**          **13**

interfere in such proceedings.  Similarly, there are no allegations in the Amended Complaint that

Mr. Soros interfered with the equal protection of the laws in federal or state courts.  Instead,

Plaintiffs merely offer "threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements," which are insufficient to state a claim.  *Iqbal* 556 U.S. at 678.

These rote recitals of the statute's elements are not entitled to the assumption of truth at the

pleading stage, and nothing in the Amended Complaint "raise[s] the right to relief above the

speculative level." *Twombly*, 550 U.S. at 545.

> iii.      Plaintiffs Do Not State a Claim Pursuant to 42 U.S.C. § 1985(3).

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) to

"depriv[e], directly or indirectly, a person or class of persons of the equal protection of the

laws[]"; and (3) an act in furtherance of the conspiracy; (4) "which causes injury to a person or

property, or a deprivation of any right or privilege of a citizen of the United States." *Hilliard v.

Ferguson*, 30 F.3d 649 (5th Cir. 1994).

Section 1985(3) was not intended to "apply to all tortious, conspiratorial interferences

with the rights of others."  *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).  Courts have

"stressed [a] concern over the statute's potentially broad sweep" and thus "to keep the limits of

1985(3) within the scope intended by Congress, courts have required that the act in furtherance

of the conspiracy be independently illegal and that the conspirators' actions be motivated by a

class or racially-based animus." *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982).

Plaintiffs' allegations are not sufficient to state a claim under Section 1985(3).  First, as

described above, there are no allegations in the Amended Complaint that Mr. Soros conspired

with anyone to do anything.  (*Supra* at 11-12.)  There are likewise no allegations that Mr. Soros

sought to deprive either Defendant the equal protection of the laws, or that Mr. Soros did in fact

cause injury to either Defendant by depriving them of any right or privilege.   Plaintiffs'

Amended Complaint offers only the rote recital of the statute's elements (Am. Complaint ¶ 234),

which is insufficient to state a claim.   The Amended Complaint is entirely devoid of any factual

allegations that would "nudge[] their claims across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 545.   Plaintiffs' Section 1985(3) claim should be dismissed.

### C.      Plaintiffs Fail to State a Claim Under *Bivens*.[11]

The Supreme Court's decision in *Bivens v. Unknown Federal Narcotics Agents*, 403 U.S.

388 (1971), established a private right of action against federal officers alleged to have violated a

citizen's constitutional rights.   The "purpose of *Bivens* is to deter the [federal] officer" from

violating a citizen's constitutional rights.   *FDIC v. Meyer*, 510 U.S. 471, 485 (1994).

The elements of a *Bivens* claim are: (1) Plaintiff has a constitutionally-protected right

under the Fourth, Fifth, or Eighth Amendment; (2) the defendant, a federal officer or government

official, violated that right; (3) plaintiff lacks a statutory cause of action or the cause of action

does not provide monetary compensation against the defendant; (4) there are no "special factors"

suggesting the court should decline to provide a remedy; and (5) no appropriate immunity can be

raised by the defendant.   *See, generally,* Wright & Miller, Actions Against Federal Agencies and

Officers, 14 Fed. Prac. & Proc. Juris. § 3655 (4th ed.).

Plaintiffs' *Bivens* claim is easily dismissed.   As discussed above, Mr. Soros is not a

federal officer or government official.   Plaintiffs do not and cannot allege otherwise.   As a

private citizen who is not alleged to have held a position at any level of government, Mr. Soros

does not fall within the bounds of a *Bivens* claim.   *See, e.g., Minneci v. Pollard*, 132 S. Ct. 617,

---

[11]      Mr. Soros adopts the arguments as to this claim made by the Individual Federal Defendants and
incorporates them as if fully set forth herein.   (*See* Brief in Support of the Individual Federal Defendants'
Motion to Dismiss at 31-36.)

623 (2012) (a *Bivens* claim requires that plaintiff's rights were violated by "personnel employed by the *government*, not personnel employed by a *private* firm") (emphasis in original).[12]

### D.   Plaintiffs Fail to State a Claim for Assault.[13]

The elements of a claim for assault under Texas law[14] are the same as the elements required for criminal assault.  *Rockwell v. Brown*, 664 F.3d 985, 993 (5th Cir. 2011).  Pursuant to Texas Penal Code § 22.01 a defendant commits assault if the person: (1) "intentionally, knowingly, or recklessly causes bodily injury to another"; (2) "intentionally or knowingly threatens another with imminent bodily injury"; or (3) "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative."  Tex. Penal Code Ann. § 22.01.

