**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

DEMETRICK PENNIE, et al,

Plaintiffs,

v.

LOUIS FARRAKHAN, et al

Defendants.

Civil Action No.: 3:16-cv-02010-L

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER OF APRIL 5, 2017**

Plaintiffs Demetrick Pennie and Larry Klayman ("Plaintiffs") submit the following in response to this Court's order of April 5, 2017 directing Plaintiffs to "file a brief…describing how the service purportedly effected on [Defendants Hillary Clinton, Nation of Islam, Black Lives Matter, and the New Black Panther Party] complies with Rule 4 of the Federal Rules of Civil Procedure."

**I. Applicable Law**

Under Rule 4(e), a party may serve an individual defendant by (a) delivering a copy of the complaint and summons to the defendant personally; (b) leaving a copy of each with someone of suitable age and discretion at the individual's dwelling place; or (c) delivering copies of each to an agent authorized to accept service of process. Fed. R. Civ. P. 4(e)(2). A corporation, partnership, or association may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a plaintiff may serve an individual or a corporation, partnership, or association by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); Fed R. Civ. P. 4(h)(1)(A).

## II. Legal Analysis

Defendants Hillary Clinton ("Defendant Clinton"), Nation of Islam ("Defendant NOI"), New Black Panthers Party ("Defendant NBPP"), and Black Lives Matter ("Defendant BLM") were all properly served under either the express provisions of Fed. R. Civ. P. 4, or under the state law applicable where the district court is located (Texas) or where service is made (District of Columbia, Illinois, Georgia, California).

### 1. Hillary Clinton

Defendant Clinton was served on January 18, 2017 through her "Attorney & Authorized Agent," David Kendall at Williams & Connolly, LLP, 725 12th St., NW, Washington, DC, 20005, contrary to the incorrect claims of her counsel as stated in Exhibit 2. *See* Exhibit 1, Affidavit of Brandon Snesko. On April 7, 2017, in an abundance of caution, counsel for Plaintiffs emailed Mr. Kendall to confirm that he also eliminated any dispute by accepting service on behalf of Defendant Clinton. On April 10, 2017, Mr. Kendall responded that he accepted service on behalf of Defendant Clinton in exchange for four weeks' time to respond to the complaint. Counsel for Plaintiffs consented. *See* Exhibit 2, Emails. As such, service was properly effected on Defendant Clinton and there is no issue about insufficiently of service of process.

**2. Nation of Islam**

Defendant NOI was served on January 18, 2017 to "John Doe as Minister of Nation of Islam at 7351 South Stony Island Ave., Chicago, IL, 60649." *See* Exhibit 3, Affidavit of Christopher Moore. According to Mr. Moore, he "spoke with a minister at the service address who would not accept the legal documents." He "drop-served the documents." Then, the "unidentified minister proceeded to follow [the] process server to the parking lot, where the service documents were then placed on the server's vehicle. Server removed them, leaving the documents in the parking lot before departing." Exhibit 3. Under Illinois law, a private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." 735 ILCS 5/2-204.

The Illinois Court of Appeals held in *Megan v. L. B. Foster Co*., 1 Ill. App. 3d 1036 (Ill. App. Ct. 2d Dist. 1971), that "service upon an intelligent clerk of a company who acts as a receptionist and who understood the purport of the service of summons was sufficient under the above quoted statutory provision dealing with service upon an agent." *Id*. at 1038. In *Megan*, the court held that service was properly made upon the receptionist of the defendant's company. *Id*. Illinois courts' reasoning on this issue appear to turn on whether the recipient of the legal documents understood the nature and importance of those documents. For instance, in *Jansma Transport, Inc. v. Torino Baking Co.,* 27 Ill. App. 2d 347 (Ill. App. Ct. 1st Dist. 1960), the court found that service was improper because service was made upon eighteen year old immigrant girl who was unfamiliar with the English language, who had been employed by defendant for only a month, whose duties were to receive returned loaves and to sell bread, and whose services were in no way related to the events out of which the litigation arose." *Id*. at 353.

Here, the "John Doe" that was served was a minister of the Nation of Islam, who was physically present at Defendant NOI's headquarters, and estimated to be 45-55 years old. This is in stark contrast to *Jansma*, where service was made to an eighteen-year-old immigrant girl who was unfamiliar with the English language. Furthermore, the "John Doe" served here clearly and unequivocally understood the importance and nature of the legal documents served, even "countering [falsely] that the documents needed to be addressed to a particular business or individual." The "John Doe" even followed the process server into the parking lot and placed the documents on the process server's vehicle. Exhibit 3. The only logical explanation for this behavior is that the "John Doe" served knew exactly what the legal documents were, and their purpose and importance. Otherwise, there would be absolutely no reason to try to willfully evade service, which was not surprisingly attempted here. Thus, service upon the "John Doe" was effective service upon Defendant NOI.

**3. Black Lives Matter**

Under California law, service of process may be effected by serving a defendants' private mail box at a commercial mail receiving agency ("CMRA"). Cal. Bus. Prof. Code § 17538.5(c) states that a CMRA shall not provide private mailbox receiving service to any customer until it…provides to that customer acknowledgement…which…authorizes the CMRA to act as an agent for service of process…." Furthermore:

> Every person receiving private mailbox receiving service from a CMRA in this state shall be required to sign an agreement, along with a USPS Form 1583, which authorizes the CMRA owner or operator to act as agent for service of process for the mail receiving service customer. Every CMRA owner or operator shall be required to accept service of process for and on behalf of any of their mail receiving service customers, and for two years after termination of any mail receiving service customer agreement

Cal. Bus. Prof. Code § 17538.5(d). Defendant BLM was properly served by delivering a copy of the required documents to Rasheed Mohammad, the owner or operator of the UPS Store at 19197 Golden Valley Road, #313, Canyon Country, CA, 91387 (the "UPS Store"). *See* Exhibit 4, *Affidavit of Julio Ascora*. Evidence that Defendant BLM uses the UPS Store as its registered agent for service of process is attached hereto as Exhibit 5. Defendant BLM used the UPS Store address to register as a 501(c)(3) non-profit organization. As such, service was properly made as to Defendant BLM under California law.

**4. New Black Panther Party**

Under O.C.G.A 9-11-4(e)(1), "…the Secretary of State shall be an agent of such corporation upon who any process, notice, or demand may be served." "Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service a copy of such process, notice, or demand, along with a copy of the affidavit to be submitted to the court pursuant to this Code section."

Here, Defendant NBPP was properly served by serving the Georgia Secretary of State, pursuant to O.C.G.A. 9-11-4(e)(1). Exhibit 6, *Affidavit of Chris Stanton*.

While most of these Defendants sought to evade service of process, they were successfully served pursuant to the law. In the case of Defendant Clinton, her counsel accepted service for her. It therefore is clear that service has been effected on all of them.

Dated: April 14, 2017

Respectfully submitted,

*/s/ Larry Klayman*

Larry Klayman, Esq.
FREEDOM WATCH, INC.
2020 Pennsylvania Ave N.W. #345

Washington, D.C. 20006
Tel: (561) 558-5336
Email: leklayman@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on April 14, 2017.

*/s/ Larry Klayman*
Attorney