As an initial matter, Plaintiffs do not state a claim under Section 22.01(1) or (3) of the Texas Penal Code, since there are no allegations that either Plaintiff suffered bodily injury, nor are there allegations that any person – much less Mr. Soros – came into physical contact with

---

[12]     Courts have repeatedly rejected attempts by plaintiffs to expand the reach of a *Bivens* claim to private citizens.  *See, e.g., Minneci*, 132 S. Ct. 617 (2012) (*Bivens* claim could not be used to recover against employees of a privately-owned federal prison); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) (dismissing *Bivens* claim against a privately-owned corporation that contracted with the government to provide half-way house facilities).

[13]     Mr. Soros adopts the arguments as to this claim made by the United States of America and incorporates them as if fully set forth herein.  (*See* Brief of United States of America's Motion to Dismiss at 28-29.)

[14]     Because of the vague nature of Plaintiffs' allegations, it is unclear whether the law of Texas or Florida applies to Plaintiffs' claims for assault and intentional infliction of emotional distress ("IIED").  When determining choice-of-law issues, "Texas follows the most-significant-relationship test set out in the Second Restatement of Conflict of Laws ("the Restatement").  *Sulak v. Am. Eurocopter Corp.*, 901 F.Supp.2d 834, 838 (N.D. Tex. 2012) (citing *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000)).  Section 146 of the Restatement provides that "the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship…"  Restatement (Second) Conflict of Laws § 146 (1971).  Because Plaintiff Klayman and Plaintiff Pennie were located in Florida and Texas, respectively, at the time of their alleged injuries, the applicable law is likely to be different for each plaintiff.  In any case, the choice-of-law issue is academic because, as discussed herein, Plaintiffs fail to state a claim for assault or IIED under either Florida or Texas law.

either Plaintiff.  Accordingly, Plaintiffs' claim for assault under Texas law could only arise under Section 22.01(2).

Plaintiffs similarly fail to state a claim under Section 22.01(2) of the Texas Penal Code. To plead a claim for assault, Plaintiffs must plead a "reasonable apprehension of imminent bodily harm" and, for purposes of assault, imminent means "near at hand or on the verge of happening." *Tidwell v. State*, 187 S.W.3d 771, 775 (Tex. App. 2006); *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989).  Plaintiffs' generalized assertions that they were subject to fear and intimidation from threats made by "Defendants" are insufficient to state a claim.  *See Hill v. State*, 844 S.W.2d 937, 938-39 (Tex. App. 1992) (threats of bodily harm that refer to "future bodily injury" and are conditioned on some future event are insufficient to support a claim for assault).

The Amended Complaint fails to allege sufficient facts to find Mr. Soros directly responsible for assault: there are no allegations of even a single statement made by Mr. Soros, much less any statement that could be characterized as an intentional threat that would create a fear of imminent violence.  *Walton v. State*, 477 S.W.2d 294, 295 (Tex. Crim. App. 1972) ("[T]he fear must arise from the conduct of the accused rather than the mere temperamental timidity of the victim…").  Further, as described above, Plaintiffs have failed to plead facts sufficient to state a conspiracy claim against Mr. Soros such that Mr. Soros could somehow be held liable for the actions of other parties, including other Defendants.  (*See* Part II(C), *supra*.)

In any event, the "threats" to which Plaintiffs refer in the Amended Complaint do not convey the threat of imminent harm necessary to state a claim for assault under Texas law. Plaintiff Pennie alleges only the conclusory statement that he "has been threatened with death and/or serious bodily harm by Defendants, acting alone and/or in concert."  (Am. Complaint ¶

15.)  Allegations such as these "supported by mere conclusory statements" are insufficient to state a claim.  *Iqbal*, 556 U.S. at 678.

Plaintiff Klayman alleges that he received a phone call from the New Black Panther Party and Black Lives Matter in which the caller allegedly said "You should be worried about the [safety of] you[r] whole goddamn family."  (Am. Complaint ¶ 16.)  Courts have found nearly identical vague "threats," which do not relate to imminent potential harm, insufficiently imminent to state a claim for assault.  *See, e.g., Payne v. Baker*, No. 4:14-CV-473-A, 2014 WL 5581314, at *3-4 (N.D. Tex. Nov. 3, 2014) (dismissing assault claim because defendant's statement that "it will be bad for [plaintiff's] entire family" if she told anyone about a previous alleged assault was "too vague and nebulous to imply any threat of imminent bodily harm"); *Cox v. Waste Mgmt. of Tex., Inc.*, 300 S.W.3d 424, 440 (Tex. App. 2009) (defendant's statements that he "would find [plaintiff] wherever [he] went" and that he "want[ed] to hurt [plaintiff]" were not sufficiently "imminent" and "at most, they express the potential for future harm.").

Under Florida law, "the elements of assault include an intentional threat by an act, coupled with an apparent ability to carry out the threat, that creates a fear of imminent violence." *Geovera Specialty Ins. Co. v. Hutchins*, 831 F. Supp.2d 1306, 1312 (M.D. Fla. 2011).  For the same reasons that Plaintiffs failed to plead an assault claim under Texas law, Plaintiffs' claim under Florida law must also fail.  *See, e.g., Newman v. Gehl Corp.*, 731 F. Supp. 1048, 1051 (M.D. Fla. 1990) ("Mere words or threats are not assault; they must be accompanied by acts or circumstances to put one in reasonable apprehension of *imminent* harmful or offensive contact to the person"); *Wiggs v. Courshon*, 355 F. Supp. 206, 208-09 (S.D. Fla. 1973) (finding no assault where, during an argument, defendant said to plaintiff "you black son-of-a-bitch, I will kill you,"

because "there was no movement whatsoever by the [defendant] toward any of the plaintiffs" that would create a fear of imminent peril).

Accordingly, Plaintiffs have failed to plead an assault claim against Mr. Soros under either Texas or Florida law, and their claim should be dismissed.

### E.     Plaintiffs Fail To State a Claim for Intentional Infliction of Emotional Distress.[15]

Under Texas law, intentional infliction of emotional distress is a tort "created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). The elements of a claim are: (1) that the defendant acted intentionally or recklessly; (2) that the defendant's conduct was extreme and outrageous; (3) that the actions of the defendant caused the plaintiff emotional distress; and (4) that the emotional distress suffered was severe. *Johnson v. Merrell Down Pharms., Inc.*, 965 F.2d 31, 33 (5th Cir. 1992). Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *GTE SW., Inc. v. Bruce,* 998 S.W.2d 605, 612 (Tex. 1999) (emphasis added).

The elements under Florida law are similar: "(1) [t]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotion[al] distress; and (4) the emotional distress was severe." *LeGrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. Dist. Ct. App. 2004).

---

[15]     Mr. Soros adopts the arguments as to this claim made by the United States of America and incorporates them as if fully set forth herein. (*See* Brief of United States of America's Motion to Dismiss at 29-31.)

Plaintiffs fail to adequately plead any of the four elements of a claim for intentional infliction of emotional distress against Mr. Soros. As described above, the only allegations in the Amended Complaint relating to Mr. Soros are that he donated money to Black Lives Matter and allegedly paid certain individuals to protest in Ferguson, Missouri. (Am. Complaint ¶¶ 162-68.) Nothing about this alleged conduct – i.e., donating money – could possibly suggest that Mr. Soros was acting intentionally or recklessly to cause emotional distress.

Moreover, such conduct does not even remotely approach the level of "extreme and outrageous" conduct that is required to plead a claim for intentional infliction of emotional distress. *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 564 (5th Cir. 1998) (to be "extreme and outrageous" the defendant's conduct must be "so extreme as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."); *Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994) ("The standard for 'outrageous conduct' is particularly high in Florida.").

Finally, Plaintiffs have not pled any facts to show that Mr. Soros' conduct caused Plaintiffs emotional distress, or that such distress was severe. The Amended Complaint contains no allegations specific to Mr. Soros on this point. Even Plaintiffs' non-specific allegations about "Defendants," which are merely conclusory statements that simply parrot the elements of the claim, do not adequately state a claim. (*See, e.g.,* Am. Complaint ¶¶ 251-56.) *See also Twombly*, 550 U.S. at 545 ("[A] formulaic recitation of the elements of a cause of action will not do[.]"); *Davis v. City of Garland*, No. 3:10-CV-2222-L, 2011 WL 1466163, at *7 (N.D. Tex. Apr. 15, 2011) (dismissing a claim for intentional infliction of emotional distress for merely "recit[ing] in formulaic and conclusory fashion the elements of the claims[.]").

**F.      Plaintiffs Fail To State a Claim Under Florida Statute 874, et Seq.[16]**

To state a civil claim pursuant to Florida's Criminal Gang Prevention Act, a plaintiff must show, "by clear and convincing evidence, coercion, intimidation, threats, or other harm to [the plaintiff] in violation of" the Criminal Gang Prevention Act.  Fla. Stat. Ann. § 874.06.  It is a violation of the Criminal Gang Prevention Act to "intentionally cause[], encourage[], solicit[], or recruit[] another person to become a criminal gang member" or to "knowingly initiate[], organize[], plan[], finance[], direct[], manage[] or supervise[] criminal gang-related activity." Fla. Stat. Ann. §§ 874.05, 874.10.  The statute defines a criminal gang as "a formal or informal ongoing organization, association, or group that has as one of its primary activities the commission of criminal or delinquent acts, and that consists of three or more persons who have a common name or common identifying signs, colors, or symbols, including, but not limited to, terrorist organizations and hate groups."  Fla. Stat. Ann. § 874.03(1).

Plaintiffs entirely fail to allege facts that would show that Mr. Soros or any of the other Defendants composed a "criminal gang" within the meaning of Florida's Criminal Gang Prevention Act.  The Florida statute provides specific and straightforward criteria for identifying a "criminal gang," none of which is pled in the Amended Complaint.  For example, Plaintiffs do not allege that Defendants composed a formal (or informal) organization, nor are there any allegations that would plead the hallmarks of a functioning group, such as an organizational structure or hierarchy.  There are also no allegations that Defendants used "a common name or common identifying signs, colors, or symbols" as required by the Florida statute.  Fla. Stat. Ann. § 874.03(1).  In fact, there are no allegations that Mr. Soros has ever even spoken to the other Defendants, and certainly not with respect to the supposed threats that give rise to Plaintiffs'

---

[16]      Mr. Soros adopts the arguments as to this claim made by the United States of America and incorporates them as if fully set forth herein.  (*See* Brief of United States of America's Motion to Dismiss at 27-28.)

alleged claims.  Merely slapping the label of "gang" on a group of individuals who may share certain political beliefs does not bring them within the scope of the statute.

Plaintiffs similarly fail to allege that Mr. Soros caused, encouraged, solicited, or recruited another person to become a criminal gang member, nor do they allege that Mr. Soros initiated, organized, planned, financed, directed, managed, or supervised criminal gang-related activity. Fla. Stat. Ann. §§ 874.05, 874.10.   Again, the *only* allegations in the Amended Complaint relating to Mr. Soros are that he (1) donated money to Black Lives Matter and other "radical, left wing groups"; and (2) paid certain individuals to protest in Ferguson, Missouri.  (Am. Complaint ¶¶ 162-68.)  Neither of those alleged activities constitute illegal gang activity under the Florida Criminal Gang Prevention Act.  This is because Plaintiffs have pled no facts that would support a finding that Black Lives Matter or any other group constitute a "criminal gang" under the Florida Criminal Gang Prevention Act.   Plaintiffs also have not pled that Mr. Soros acted with the necessary intent to violate the Florida statute.  *See, e.g., Enoch v. State*, 95 So.3d 344, 353 (Fla. Dist. Ct. App. 2012) (finding that defendant must act "intentionally" and "with knowledge that membership or continued membership [in the gang] is conditioned on the imminent commission of a crime.").  Finally, Plaintiffs' only other assertions are threadbare recitations of the elements of a claim under the Florida statute.  (*See* Am. Complaint ¶¶ 257-61.)  That type of formulaic pleading is precisely what the Supreme Court found insufficient in *Twombly* and *Iqbal*.  *Iqbal*, 556 U.S. at 680-81.   Plaintiffs' claim under the Florida Criminal Gang Prevention Act accordingly should be dismissed.

## III.  THE AMENDED COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER MR. SOROS.

Rule 12(b)(2) allows for dismissal of an action when the Court lacks personal jurisdiction over a defendant.  On a motion for lack of personal jurisdiction, the plaintiff bears the burden of

proving that a nonresident defendant is subject to the Court's jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Court should accept as true any uncontroverted allegations in the party's complaint, however the Court should not accept "merely conclusory" allegations as true. *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

"A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the state long-arm statute permits an exercise of jurisdiction, and (2) an exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment." *Delta Brands Inc. v. Danieli Corp.*, 99 Fed. Appx. 1, 3 (5th Cir. 2004). "Because the requirements of Texas' long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry 'is whether the district court's exercise of personal jurisdiction over the defendants would be consistent with due process.'" *Id.*

The Due Process Clause "operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). Before a court may exercise jurisdiction over an out-of-state defendant, the defendant must have "minimum contacts" with the forum state such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal quotations omitted). The defendant's contacts with the forum must be such that it is foreseeable that the defendant could "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The "minimum contacts" test can be met by contacts giving rise to either specific or general jurisdiction. *Johnston*, 523 F.3d at 6010. Specific personal jurisdiction exists when the

cause of action arises from the nonresident defendant's contacts with the forum state.  *Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).   General personal jurisdiction exists when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial.  *Id.*

Plaintiffs do not allege any facts that would subject Mr. Soros to specific jurisdiction in Texas.  Stripping away Plaintiffs' rhetoric and conclusory statements, the only factual allegations in the Amended Complaint relating to Mr. Soros are his purported financial contributions to Black Lives Matter and to certain protesters in Ferguson, Missouri.  (Am. Complaint ¶¶ 162-68.) Even assuming those allegations to be true for purposes of this motion, Plaintiffs do not allege that either of those actions have any connection to Texas whatsoever, much less that they would have led Mr. Soros to "reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp.*, 444 U.S. at 297.[17]   Put simply, Plaintiffs' threadbare allegations provide no basis for finding that Mr. Soros is subject to specific jurisdiction in Texas.

Similarly, Plaintiffs fail to allege any facts in the Amended Complaint that would subject Mr. Soros to general jurisdiction in Texas.  Instead, in one of the few allegations in the Amended Complaint that even mentions Mr. Soros, Plaintiffs acknowledge that Mr. Soros is a resident of New York state.  (Am. Complaint ¶ 9.)   At the pleading stage, Plaintiffs bear the burden of

---

[17]   Plaintiffs may argue, as they have in opposition to other Defendants' motions to dismiss, that specific jurisdiction is appropriate here because Texas is a "focal point" of the controversy that resulted from the vaguely-defined conspiracy that Plaintiffs appear to be alleging.   (*See, e.g.,* Plaintiffs' Opposition to Defendants Al Sharpton and National Action Network's Motion to Dismiss [ECF 60] at 10; Plaintiffs' Opposition to Defendant Louis Farrakhan's Motion to Dismiss [ECF 59] at 12.)  That "conspiracy theory of jurisdiction" has been squarely rejected by the Fifth Circuit and the Texas Supreme Court.  *Delta Brands Inc.*, 99 F. App'x at 6 ("To establish its prima facie case of specific jurisdiction, [plaintiff] was required to demonstrate that [defendant] individually, and not as part of the conspiracy, had minimum contacts with Texas."); *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995) ("[W]e decline to recognize [an] assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state.").   "Even with allegations of a conspiracy, the Court must still evaluate each of the Defendants' contacts separately to determine whether personal jurisdiction exists."  *GlobeRanger Corp. v. Software AG*, Civil Action No. 3-11-CV-0403-B, 2013 WL 1499357 at *3 (N.D. Tex. Apr. 12, 2013).

pleading a prima facie case establishing personal jurisdiction.  They have not done so, and therefore each of their claims must be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant George Soros respectfully requests this Court to dismiss the Amended Complaint in its entirety with prejudice as to Plaintiffs' claims against George Soros, and for any and further relief, at law or in equity, to which he is justly entitled.

Dated:  December 5, 2016

*/s/ Michael K. Hurst*

LYNN PINKER COX & HURST LLP
Michael K. Hurst
  State Bar No. 10316310
Jonathan R. Childers
  State Bar No. 24050411
Chisara Ezie-Boncoeur
   New York State Bar No. 5333224
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel:  (214) 981-3800
Fax:  (214) 981-3839
mhurst@lynnllp.com
jchilders@lynnllp.com
cezie-boncoeur@lynnllp.com


WILLKIE FARR & GALLAGHER LLP
Joseph T. Baio (admitted *pro hac vice*)
Benjamin P. McCallen (admitted *pro hac vice*)
Andrew Hanrahan (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Tel:  (212) 728-8000
Fax:  (212) 728-8111
jbaio@willkie.com
bmccallen@willkie.com
ahanrahan@willkie.com

4825-9254-0477, v.  1